SUSAN KOEHLER SULLIVAN, State Bar No. 156418
*Susan.Sullivan@clydeco.us*
BRETT C. SAFFORD, State Bar No. 292048
*Brett.Safford@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone:   (213) 358-7600
Facsimile:   (213) 358-7650

ALEC H. BOYD (SBN 161325)
*Alec.Boyd@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:   (415) 365-9800
Facsimile:   (415) 365-9801

ROBERT MANGINO (*pro hac vice* forthcoming)
*Robert.Mangino@clydeco.us*
CLYDE & CO US LLP
340 Mt. Kemble Avenue, Suite 300
Morristown, NJ 07960
Telephone:   (973) 210-6700
Facsimile:   (973) 210-6701

Attorneys for Plaintiff
SOMPO AMERICA INSURANCE COMPANY
(formerly known as Sompo Japan Insurance Company
of America)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America Inc.), a New Jersey corporation,<br><br>Defendant. | Case No.  2:25-cv-2832<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

For its Complaint, pursuant to pursuant to 28 U.S.C. §§ 1332 and 2201, Plaintiff SOMPO AMERICA INSURANCE COMPANY, a New York corporation, formerly known as SOMPO JAPAN INSURANCE COMPANY OF AMERICA (hereinafter "SOMPO"), alleges:

### NATURE OF THE ACTION

1.    Defendant LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America Inc.) (hereinafter "LX HAUSYS") is a manufacturer of stone products, such as countertops. LX HAUSYS is one of many defendants named in over 100 lawsuits by workers alleging bodily injuries – such as silicosis – arising from exposure to dust generated when fabricating stone products. (**Appendix 1** lists the "Silica Lawsuits" at issue in this action).

2.    Between August 1, 2011 and August 1, 2025, SOMPO sold twelve (12) insurance policies potentially providing Commercial General Liability coverage to LX HAUSYS (collectively, the "Policies").

3.    LX HAUSYS tendered the Silica Lawsuits to SOMPO for coverage under the Policies. While SOMPO has agreed to defend the Silica Lawsuits tendered to date, Sompo did so subject to reservation of Sompo's rights. In particular, SOMPO reserved the right to disclaim or limit coverage and withdraw its defense pursuant to the Policies' Silica Or Silica-Related Dust Exclusions, which bar coverage for "'Bodily injury' arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust'." SOMPO also reserved the right to disclaim or limit coverage and withdraw its defense pursuant to the Policies' Total Pollution Exclusions which bar coverage for "'Bodily injury' … which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time. …"

4.    SOMPO's reservation of rights further reserved its right to file an action for declaratory relief and/or reimbursement from LX HAUSYS for any sums

2

40261903

SOMPO paid for defense costs in connection with the lawsuits as well as the right to decline and/or withdraw coverage and seek reimbursement from LX HAUSYS. Accordingly, SOMPO has now brought this action seeking declaratory relief regarding the rights and obligations of the parties under the Policies and reimbursement of amounts it paid for uncovered defense expenses.

5.    Specifically, SOMPO contends it is entitled to declaratory judgment that there is no coverage under the Policies because, among other things, coverage is precluded by the Policies' Silica Or Silica-Related Dust Exclusions and the Total Pollution Exclusions. Sompo further contends the Silica Or Silica-Related Dust Exclusions bar coverage because the Silica Lawsuits are predicated upon allegations of "bodily injury" caused by inhalation and/or ingestion of "silica" and "silica-related dust" when working with LX HAUSYS's (and other defendants') products. Similarly, Sompo contends the Total Pollutions Exclusions bar coverage because the Silica Lawsuits alleged "bodily injury" caused by "pollutants," including but not limited to silica.

6.    Additionally, Sompo contends coverage for the Silica Lawsuits is also barred by other provisions of the Policies. For example, the Policies' Insuring Agreements require that any "bodily injury" is caused by an "occurrence" which the Policies define as an "accident." However, the Silica Lawsuits allege knowing and intentional conduct by LX HAUSYS, not that the alleged "bodily injuries" were the result of accidental conduct.

7.    Sompo contends that because the Policies do not afford coverage for the Silica Lawsuits, SOMPO is entitled to reimbursement from LX HAUSYS for all amounts SOMPO has paid towards uncovered defense expenses of the Silica Lawsuits.

## **PARTIES**

8.    Plaintiff SOMPO is organized and existing under the laws of the State of New York with its principal place of business in New York.

3

40261903

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant LX HAUSYS, is a New Jersey corporation, with its principal place of business in Alpharetta, Georgia, and at all material times hereto was doing business within the State of California and this District.

### JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 2201 because there is complete diversity of citizenship between SOMPO, on the one hand, and LX HAUSYS, on the other, and the amount in controversy exceeds $75,000 based on defense costs paid and the $2 million general aggregate limit of liability of each of the Policies in question.

11.     Venue for this action is proper in this District because (1) this action concerns coverage for multiple lawsuits filed and/or pending in the state courts located in this District and other Districts in the State of California in which LX HAUSYS is a defendant (*see* **Appendix** 1); (2) LX HAUSYS does business in this District; (3) the insurance policies at issue in this coverage dispute are specifically contemplated to provide coverage in the State of California pursuant to terms of California specific Endorsements and/or the listings of Schedules of Locations which include California locations; and (4) California law and public policy govern the relevant issues in dispute.

### FACTUAL ALLEGATIONS

**A.      The Insurance Policies At Issue**

12.     SOMPO issued the following policies providing primary level Commercial General Liability coverage to LX HAUSYS at issue in this coverage action:

/ / /

/ / /

/ / /

4

40261903

| Ex. | Policy Period | Policy Number | General Aggregate Limit |
|---|---|---|---|
| A | 08/01/2011 to 08/01/2012 | CPL40195R0 | $2,000,000.00 |
| B | 08/01/2012 to 08/01/2013 | CPL40195R0 | $2,000,000.00 |
| C | 08/01/2013 to 08/01/2014 | CPL40195R0 | $2,000,000.00 |
| D | 08/01/2014 to 08/01/2015 | CPL40195R0 | $2,000,000.00 |
| E | 08/01/2015 to 08/01/2016 | CPL40195R0 | $2,000,000.00 |
| F | 08/01/2016 to 08/01/2017 | CPL40195R0 | $2,000,000.00 |
| G | 08/01/2019 to 08/01/2020 | CPL40346U0 | $2,000,000.00 |
| H | 08/01/2020 to 08/01/2021 | CPL40346U0 | $2,000,000.00 |
| I | 08/01/2021 to 08/01/2022 | CPL40346U0 | $2,000,000.00 |
| J | 08/01/2022 to 08/01/2023 | CPL40346U0 | $2,000,000.00 |
| K | 08/01/2023 to 08/01/2024 | AGL30042360700 | $2,000,000.00 |
| L | 08/01/2024 to 08/01/2025 | AGL30042360701 | $2,000,000.00 |

True and correct copies of the Policies are attached hereto as **Exhibits A** through **L** and are fully incorporated by this reference.

40261903

13.     The Policies issued for the 2011-2012 and 2012-2013 policy periods contain Commercial General Liability Coverage Form CG 00 01 12 07 (© ISO Properties, Inc., 2006). The Policies issued from the 2013-2014 to the 2024-2025 policy periods contain a Commercial General Liability Coverage Form CG 00 01 04 13 (© Insurance Services Office, Inc., 2012). For example, the Insuring Agreement for Form CG 00 01 04 13 (© Insurance Services Office, Inc., 2012) states in part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

/ / /

6

40261903

(3) Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II ---- Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

7

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

14.     That same form defines "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15.     Each of the Policies contains a Silica Or Silica-Related Dust Exclusion endorsement  CG 21 96 03 05 (© ISO Properties, Inc., 2004) which states:

A. The following exclusion is added to **Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability**:

2. Exclusions

This insurance does not apply to:

**Silica Or Silica-Related Dust**

a. "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust".

/ / /

40261903

b. "Property damage" arising, in whole or in part, out of the actual, alleged, threatened or suspected contact with, exposure to, existence of, or presence of, "silica" or "silica-related dust".

c. Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.

. . .

C. The following definitions are added to the **Definitions** Section:

1. "Silica" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.

2. "Silica-related dust" means a mixture or combination of silica and other dust or particles.

16. Each of the Policies contain a Total Pollution Exclusion endorsement on either form CG 21 55 09 99 (© Insurance Services Office, Inc., 1998) or form CG 21 65 12 04 (© ISO Properties, Inc. 2003), which modifies the CGL Coverage Form to replace paragraph 2, Exclusion f., in part. For example, form CG 21 65 12 04, states, in part:

This insurance does not apply to:

**f. Pollution**

(1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for

9

1    the actual, alleged or threatened discharge,

2    dispersal, seepage, migration, release or escape

3    of "pollutants" at any time. ....

4

5    17.    As context, Commercial General Liability Coverage form CG 00 01 04

6    13 defines "Pollutants" to mean "any solid, liquid, gaseous or thermal irritant or

7    contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and

8    waste. Waste includes materials to be recycled, reconditioned or reclaimed."

9    **B.    The Lawsuits For Silica Exposure**

10    18.    Defendant LX HAUSYS is a named defendant in over 100 Silica

11    Lawsuits filed against it alleging harmful exposure to silica as a result of its silica-

12    containing stone products (*see* **Appendix 1** for a complete listing of the Silica

13    Lawsuits). The complaints in the Silica Lawsuits are public court records subject to

14    judicial notice and are incorporated by this reference herein. LX HAUSYS is not the

15    sole defendant in these actions, but one of a large group of defendants named. The

16    majority of the Silica Lawsuits were filed by the same plaintiffs' counsel and contain

17    similar if not identical allegations.

18    19.    By way of example, the complaint in one Silica Lawsuit captioned *Jose*

19    *Luis Rosales Soria And Virdiana Gomez v. Architectural Surfaces Group, LLC, et*

20    *al.*, Los Angeles County Superior Court case number 24STCV22918 (hereinafter, the

21    "Soria Action"), contains the following allegations:

22    <u>**STONE SLAB PRODUCTS AND THEIR TOXIC**</u>

23    <u>**CONSTITUENTS**</u>

24    53.    The defendants named herein were and/or are

25    the manufacturers, suppliers, distributors, importers,

26    brokers, and/or contractors of industrial stone products,

27    which are hereinafter called "stone products," "stone

28    slabs," stone blocks," "artificial stone," "natural stone,"

10

40261903

"silica-containing stone," and "treated natural stone." ….

….

57.    All stone products contain crystalline silica in varying concentrations from the lowest concentration of about 3-5% in marble to about 93-95% in traditional artificial stone.

58.    Stone slabs or blocks are commercial products that require fabrication prior to installation for a consumer.

59.    Cutting, grinding, drilling, chipping, edging, and/or polishing (collectively "fabricating") stone products produces large amounts respirable crystalline silica dust which stone fabrication workers inhale, typically causing chronic silicosis as well as lung cancer and various other silica-related diseases.

60.    Fabrication workers who cut, grind, drill, chip, edge, and/or polish artificial stone products are not only exposed to high concentrations of respirable crystalline silica, but are also exposed to other toxic substances in artificial stone, including metals used as pigments and polymeric resins as binders.

61.    In addition to crystalline silica, pulmonary fibrosis (scarring of the lung tissue) is caused by many metals that are constituents of artificial stone, including aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium. Some of these metals also cause an immunological lung disease called hypersensitivity pneumonitis characterized by granulomas in lung tissue that also causes pulmonary

11

40261903

1    fibrosis.

2    ….

3    63.    Workers fabricating artificial stone products

4    often develop progressive massive fibrosis due to high

5    concentrations of crystalline silica and other toxic

6    constituents of artificial stone.

7    ….

8    **GENERAL ALLEGATIONS**

9    ….

10    72.    From about 2019 to mid-2024, Plaintiff, JOSE

11    LUIS ROSALES SORIA, cut, round, drilled, edged,

12    polished, fabricated and/or installed Defendants' artificial

13    stone and natural stone products to become countertops in

14    kitchens and bathrooms. Plaintiff is informed and believes

15    and thereon alleges that the injuries from which he suffers

16    that are the subject of this action, were sustained in the

17    course of his work in the Los Angeles County, California,

18    cutting, fabricating, and/or installing stone products.

19    73.    Throughout the course of his work, Plaintiff,

20    JOSE LUIS ROSALES SORIA, worked with inherently

21    hazardous stone products manufactured, imported,

22    supplied, distributed, contracted, and/or brokered, by the

23    named Defendants and Does 1-100. Plaintiff, JOSE LUIS

24    ROSALES SORIA, was thereby exposed to and inhaled

25    stone dust containing silica and other toxins and

26    carcinogens, as well as artificial stone dust containing

27    respirable crystalline silica (including quartz and

28    cristobalite), metals (including aluminum, antimony,

12

arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium) and volatile organic compounds from polymeric resins and other binders (including phthalic anhydride, benzene, ethylbenzene, and toluene) emitted from these products.

74.    As a direct and proximate result of his exposure to silica, metals and other toxins within said stone products manufactured, distributed, supplied, contracted, and/or brokered by Defendants, Plaintiff, JOSE LUIS ROSALES SORIA, developed lung disease characterized by pulmonary nodules, silicosis, pulmonary fibrosis, progressive massive fibrosis, and other forms of lung damage, and therefore has a significantly increased risk of developing other silica-related diseases such as lung cancer, chronic kidney disease, and autoimmune disorders such as rheumatoid arthritis, systemic lupus erythematosus, and systemic sclerosis (scleroderma).

75.    As a direct and proximate result of his exposure to silica, metals and other toxins within said stone products manufactured, distributed, supplied, contracted, and/or brokered by Defendants, Plaintiff, JOSELUIS ROSALES SORIA, has had to receive medical treatment.

76.    Each of the stone products manufactured, imported, distributed, contracted, brokered and/or supplied by the named defendants and Does 1-100 were used by Plaintiff, JOSE LUIS ROSALES SORIA, as intended by Defendants in the course his work as a cutter, fabricator and/or installer of stone countertops. The foregoing

13

intended use of said products by Plaintiff, JOSE LUIS ROSALES SORIA, and his co-workers, resulted in the generation and release of toxic airborne dusts and particulates to which Plaintiff, JOSE LUIS ROSALES SORIA was exposed in the course of his work.

77.    As a result of his use of, and exposure to, the stone products of Defendants and Does 1-100 throughout his work in Southern California, Plaintiff, JOSE LUIS ROSALES SORIA, inhaled silica, metal dust, and other toxins from said product that were generated and released during the intended use of said toxic mineral products manufactured, distributed, contracted, brokered and/or supplied by Defendants.

….

**ARTIFICIAL STONE DEFENDANTS**

….

**LX HAUSYS AMERICA, INC.**

….

939.   On June 20, 2015 LG Hausys America, Inc. issued a Safety Data Sheet for Viatera® (Engineered Stone), which it described as an agglomerate of natural quartz and polyester resin. In section 3 of this Safety Data Sheet the company identified two hazardous ingredients: Quartz (≥90%) and Pigmented cured polyester (<10%).

….

946.   On January 17, 2020 LX Hausys America, Inc. issued a new Safety Data Sheet for Viatera (Engineered Stone). In Section 3 of the Safety Data Sheet,

14

LX Hausys identified three ingredients of the product: Crystalline Silica (Quartz) (≤93%), Pigmented cured polyester (<10%), and Polymethylmethacrylate (Polyester Resin Solution) (<10%). Like its 2015 Safety Data Sheet, this revised Safety Data Sheet does not mention the hazard of silicosis, but conceals this hazard in violation of the Hazard Communication Standard. While the 2020 Safety Data Sheet corrects the spelling of some misspelled words in the 2015 Safety Data Sheet and provides a Proposition 65 cancer hazard warning, it does not correct the inadequate health hazard warnings regarding silicosis and the inadequate and harmful use instructions of the 2015 Material Safety Data Sheet.

20.    Based on the above allegations and others, the Soria Action alleges causes of action for (1) Negligence, (2) Products Liability – Failure to Warn, (3) Products Liability – Design Defect, (4) Fraudulent Concealment, (5) Breach of Implied Warranties, and (6) Loss of Consortium.

21.    The plaintiffs' co-counsel in the Soria Action are the Metzger Law Group APLC and Brayton Purcell LLP. The complaints those firms have filed against LX HAUSYS include many similar and/or identical allegations regarding its alleged responsibility for their clients' exposure to silica and development of silicosis as those alleged in the Soria Action.

**C.    The Tender Of The Silica Lawsuits**

22.    Each of the Silica Lawsuits listed in **Appendix 1** have been tendered by LX HAUSYS to SOMPO for coverage. SOMPO has extended a defense for each of the tendered Silica Lawsuits subject to a reservation of rights, including the right to withdraw from the defense of LX HAUSYS and the right to file an action for declaratory relief and/or reimbursement from LX HAUSYS for any sums SOMPO

paid or may pay for uncovered legal expense of a Silica Lawsuit. SOMPO also specifically reserved the right to decline and/or withdraw coverage and seek reimbursement pursuant to the Insuring Agreement, the Silica Or Silica-Related Dust Exclusion, and the Total Pollution Exclusion, amongst other grounds.

## **FIRST CAUSE OF ACTION**

### **(Declaratory Relief –Outside the Scope of the Insuring Agreement)**

23.    SOMPO incorporates and re-alleges Paragraphs 1 through 22 above as though fully set forth herein.

24.    SOMPO has complied with all of its obligations and duties under the Policies, except those duties which have been excused by the breach or non-performance of LX HAUSYS.

25.    An actual controversy exists between SOMPO, on the one hand, and LX HAUSYS, on the other hand, relating to their respective rights and obligations under the Policies.

26.    SOMPO contends that the Silica Lawsuits do not fall within the basic scope of coverage under the Policies, including but not limited to the fact that the Silica Lawsuits are not predicated upon an "occurrence" within the meaning of the Policies because no "accident" is alleged, and the Silica Lawsuits also allege that LX HAUSY knew prior to the Policies' respective policy periods that the "bodily injuries" alleged in the Silica Lawsuits had occurred. Accordingly, SOMPO contends that the Silica Lawsuits do not fall within the scope of coverage of the Insuring Agreements at issue in the Policies.

27.    LX HAUSYS disputes these contentions.

28.    A declaratory judgment is necessary to determine the rights and obligations of the parties under the Policies as to this issue.

/ / /

/ / /

/ / /

40261903

## SECOND CAUSE OF ACTION

### (Declaratory Relief –Silica Or Silica-Related Dust Exclusions)

29.     SOMPO incorporates and re-alleges Paragraphs 1 through 22 above as though fully set forth herein.

30.     SOMPO has complied with all of its obligations and duties under the Policy, except those duties which have been excused by the breach or non-performance of LX HAUSYS.

31.     An actual controversy exists between SOMPO, on the one hand, and LX HAUSYS, on the other hand, relating to their respective rights and obligations under the Policies.

32.     SOMPO contends that the Silica Lawsuits are precluded from coverage because they fall within the Silica Or Silica-Related Dust Exclusion as the Silica Lawsuits clearly arise, in whole or part, out of the "actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust'" as they all allege facts relating to silica exposure and plaintiffs' manifesting silica or silica-related dust caused health conditions, including silicosis. Accordingly, SOMPO contends that coverage for the Silica Lawsuits is excluded from coverage.

33.     LX HAUSYS disputes these contentions.

34.     A declaratory judgment is necessary to determine the rights and obligations of the parties under the Policies as to this issue.

## THIRD CAUSE OF ACTION

### (Declaratory Relief –Total Pollution Exclusions)

35.     SOMPO incorporates and re-alleges Paragraphs 1 through 22 above as though fully set forth herein.

36.     SOMPO has complied with all of its obligations and duties under the Policies, except those duties which have been excused by the breach or non-performance of LX HAUSYS.

/ / /

17

40261903

37.     An actual controversy exists between SOMPO, on the one hand, and LX HAUSYS, on the other hand, relating to their respective rights and obligations under the Policies.

38.     SOMPO contends that the Silica Lawsuits are precluded from coverage because they fall within the Total Pollution Exclusions, as the Silica Lawsuits allege "Bodily injury" which "would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" Accordingly, SOMPO contends that coverage for the Silica Lawsuits is excluded from coverage.

39.     LX HAUSYS disputes these contentions.

40.     A declaratory judgment is necessary to determine the rights and obligations of the parties under the Policies as to this issue.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief –Other Policy Terms, Conditions, and Exclusions)**

41.     SOMPO incorporates and re-alleges Paragraphs 1 through 22 above as though fully set forth herein.

42.     SOMPO has complied with all of its obligations and duties under the Policies, except those duties which have been excused by the breach or non-performance of LX HAUSYS.

43.     An actual controversy exists between SOMPO, on the one hand, and LX HAUSYS, on the other hand, relating to their respective rights and obligations under the Policies.

44.     SOMPO contends and/or reserves all rights to contend that there is no coverage for the Silica Lawsuits due to the application of other terms, conditions, and exclusions of the Policies, including in light of new or additional information as it is obtained.

45.     LX HAUSYS disputes these contentions.

/ / /

18

40261903

46.    A declaratory judgment is necessary to determine the rights and obligations of the parties under the Policies as to this issue.

### FIFTH CAUSE OF ACTION

**(Reimbursement of Defense Costs)**

47.    SOMPO incorporates and re-alleges Paragraphs 1 through 22 above as though fully set forth herein.

48.    SOMPO has and will pay attorney fees and costs incurred for the defense of the Silica Lawsuits in excess $75,000.

49.    Because no potential for coverage has ever existed for the Silica Lawsuits, SOMPO is entitled to reimbursement from LX HAUSYS for all amounts it has paid for uncovered defense expenses.

50.    SOMPO has reserved the right to reimbursement, hereby demands reimbursement, has received no reimbursement, and if no reimbursement is forthcoming is entitled to a judgment awarding such reimbursement of all amounts to which no coverage was afforded under the insurance contract and which LX HAUSYS was unjustly enriched thereby.

### PRAYER

Wherefore, Plaintiff SOMPO prays for the following relief:

A.    A judicial declaration that no coverage is afforded for the Silica Lawsuits on the grounds that the Silica Lawsuits do not fall within the scope of the Insuring Agreement;

B.    A judicial declaration that coverage is precluded by the Silica Or Silica-Related Dust Exclusions in the Policies because the Silica Lawsuits allege "bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust."

C.    A judicial declaration that coverage is precluded by the Total Pollution Exclusions in the Policies because the Silica Lawsuits allege "bodily injury" which would not have occurred in whole or part but for the actual, alleged or threatened

40261903

1    discharge, dispersal, seepage, migration, release or escape of "pollutants."

2        D.    A judicial declaration that there is no coverage for the Silica Lawsuits

3    due to the application of other terms, conditions, and exclusions of the Policies.

4        E.    For reimbursement of all sums paid by SOMPO for uncovered defense

5    expenses in connection with the Silica Lawsuits;

6        F.    Costs;

7        G.    Prejudgment interest; and

8        H.    All other relief as the Court may deem just and proper.

9

10   Dated:  April 1, 2025                    CLYDE & CO US LLP

11

12                                      By:   */s/ Susan Koehler Sullivan*
13                                          Susan Koehler Sullivan
                                            Brett C. Safford
14                                          Alec H. Boyd
                                            Robert Mangino (*pro hac vice* forthcoming)
15                                          Attorneys for Plaintiff
16                                          SOMPO AMERICA INSURANCE
                                            COMPANY (formerly known as Sompo Japan
17                                          Insurance Company of America)

18

19

20

21

22

23

24

25

26

27

28

20

40261903

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure,

3    SOMPO demands a jury trial on all issues triable of right by a jury.

4

5    Dated:  April 1, 2025              CLYDE & CO US LLP

6

7                                      By:  _/s/ Susan Koehler Sullivan_
                                           Susan Koehler Sullivan
8                                          Brett C. Safford
9                                          Alec H. Boyd
                                           Robert Mangino (*pro hac vice* forthcoming)
10                                         Attorneys for Plaintiff
                                           SOMPO AMERICA INSURANCE
11                                         COMPANY (formerly known as Sompo Japan
                                           Insurance Company of America)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

40261903

# APPENDIX 1
# LIST OF SILICA LAWSUITS

1.   *Daniel Morales Aguilar v. Alicante Surfaces Pvt. Ltd., et al.*
     Los Angeles Sup. Ct., Case No. 24STCV20124

2.   *Avila, et al. v Antolini Luigi & CSPA, et al.*
     Orange County Sup. Ct., Case No. 30-2024-01396482-CU-TT-CXC

3.   *Barajas-Salomon v 101 Granite Countertop LLC, et al.*
     Los Angeles Sup. Ct., Case No. 24STCV01615

4.   *Boulware v. ABC Tile, Inc., et al.*
     San Francisco Sup. Ct., Case No. CGC-24-614378

5.   *Bustillo v. Antolini Luigi & C. S.P.A., et al.*
     San Francisco Sup. Ct., Case No. CGC-24-614357

6.   *Bustos-Mondragon, et al. v Antolini Luigi & CSPA, et al.*
     Los Angeles Sup. Ct., Case No. 23STCV01424

7.   *Cardenas, et al. v All Natural Stone Burlingame, Inc., et al.*
     San Francisco Sup. Ct., Case No. CGC-24-615696

8.   *Julio Gomez Carrero v. Architectural Surfaces Group, LLC, et al.*
     Los Angeles Sup. Ct., Case No. 24STCV20969

9.   *Castillo v Alicante Stone, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 24STCV17052

10.  *De Los Santos v. 1605578 Ontario Inc., et al.*
     Orange County Sup. Ct., Case No. 30-2024-01392209-CU-TT-CXC

11.  *Demetrio Luna-Reyes, et al. v. Architectural Surfaces, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 23STCV00238

12.  *Juan Sanchez Diaz v. Aaroha Radiant Marble & Granite Slabs, et al.*
     Los Angeles Sup. Ct., Case No. 24STCV21824

13.  *Elio Enai Esquivel Rivera, et al. v. 405 Cabinets, Inc., et al.*
     Orange County Sup. Ct., Case No. 30-2024-01413168-CU-TT-CXC

40261903

14. *Estrella-Moreno, et al. v. All Natural Stone Burlingame, Inc., et al.*
    San Francisco Sup. Ct., Case No. CGC-23-605643

15. *Evans v. Alicante Surfaces PVT, LTD, et al.*
    Circuit Court of State of Oregon, Multnomah County, Case No. 24CV20629

16. *Figueroa Lopez, et al. v. Architectural Surfaces Group, LLC*
    San Francisco Sup. Ct., Case No. CGC-24-611712

17. *Gallegos-Botello, et al. v. Architectural Surfaces, Inc., et al.*
    Los Angeles Sup. Ct., Case No. 23STCV06368

18. *Garcia-Rosas, et al. v. Architectural Surfaces, Inc., et al.*
    Los Angeles Sup. Ct., Case No. 22STCV39957

19. *Adan Gomez Rivera v. ADB Global Trade LLC, et al.*
    Los Angeles Sup. Ct., Case No. 23STCV01612

20. *Ana Gonzalez v Adb Global Trade LLC, et al.*
    Los Angeles Sup. Ct., Case No. 21STCV06984

21. *Gonzalez-Castanon v. Alpha Tile & Stone, Inc., et al.*
    Orange County Sup. Ct., Case No. 30-2024-01374472-CU-TT-CXC

22. *Mynor Lopez-Gonzalez, et al. v. Alpha Tile & Stone, Inc., et al.*
    Orange County Sup. Ct., Case No. 30-2023-01316441-CU-TT-CXC

23. *Jose Gutierrez-Rivero v. Alicante Stone, Inc., et al.*
    Los Angeles Sup. Ct., Case No. 24STCV21794

24. *Tyler Jordan, et al. v. Arizona Tile, LLC, et al.*
    District Court, Denver County, Colorado, Case No. 20204CV31180

25. *Maciel, et al. v Arizona Tile, LLC, et al.*
    Los Angeles Sup. Ct., Case No. 23STCV12007

26. *Martir-Navarro, et seq. v Alpha Tile and Stone, Inc., et al.*
    Orange County Sup. Ct., Case No. 30-2023-01370092-CU-TT-CXC

27. *Medina, et al. v Antolini Luigi & CSPA. et al.*
    Los Angeles Sup. Ct., Case No. 24STCV17052

23

28.  *Melendez-Murillo, et al. v. AKG Trading (USA), Inc., et al.*
     Los Angeles Sup. Ct., Case No. 23STCV08596

29.  *Menera-Servin, et seq. v 101 Granite Countertop LLC, et al.*
     Los Angeles Sup. Ct., Case No. 24STCV05591

30.  *Merida, et al. v Agoura Hills Marble and Granite, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 24STCV11894

31.  *Montoya-Bautista, et al. v. Architectural Surfaces, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 23STCV11727

32.  *Moz-Murcia v. Architectural Surfaces, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 23STCV06384

33.  *Ojeda-Alverdin, et al. v. Agoura Hills Marble and Granite, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 23STCV31679

34.  *Oscar Alvarado Ortiz v. Architectural Surfaces, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 23STCV06568

35.  *Jesus Zarate Perez, et al. v. Antolini Luigi & S. .S.P.A., et al.*
     Orange County Sup. Ct., Case No. 30-2024-0146500-CU-TT-CXC

36.  *Quiroz v American Marble & Onyx Company, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 24STCV01477

37.  *Pablo Antonio Rangel-Aquilar, et al. v. AMG Stone Inc., et al.*
     Los Angeles Sup. Ct., Case No. 24STCV19194

38.  *J. Guadalupe Reyes-Cuevas, et al. v. Alpha Tile & Stone, Inc., et al.*
     Los Angeles Sup. Ct., Case No. 23STCV00260

39.  *Rivas-Williams v. A & A Granite Marble, et al.*
     Los Angeles Sup. Ct., Case No. 23STCV08523

40.  *Salmeron v AC Stone Group PTY Ltd., et al.*
     San Francisco Sup. Ct., Case No. CGC-24-614256

24

41. *Luis Miguel Puentes Sanchez, et al. v. Aaroha Radiant Marble & Granite Slabs, et al.*
Los Angeles Sup. Ct., Case No. 24STCV18692

42. *Segura-Meza, et al. v. Agoura Hills Marble and Granite, Inc., et al.*
Los Angeles Sup. Ct., Case No. 22STCV38729

43. *Serrano v Antolini Luigi & CSPA., et al.*
San Francisco Sup. Ct., Case No. CGC-24-614333

44. *Wendy Viridiana Solano-Claustro, et al. v. Adb Global Trade, LLC, et al.*
Los Angeles Sup. Ct., Case No. 23STCV11602

45. *Soto-Rodriguez, et al. v. AKG Trading (USA), Inc., et al.*
Los Angeles Sup. Ct., Case No. 23STCV08440

46. *William Landa Verde v. Angel of Stone, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV19012

47. *Acevedo v. Angel of Stone, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV18847

48. *Castanon, et al. v. Antolini Luigi & C.S.P.A., et al.*
Orange County Sup. Ct., Case No. 30-2024-01420443-CU-TT-CXC

49. *Orozco, et al. v. Antolini Luigi & C. S.P.A., et al.*
Los Angeles Sup. Ct., Case No. 24STCV22677

50. *Soria, et al. v. Architectural Surfaces Group, LLC, et al.*
Los Angeles Sup. Ct., Case No. 24STCV22918

51. *Didier Francisco Alvarez Soto et al v. Angel of Stone, Inc. et al.*
Los Angeles Sup. Ct., Case No. 24STCV23021

52. *Hugo Montoya Bautista et al v AMG Stone Inc. et al.*
Los Angeles Sup. Ct., Case No. 24STCV25416

53. *Martin Angel De La Cruz Bazan et al v. Antolini Luigi & C.S.P.A., et al.*
Los Angeles Sup. Ct., Case No. 24STCV24107

25

40261903

54. *Martin Cardona-Alcaraz et al v. Architectural Surfaces Group, LLC et al.*
Los Angeles Sup. Ct., Case No. 24STCV23567

55. *Ismael Manzano Chavarria v Angel of Stone, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV25222

56. *Eleazar Resendiz Cortes, et al v Antolini Luigi & C.S.P.A., et al*
Los Angeles Sup. Ct., Case No. 24STCV25458

57. *Gerinson Reyes Gonzalez, et al v Antolini Luigi & C.S.P.A., et al.*
Los Angeles Sup. Ct., Case No. 24STCV25604

58. *Rodolfo Hernandez Herrera, et al v Alicante Surfaces, PFT. LTD, et al.*
Los Angeles Sup. Ct., Case No. 24STCV26071

59. *Enriqe Zarate Perez, et al v AC Stone Group, PTY LTD, et al.*
Orange County Sup. Ct., Case No. 30-2024-01423007-CU-TT-CXC

60. *Fernando Salmeron Reyes, et al v ASN Natural Stone, Inc., et al.*
San Francisco Sup. Ct., Case No. CGC-24-617927

61. *Fabiola Salmeron Reyes, et al v Integrated Resources Group, Inc., et al.*
San Francisco Sup. Ct., Case No. CGC-24-617972

62. *Gerardo Reyes et al v AMG Stone Inc. et al.*
Los Angeles Sup. Ct., Case No. 24STCV24490

63. *Eric Reyes-Barriga et al v Angel of Stone, Inc. et al.*
Los Angeles Sup. Ct., Case No. 24STCV25868

64. *David Partida Rivas et al v Angel of Stone, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV26130

65. *Evelin Liseth Gonzalez Rodriguez et al v. Architectural Surfaces Group LLC, et al.*
Los Angeles Sup. Ct., Case No. 23STCV29755

66. *Edgardo Ivan Quintanilla Turcios v Alicante Surfaces PFT. LTD, et al.*
Los Angeles Sup. Ct., Case No. 24STCV25867

40261903

67.  *Lorenzo Quintero Ruiz v. Angel of Stone, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV24391

68.  *Fernando Abgrego Perez v. All Natural Stone Berkeley, Inc., et al.*
San Francisco Sup. Ct., Case No. CGC-24-619192

69.  *Jose Alberto Gonzalez-Quiroz, et al. v. Antolini Luigi & C.S.P.A., et al.*
Los Angeles Sup. Ct., Case No. 24STCV28180

70.  *Jesus Garcia Ruiz, et al. v. All Natural Stone Burlingame, Inc., et al.*
San Francisco Sup. Ct., Case No. CGC-24-619264

71.  *Javier Rojas Solorzano, et al. v. Anaheim Stone Works, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV28667

72.  *Wilmer Eliser Ayala Hernandez v. Architectural Surfaces Group, LLC*
Los Angeles Sup. Ct., Case No. 24STCV28216

73.  *Tomas Blanco Maciel v. Abba Distributors, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV23289

74.  *Uriel Salamanca Lopez v. All Natural Stone Burlingame, Inc., et al.*
San Franscisco Sup. Ct., Case No. CGC-24-619618

75.  *Jose Luis Luna Reyes v. Architectural Surfaces Group, LLC, et al.*
Los Angeles Sup. Ct., Case No. 24STCV29521

76.  *Alejandro Morales Sanchez, et al. v. Angel of Stone, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV29059

77.  *Mitchell D. Boulware v. ABC Tile, Inc., et al.*
San Francisco Sup. Ct., Case No. CGC-24-619253

78.  *Claudia Yesenia Lopez Matias De Esquivel v. A&A Granite, et al.*
Orange County Superior Court, Case No. 30-2024-01435405-CU-TT-CXC

79.  *Jose Hernan Solares v. Aaroha Radiant Marble & Granite Slabs*
Orange County Superior Court, Case No. 30-2024-01436300-CU-TT-CXC

27

40261903

80. *Luis Arturo Magana Sanchez, Guadalupe Saucedo v. Antolini Luigi & C. S.P.A. et al.*
Los Angeles Sup. Ct., Case No. 24STCV28707

81. *Dennis Alexis Guillen Guzman and Iris Carolina Alberto v. Angel of Stone, Inc. et al.*
Los Angeles Sup. Ct., Case No. 24STCV31995

82. *Adan Garcia Ortiz, Patricia Gavino Franco v. All Natural Stone Burlingame, Inc. et al.*
San Francisco Sup. Ct., Case No. CGC-24-620023

83. *David Olmedo Cruz v. A&A Granite & Quartz Countertops Inc., et al.,*
Los Angeles Sup. Ct., Case No. 24STCV31227

84. *Karapet Shlaryan v. Antolini Luigi & C. S.P.A. et al.*
Los Angeles Sup. Ct., Case No. 24STCV30826

85. *Rodolfo Sosa and Maria Guadalupe Soto v. Angel of Stone, Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV32291

86. *Edgar Andres Mendez Romero and Elizabeth Farfiaz v. AC Stone Group Pty Ltd., et al.*
Los Angeles Sup. Ct., Case No. 24STCV30872

87. *Jesus Ruben Garcia Olvera and Veronica Placencia v. Antolini Luigi & C. S.P.A. et al.*
Los Angeles Sup. Ct., Case No. 24STCV30982

88. *Bictor Reyes Anguiano v. Angel of Stone, Inc. (FKA Marble Unlimited, Inc.) et al.*
Orange County Sup. Ct., Case No. 30-2024-01436094-CU-TT-CXC

89. *Rodrigo Martinez and Raquel Martinez v. Architectural Surfaces Group, LLC, et al.*
Orange County Sup. Ct., Case No. 30-2024-01439717-CU-TT-CXC

90. *Jonatan Manzano-Galindo and Legna Moreno v. AKG Trading (USA), Inc., et al.*
Los Angeles Sup. Ct., Case No. 24STCV33164

40261903

91. *Aramis Miguel Carmona Garizao v. Aaroha Radiant Marble & Granite Slabs, et al.*
Orange County Sup. Ct., Case No. 30-2024-01143735-CU-TT-CXC

92. *Juan Francisco Abarca Vejar v. Antolini Luigi & C. S.P.A et al.*
Orange County Sup. Ct., Case No. 30-2024-01447403-CU-TT-CXC93

93. *Eligio Morales Sanchez and Mayra Morales v. Antolini Luigi & C. S.P.A. et al.*
Los Angeles Sup. Ct., Case No. 24STCV32207

94. *Manuel De Jesus Turcios Arevalo and Gloria Midey Turcios v. Angel of Stone et al.*
Los Angeles Sup. Ct., Case No. 24STCV33716

95. *Marco Vinicio Godinez Gomez and Maria Chavez v. Antolini Luigi & C. S.P.A.*
Los Angeles Sup. Ct., Case No. 25STCV01095

96. *Filiberto Martinez Rodriguez and Guadalupe Avalos v. AKG Trading (USA), Ind. et al.*
Los Angeles Sup. Co., Case No. 25STCV00980

97. *Ernesto Figueroa and Rosa Figueroa v. Architectural Surfaces Group, LLC, et al.*
Los Angeles Sup. Co., Case No. 24STCV01658

98. *Jose Manuel Ruiz and Marisa Cardenas v. AC Stone Group Pty Ltd.*
Los Angeles Sup. Co., Case No. 24STCV25424

99. *Isaias Maldonado Garcia and Sabina Maldonado v. Architectural Surfaces Group, LLC*
Los Angeles Sup. Co., Case No. 24STCV33688

100. *Victor Torres Orozco and Sonia Venegas v. Antolini Luigi & C. S.P.A. et al.*
Los Angeles Sup. Co., Case No. 25STCV02326

101. *Juan Manuel Sandoval v. Angel of Stone, Inc. (FKA Marble Unlimited, Inc.), et al.*
Los Angeles Sup. Co., Case No. 25STCV03223

29

40261903

102. *Pedro Santos and Ana Portales v. A&A Granite & Quartz Countertops Inc., et al.*
Los Angeles Sup. Co., Case No. 25STCV03306

103. *Ricardo Gomez and Dalia Manzano v. Architectural Surfaces Group, LLC, et al.*
Los Angeles Sup. Co., Case No. 25STCV03892

104. *Andres Meza and Erica Meza v. Angel of Stones, Inc. (FKA Marble Unl., Inc.), et al.*
Los Angeles Sup. Co., Case No. 25STCV03500

40261903