REYNOLD L. SIEMENS (SBN 177956)
rsiemens@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

HAKEEM S. RIZK (SBN 326438)
hrizk@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Defendant LX Hausys America, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys American Inc.), a New Jersey corporation,<br><br>Defendant. | Case No. 2:25-cv-2832-JFW-MAA<br><br>**DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>District Judge:   John F. Walter<br>Magistrate Judge:   Maria A. Audero<br><br>Complaint Filed:   April 1, 2025 |

Defendant LX Hausys America, Inc. ("LX Hausys"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the Complaint, filed against it in this action by Plaintiff Sompo America Insurance Company ("Sompo").

## NATURE OF THE ACTION[1]

1.      LX Hausys admits that it is a manufacturer of certain stone products such as countertops and that it was one of many defendants named in over 100 lawsuits by individuals alleging bodily injuries.  Insofar as the allegations in Paragraph 1 characterize the complaints and actions in the underlying lawsuits, which documents and pleadings speak for themselves, no response is required.  LX Hausys respectfully refers the Court to the underlying complaints and record for their true and complete content and meaning.  In addition, LX Hausys denies that Appendix 1 to Sompo's Complaint is a complete listing of all the underlying bodily injury lawsuits at issue in this action and denies that Appendix 1 is accurate in all respects.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 1.

2.      LX Hausys admits that it purchased commercial general liability policies from Sompo for periods between August 1, 2011 and August 1, 2025.  Those policies speak for themselves, and therefore, no response is required.  Insofar as a response is required, LX Hausys respectfully refers the Court to the policies for their true and complete content, forms, and meaning.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 2.

3.      The allegations in Paragraph 3 purport to state legal conclusions and do not require a response.  Insofar as a response is required, LX Hausys admits that all of the underlying bodily injury lawsuits listed in Appendix 1 to Sompo's Complaint have been tendered to Sompo for coverage and that Sompo has agreed to defend each of those underlying lawsuits subject to a reservation of rights.  LX Hausys denies the remaining

---

[1] Headings in this Answer repeat the headings used by Sompo in its Complaint solely for the convenience of the Court.  LX Hausys is not admitting the significance, substance, accuracy, or relevance of any of Sompo's chosen headings.

allegations of Paragraph 3, including, but not limited to, Sompo's characterization that LX Hausys tendered for coverage and that Sompo agreed to defend only the underlying lawsuits listed in Appendix 1 to Sompo's Complaint.  LX Hausys has tendered to Sompo additional underlying bodily injury lawsuits not listed in Appendix 1 for coverage and Sompo has agreed to defend those additional lawsuits subject to a reservation of rights. Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 3.

4. LX Hausys admits that Sompo seeks the relief referenced in Paragraph 4. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 4.

5. The allegations in Paragraph 5 purport to state legal conclusions and do not require a response.  Insofar as a response is required, LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 5 and that those contentions are wrong. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 5.

6. The allegations in Paragraph 6 purport to state legal conclusions and do not require a response.  Insofar as a response is required, LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 6 and that those contentions are wrong. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 6.

7. The allegations in Paragraph 7 purport to state legal conclusions and do not require a response.  Insofar as a response is required, LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 7, which are wrong, and that Sompo seeks the relief referenced in Paragraph 7, to which it is not entitled.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 7.

**<u>PARTIES</u>**

8. LX Hausys lacks information sufficient to enable it to respond to the allegations of Paragraph 8, and on that basis, they are denied.

9. Admitted.

**<u>JURISDICTION AND VENUE</u>**

10. Admitted.

11. Paragraph 11 purports to set forth a legal assertion that does not warrant a

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

response.  To the extent that Paragraph 11 is determined to contain factual allegations to which a response is required, they are denied.

## FACTUAL ALLEGATIONS

12. LX Hausys admits that it purchased commercial general liability policies from Sompo and that what appear to be true and correct copies of those policies as issued by Sompo are attached to Sompo's Complaint as Exhibits A through L.  The policies speak for themselves.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 12.

13. Paragraph 13 characterizes insurance policy documents that speak for themselves and for which no response is required.  Insofar as a response is required, LX Hausys admits only that the language quoted appears to be selective but generally accurate quotation of the language from forms within certain of Sompo's policies.  LX Hausys respectfully refers the Court to the policies for their true and complete content, forms, and meaning.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 13.

14. Paragraph 14 characterizes insurance policy documents that speak for themselves and for which no response is required.  Insofar as a response is required, LX Hausys admits only that the language quoted appears to be accurately quoted from forms within certain of Sompo's policies.  LX Hausys respectfully refers the Court to the policies for their true and complete content, forms, and meaning.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 14.

15. Paragraph 15 characterizes insurance policy documents that speak for themselves and for which no response is required.  Insofar as a response is required, LX Hausys admits only that the language quoted is a selective but generally accurate quotation of the language within the policies' silica exclusion.  LX Hausys respectfully refers the Court to the policies for their true and complete content, forms, and meaning.  LX Hausys further denies that any silica exclusion within Sompo's policies applies to preclude coverage for the underlying bodily injury lawsuits.  Except as expressly

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

admitted, LX Hausys denies the allegations contained in Paragraph 15.

16.     Paragraph 16 characterizes insurance policy documents that speak for themselves and for which no response is required.  Insofar as a response is required, LX Hausys admits only that the language quoted is a selective but generally accurate quotation of the language within the policies' pollution exclusion.  LX Hausys respectfully refers the Court to the policies for their true and complete content, forms, and meaning.  LX Hausys further denies that any pollution exclusion within Sompo's policies applies to preclude coverage for the underlying bodily injury lawsuits.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 16.

17.     Paragraph 17 characterizes insurance policy documents that speak for themselves and for which no response is required.  Insofar as a response is required, LX Hausys admits only that the language quoted appears to be accurately quoted from forms within certain of Sompo's policies.  LX Hausys respectfully refers the Court to the policies for their true and complete content, forms, and meaning.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 17.

18.     The allegations of Paragraph 18 either characterize complaints from the underlying bodily injury lawsuits, which are documents that speak for themselves, or assert legal conclusions, and, therefore, no response is required.  Insofar as a response is required, LX Hausys admits that it is one of many defendants named in the bodily injury lawsuits listed in Appendix 1 to Sompo's Complaint.  LX Hausys denies that Appendix 1 to Sompo's Complaint is a complete listing of all the underlying bodily injury lawsuits at issue in this action and denies that Appendix 1 is accurate in all respects.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 18.

19.     Paragraph 19 quotes selective allegations from the operative complaint in the matter captioned *Jose Luis Rosales Soria And Virdiana Gomez v. Architectural Surfaces Group, LLC, et al.* in Los Angeles Superior Court (the *Soria* Action), and thus characterizes a document, which speaks for itself and for which no response is required.  Insofar as a response is required, LX Hausys denies that Sompo's characterization is

4

complete or accurate.  LX Hausys admits only that language quoted by Sompo is a selective but generally accurate quotation of that document.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 19.

20.    Paragraph 20 asserts selective causes of action from the complaint in the *Soria* Action, and thus characterizes a document, which speaks for itself and for which no response is required.  Insofar as a response is required, LX Hausys denies that Sompo's characterization is complete or accurate.  LX Hausys admits only that Sompo appears to accurately identify selective portions of the causes of action asserted in that document.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 20.

21.    Paragraph 21 characterizes complaints from the underlying bodily injury lawsuits, which are documents that speak for themselves, and, therefore, no response is required.  Insofar as a response is required, LX Hausys lacks information sufficient to enable it to respond to the allegations of Paragraph 21 regarding underlying plaintiffs' counsel.  LX Hausys denies that Sompo's characterization of the complaints and allegations from the underlying bodily injury lawsuits is complete or accurate.  Any remaining allegations in Paragraph 21 are denied.

22.    As to the allegations of Paragraph 22, LX Hausys admits that all of the underlying lawsuits listed in Appendix 1 to Sompo's Complaint have been tendered to Sompo for coverage.  LX Hausys further admits that Sompo has agreed to defend each of those underlying lawsuits subject to a reservation of rights.  LX Hausys denies the remaining allegations of Paragraph 22, including, but not limited to, Sompo's characterization that LX Hausys tendered for coverage and that Sompo agreed to defend only the underlying lawsuits listed in Appendix 1 to Sompo's Complaint.  LX Hausys has tendered to Sompo additional underlying bodily injury lawsuits for coverage and Sompo has agreed to defend those additional lawsuits.  Except as expressly admitted, LX Hausys denies the allegations contained in Paragraph 22.

//

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

## FIRST CAUSE OF ACTION

**(Declaratory Relief –Outside the Scope of the Insuring Agreement)**

23. LX Hausys repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

24. Paragraph 24 purports to contain legal assertions that do not warrant a response. To the extent that Paragraph 24 is determined to contain any factual allegations to which a response is required, they are denied.

25. As to the allegations of Paragraph 25, LX Hausys admits only that Sompo seeks a declaration of no coverage on the bases alleged. LX Hausys disputes Sompo's contentions and denies that Sompo is entitled to any relief in this action. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 25.

26. LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 26 and that those contentions are wrong. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 26.

27. Admitted.

28. LX Hausys admits that Sompo seeks the relief referenced in Paragraph 28. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 28.

## SECOND CAUSE OF ACTION

**(Declaratory Relief–Silica Or Silica-Related Dust Exclusions)**

29. LX Hausys repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

30. Paragraph 30 purports to contain legal assertions that do not warrant a response. To the extent that Paragraph 30 is determined to contain any factual allegations to which a response is required, they are denied.

31. As to the allegations of Paragraph 31, LX Hausys admits only that Sompo seeks a declaration of no coverage on the bases alleged. LX Hausys disputes Sompo's contentions and denies that Sompo is entitled to any relief in this action. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 31.

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

32.    LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 32 and that those contentions are wrong.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 32.

33.    Admitted.

34.    LX Hausys admits that Sompo seeks the relief referenced in Paragraph 34. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 34.

## THIRD CAUSE OF ACTION

### (Declaratory Relief–Total Pollution Exclusions)

35.    LX Hausys repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

36.    Paragraph 36 purports to contain legal assertions that do not warrant a response.  To the extent that Paragraph 36 is determined to contain any factual allegations to which a response is required, they are denied.

37.    As to the allegations of Paragraph 37, LX Hausys admits only that Sompo seeks a declaration of no coverage on the bases alleged.  LX Hausys disputes Sompo's contentions and denies that Sompo is entitled to any relief in this action.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 37.

38.    LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 38 and that those contentions are wrong.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 38.

39.    Admitted.

40.    LX Hausys admits that Sompo seeks the relief referenced in Paragraph 40. Except as expressly admitted, LX Hausys denies the allegations of Paragraph 40.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief–Other Policy Terms, Conditions, and Exclusions)

41.    LX Hausys repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

42.    Paragraph 42 purports to contain legal assertions that do not warrant a

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

response.  To the extent that Paragraph 42 is determined to contain any factual allegations to which a response is required, they are denied.

43.    As to the allegations of Paragraph 43, LX Hausys admits only that Sompo seeks a declaration of no coverage on the bases alleged.  LX Hausys disputes Sompo's contentions and denies that Sompo is entitled to any relief in this action.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 43.

44.    LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 44 and that those contentions are wrong.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 44.

45.    Admitted.

46.    LX Hausys admits that Sompo seeks the relief referenced in Paragraph 46.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 46.

### FIFTH CAUSE OF ACTION

### (Reimbursement of Defense Costs)

47.    LX Hausys repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

48.    LX Hausys admits that Sompo has paid some (and will pay) attorney fees and costs incurred for the defense of the underlying bodily injury lawsuits in excess of $75,000.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 48, including those concerning Sompo's characterization of the underlying bodily injury lawsuits.

49.    LX Hausys admits that Sompo makes the legal contentions set forth in Paragraph 49 and that those contentions are wrong.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 49.

50.    LX Hausys admits that Sompo seeks the relief referenced in Paragraph 50.  Except as expressly admitted, LX Hausys denies the allegations of Paragraph 50.

### PRAYER

LX Hausys denies each and every allegation contained in the Prayer and

specifically denies that Sompo is entitled to relief or judgment against LX Hausys as alleged, or to any declaratory relief at the present time.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

1. As to each and every claim pled, Sompo has failed to allege facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The claims in Sompo's Complaint are barred, in whole or in part, by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

3. The claims in Sompo's Complaint are barred, in whole or in part, by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

4. Sompo has breached and/or repudiated its insurance contracts with LX Hausys and is thereby estopped or otherwise precluded from contesting any and all obligations owed under such contracts.

**FIFTH AFFIRMATIVE DEFENSE**

5. Sompo is barred from seeking or obtaining some or all of the relief sought in its Complaint by the doctrine of reasonable expectations.

**SIXTH AFFIRMATIVE DEFENSE**

6. The claims in Sompo's Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The claims in Sompo's Complaint are barred, in whole or in part, by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The claims in Sompo's Complaint are barred, in whole or in part, by public policy.

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

<strong>NINTH AFFIRMATIVE DEFENSE</strong>

9.    The claims in Sompo's Complaint are barred, in whole or in part, by the doctrine of unjust enrichment.

<strong>TENTH AFFIRMATIVE DEFENSE</strong>

10.    Sompo is barred from seeking or obtaining, in whole or in part, the relief sought in its Complaint because it has repudiated or breached its statutory or common-law duties.

<strong>ELEVENTH AFFIRMATIVE DEFENSE</strong>

11.    The claims in Sompo's Complaint are barred, in whole or in part, because Sompo has failed to take all necessary and reasonable steps to mitigate its alleged damages, if any, and this failure is an actual and proximate cause of all or part of Sompo's alleged damages.  For instance, on information and belief, Sompo should have mitigated its alleged damages in this lawsuit (namely, the cost of continuing to defend LX Hausys in the underlying bodily injury lawsuits) by taking steps to resolve LX Hausys' role in those actions as quickly and economically as possible.  On further information and belief, taking such steps to resolve the underlying bodily injury lawsuits, including by, but not limited to, effectuating reasonable settlements of those lawsuits, would cost far less than continuing to defend LX Hausys in those lawsuits.

<strong>TWELFTH AFFIRMATIVE DEFENSE</strong>

12.    The claims in Sompo's Complaint are barred, in whole or in part, by the doctrine of mutual mistake of fact.  LX Hausys purchased from Sompo liability insurance coverage for its business operations, which involve the manufacturing and distribution of stone and tile products that contain silica, various metals and other commercial substances that will be used and installed by third parties on construction products.  Sompo is knowledgeable about the nature of LX Hausys' business and the types of products that it manufactures and distributes.  LX Hausys had every expectation that the insurance policies it purchased from Sompo would include coverage for damages caused by any allegedly hazardous materials that LX Hausys routinely sold or distributed and

10

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

never conceived that Sompo would sell it expensive insurance policies over multiple years that contained certain exclusions that supposedly eliminated the very type of insurance coverage that LX Hausys might reasonably need.  On information and belief, Sompo was aware of LX Hausys' belief regarding the scope of the insurance coverage that it purchased and never called out or otherwise notified LX Hausys regarding the true nature, extent and limitations of its exclusions so that LX Hausys could make an informed decision regarding the coverage that it purchased.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The claims in Sompo's Complaint are barred, in whole or in part, by the doctrine of unilateral mistake of fact.  LX Hausys purchased from Sompo liability insurance coverage for its business operations, which involve the manufacturing and distribution of stone and tile products that contain silica, various metals and other commercial substances that will be used and installed by third parties on construction products.  Sompo is knowledgeable about the nature of LX Hausys' business and the types of products that it manufactures and distributes.  LX Hausys had every expectation that the insurance policies it purchased from Sompo would include coverage for damages caused by any allegedly hazardous materials that LX Hausys routinely sold or distributed and never conceived that Sompo would sell it expensive insurance policies over multiple years that contained certain exclusions that supposedly eliminated the very type of insurance coverage that LX Hausys might reasonably need.  On information and belief, Sompo was aware of LX Hausys' belief regarding the scope of the insurance coverage that it purchased and never called out or otherwise notified LX Hausys regarding the true nature, extent and limitations of its exclusions so that LX Hausys could make an informed decision regarding the coverage that it purchased.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     The claims in Sompo's Complaint are barred, in whole or in part, because the allegations of the underlying bodily injury lawsuits are within the terms of coverage provided under Sompo's policies, and not otherwise excluded therefrom.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The claims in Sompo's Complaint are barred, in whole or in part, because this action bears substantial factual overlap with the underlying bodily injury lawsuits such that declaratory relief is improper and would be prejudicial to LX Hausys.  Sompo is currently providing a defense to LX Hausys in the underlying bodily injury lawsuits, and a declaration that Sompo has no duty to LX Hausys in this case may be used by Sompo to bar coverage for each of the underlying bodily injury lawsuits or the coordinated proceeding of the underlying lawsuits before the nature, extent and cause of each of the plaintiffs' alleged personal injuries is determined, including whether all the damages in the underlying bodily injury lawsuits were caused by silica or silica dusts, and whether LX Hausys' conduct or products had any role in those alleged injuries.

16.     On information and belief, the damages arising from the alleged bodily injuries of each of the plaintiffs in each of the underlying bodily injury lawsuits are different and may include allegations that such damages arise from exposure to substances other than silica or silica dusts.  In addition, on July 18, 2025, the Superior Court of California issued a minute order coordinating the underlying bodily injury lawsuits and staying discovery in those actions pending assignment of the Coordination Trial Judge.  On information and belief, after the underlying bodily injury lawsuits proceed further through discovery and coordination, it will become apparent that certain damages are not being caused by silica or silica dusts.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.     The allegations and relief sought in Sompo's Complaint potentially subject LX Hausys to inconsistent adjudications in this action and the underlying litigations and may require that LX Hausys, in demonstrating the existence of its right to coverage under one or more of the Policies, identify facts and arguments detrimental to its position in the underlying litigations.  For these reasons, LX Hausys is entitled to, and reserves the right to seek, phased proceedings in this litigation, including a stay of indemnification issues pending resolution of the underlying litigations.

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

## SEVENTEENTH AFFIRMATIVE DEFENSE

18.    Defendant reserves the right to assert any other defenses that may be or become available during these proceedings, as discovery proceeds, at trial, or otherwise in this case.

WHEREFORE, LX Hausys requests that the Court deny all relief requested by Sompo, dismiss the Complaint with prejudice, and award LX Hausys its reasonable attorneys' fees, costs, expenses, disbursements, interest on those amounts, and all other relief that is allowed by law or otherwise just, appropriate, necessary or proper.

## COUNTERCLAIM

Counter-Claimant LX Hausys America, Inc. ("LX Hausys"), by and through its undersigned attorneys, hereby submit this Counterclaim against Counter-Defendant Sompo America Insurance Company ("Sompo") pursuant to 28 U.S.C. §§ 1332 and 2201.

## NATURE OF ACTION

1.    This is an insurance action arising out of a multitude of underlying lawsuits filed against LX Hausys by third parties alleging bodily injury from the fabrication and installation of stone products manufactured and sold by LX Hausys for use in homes and business (the "Bodily Injury Lawsuits").

2.    LX Hausys did not perform any of the fabrication or installation in question. LX Hausys also did not employ any of the underlying plaintiffs alleging bodily injury.

3.    The plaintiffs in the Bodily Injury Lawsuits allege bodily injuries caused by exposure to harmful substances in their workplaces generated during the fabricating, drilling, polishing, grinding, and installing of stone products and other products over years of working with such products.  All the Bodily Injury Lawsuits at issue are pending in California state courts in the counties of Los Angeles, San Francisco, and Orange.

4.    LX Hausys timely noticed and tendered the Bodily Injury Lawsuits to Sompo pursuant to the commercial liability insurance policies issued by Sompo, which provide liability coverage for "bodily injury" caused by an "occurrence."

5. In response, Sompo agreed to defend LX Hausys against the Bodily Injury Lawsuits, recognizing that its Policies provided potential coverage for certain of the Bodily Injury Lawsuits, subject to a reservation of rights.  In fact, on April 18, 2025, over two weeks after Sompo filed its Complaint in this matter, Sompo informed LX Hausys that it will continue to provide LX Hausys a defense against the noticed Bodily Injury Lawsuits.

6. Despite that confirmation, Sompo has failed to provide LX Hausys a full and complete defense against the Bodily Injury Lawsuits or to pay the full amount of costs LX Hausys has incurred in connection with the defense of the Bodily Injury Lawsuits.

7. Instead, Sompo initiated this surprise insurance coverage action, reflecting a bait-and-switch.  By initiating this action, Sompo has created the potential for it to assert legal theories and/or seek or provide evidence in this litigation that would prejudice LX Hausys in the defense of the Bodily Injury Lawsuits.

8. Forcing LX Hausys to litigate such assertions in an insurance coverage action brought by its own insurer while the Bodily Injury Lawsuits are still pending creates prejudice or the potential of prejudice to LX Hausys' interests in defending against the claims and allegations in the Bodily Injury Lawsuits.  Such action by Sompo—requiring LX Hausys to litigate this coverage action and the Bodily Injury Lawsuits simultaneously—breaches its insurance contracts, imposes an unfair burden on, and creates prejudice to, LX Hausys.

9. In addition, Sompo has breached its implied covenant of good faith and fair dealing.  As a defending liability insurer, Sompo has a duty to settle any lawsuit brought against its insured LX Hausys, particularly when a demand to settle that lawsuit is made within the collective limits of Sompo's liability.  Regardless of Sompo's views on coverage, Sompo must promptly determine whether a settlement under the circumstances presented is reasonable and cannot consider factors such as the limits imposed by the policies or a belief that the policies do not provide coverage.  Once it is determined that a settlement under the circumstances would be reasonable, Sompo must make reasonable

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

efforts to settle the lawsuit.

10.     When presented with opportunities to reasonably settle two of the Bodily Injury Lawsuits – the *Solano-Claustro* and *Garcia-Rosas* Actions – within Sompo's limits of liability, Sompo wholly rebuffed its duty to settle those lawsuits, refused to offer to pay or contribute any amounts to settle those lawsuits, and has further refused to indemnify LX Hausys for the amounts LX Hausys became legally obligated to pay as a result of those lawsuits up to Sompo's limits of liability.  Sompo's wrongful and unreasonable failure to take all necessary steps to settle the *Solano-Claustro* and *Garcia-Rosas* Actions placed its own interests above its insured's interest, breaching its implied covenant of good faith and fair dealing.

11.     As a result of Sompo's wrongful and unreasonable conduct, LX Hausys has been forced to file this Counterclaim to obtain declaratory relief and monetary damages arising from Sompo's breaches and/or anticipatory breaches of its contractual obligations to provide commercial liability insurance coverage to LX Hausys for the Bodily Injury Lawsuits, including attorneys' fees incurred for bringing this action, and all relief allowed by law, including but not limited to 10% prejudgment interest under Cal. Civ. Code § 3289.

## JURISDICTION AND VENUE

12.     This Court has diversity jurisdiction of the action pursuant to 28 U.S.C § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, and all claims are so integrally related to the claims alleged by Sompo that they form part of the same case or controversy.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Sompo has, within the relevant time period, either been licensed or otherwise been approved to do business in California, transacted substantial business in California, and insured assets, liabilities, and risks located in California.

//

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

## PARTIES

14.     Counter-Claimant LX Hausys is a corporation incorporated under the laws of the State of New Jersey, with its headquarters and principal place of business in Alpharetta, Georgia.  LX Hausys is licensed to, and does, conduct business in California.

15.     Upon information and belief, Counter-Defendant Sompo is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

## GENERAL ALLEGATIONS

### I.    The Underlying Bodily Injury Lawsuits

16.     Beginning in January of 2020, LX Hausys was named in lawsuits brought by persons alleging bodily injuries in connection with LX Hausys' manufacturing of stone products.  The Bodily Injury Lawsuits named LX Hausys as a defendant and a multitude of other parties, including but not limited to other manufacturers of stone products.  The Bodily Injury Lawsuits currently at issue in this case are listed in **Exhibit 1** hereto.

17.     LX Hausys reasonably anticipates additional Bodily Injury Lawsuits covered under the Policies will be asserted against it in the future.  LX Hausys may seek relief from this Court with respect to additional lawsuits if and when they are brought against it.

18.     The Bodily Injury Lawsuits generally allege, among other things, that LX Hausys is liable for bodily injuries allegedly caused by alleged exposure to harmful substances allegedly present in stone products allegedly manufactured by LX Hausys.  LX Hausys is typically one of dozens of companies named as defendants in these lawsuits.

19.     By way of example, in litigation captioned *Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al.*, Los Angeles Superior Court Case No. 24STCV01477 ("Quiroz"), plaintiff named LX Hausys and 72 other defendants which allegedly were and/or are manufacturers, suppliers, distributors, importers, brokers, and/or contractors of industrial stone products.  Plaintiff therein alleges that between 2008 and 2023 he "cut, ground, drilled, edged, polished fabricated and/or installed . . .

artificial stone and natural stone products to become countertops in kitchens and bathrooms." *Quiroz* Third Amended Complaint ("TAC") ¶ 110.  He further alleges that in performing that work, he was allegedly "exposed to and inhaled stone dust containing silica and other toxins and carcinogens," including "aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium" as well as "volatile organic compounds from polymeric resins and other binders (including phthalic anhydride, benzene, ethylbenzene, and toluene) emitted from these products." *Quiroz* TAC ¶ 111.  As a result of that alleged exposure, plaintiff allegedly "developed lung disease characterized by pulmonary nodules, silicosis, pulmonary fibrosis, progressive massive fibrosis, and other forms of lung damage." *Quiroz* TAC ¶ 112.  On information and belief, plaintiff seeks damages in excess of $19 million.

20.     Plaintiffs in most if not all of the other Bodily Injury Lawsuits make allegations similar to those made in *Quiroz* with respect to, *inter alia*, alleged lung damage caused by alleged exposure to silica, metals and/or volatile organic compounds in stone products while working at fabrication workshops and localized areas such as individual kitchens and bathrooms.  Indeed, separate from their alleged exposure to silica, most of the underlying plaintiffs allege that they were separately "exposed to other toxic substances in artificial stone, including metals used as pigments and polymeric resins as binders," and as a result, suffered "hypersensitivity pneumonitis characterized by granulomas in lung tissue" and "pulmonary fibrosis (scarring of the lung tissue)," both of which are "caused by many metals that are constituents of artificial stone, including aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese nickel, titanium, tungsten, and vanadium."  *E.g., Quiroz* TAC ¶¶ 96–97.

21.     In addition (and wholly apart from their allegations of exposure to silica), the underlying plaintiffs allege that they were exposed to "volatile organic compounds (VOCs), the predominant species being styrene, but also including phthalic anhydride, benzene, ethylbenzene, and toluene.  Styrene and phthalic anhydride are respiratory irritants that cause various pulmonary effects including asthma, bronchiolitis obliterans,

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

decreased lung function as well as sclerosis and fibrosis." *Quiroz* TAC ¶ 98.  VOCs, which are gases, are neither silica nor silica-related dust and are different from silica and silica-related dust.

22.     With respect to LX Hausys, plaintiffs in the Bodily Injury Lawsuits generally further allege bodily injuries from exposure to, among other stone products, LX Hausys' products manufactured under the tradename "HIMACS."  *See, e.g.*, *Quiroz* TAC ¶ 105.  LX Hausys' HIMACS stone products do not contain any silica.

23.     The specific dates of the alleged bodily injuries vary according to the individual circumstances of the allegedly injured workers.  However, most if not all of the underlying plaintiffs allege bodily injury suffered during Sompo's policy periods (*i.e.*, August 1, 2011 to August 1, 2017, and August 1, 2019 to August 1, 2025).

24.     The Bodily Injury Lawsuits allege conspiracy, negligence, and that LX Hausys' products were defectively designed and "unreasonably dangerous."  The Bodily Injury Lawsuits include claims of negligence, strict liability (warning and design defect), fraudulent concealment, breach of warranty, and loss of consortium.

25.     The Bodily Injury Lawsuits are active and ongoing.

26.     LX Hausys has incurred and will continue to incur defense costs, losses, and liabilities as a result of the Bodily Injury Lawsuits described in Paragraphs 16 through 24.

27.     LX Hausys disputes all of the allegations and is vigorously defending itself in the Bodily Injury Lawsuits.  Based upon what is currently known about the allegations, plaintiffs' alleged injuries, settlement demands made to date, settlements to date, current trial dates, and potential judgments, LX Hausys is informed and believes, and on that basis alleges, that Sompo's settlement-related responsibilities under California law have been and will continue to be triggered by settlement demands made by plaintiffs in the Bodily Injury Lawsuits in the near future.

## II.     The Commercial General Liability Policies At Issue

28.     Sompo, in consideration of premiums paid by LX Hausys, duly executed and delivered to LX Hausys the following commercial general liability insurance policies

relevant to this action (the "Policies"):

| Policy Number | Policy Period | General Aggregate Limit |
|---|---|---|
| CPL40195R0 | 08/01/2011–08/01/2012 | $2,000,000 |
| CPL40195R0 | 08/01/2012–08/01/2013 | $2,000,000 |
| CPL40195R0 | 08/01/2013–08/01/2014 | $2,000,000 |
| CPL40195R0 | 08/01/2014–08/01/2015 | $2,000,000 |
| CPL40195R0 | 08/01/2015–08/01/2016 | $2,000,000 |
| CPL40195R0 | 08/01/2016–08/01/2017 | $2,000,000 |
| CPL40346U0 | 08/01/2019–08/01/2020 | $2,000,000 |
| CPL40346U0 | 08/01/2020–08/01/2021 | $2,000,000 |
| CPL40346U0 | 08/01/2021–08/01/2022 | $2,000,000 |
| CPL40346U0 | 08/01/2022–08/01/2023 | $2,000,000 |
| AGL30042360700 | 08/01/2023–08/01/2024 | $2,000,000 |
| AGL30042360701 | 08/01/2024–08/01/2025 | $2,000,000 |

29.    LX Hausys reserves the right to seek coverage under additional insurance policies, in the event that such policies are identified in the course of this action.

30.    All premiums due under the Policies, all of which have been in full force and effect at some time during the period relevant to these counterclaims, were timely paid.

31.    The Policies obligate Sompo to pay on behalf of or indemnify LX Hausys, for all sums that LX Hausys becomes legally obligated to pay as "damages" because of "bodily injury" that occurs during the policy period, caused by an "occurrence," subject to retentions or deductibles (if any) and policy limits.

32.    The Policies also obligate Sompo to defend LX Hausys against underlying suits seeking recovery for bodily injury or property damage, as long as any of the

19

underlying allegations are even potentially covered by the Policies.  Sompo's contractual obligation to defend LX Hausys against suits alleging bodily injury or property damage claims applies even if the allegations against LX Hausys are groundless, false, or fraudulent, subject to retentions or deductibles (if any) and policy limits.

33.    The Policies typically define "occurrence" to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

34.    The Policies typically define "bodily injury" to mean "bodily injury, mental anguish, mental injury, shock, fright, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time."

35.    The Policies contain an exclusion removing coverage for "'bodily injury' arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust.'"

36.    The alleged exclusions do not preclude or limit coverage under the Policies.

37.    The Bodily Injury Lawsuits allege exposure from LX Hausys products not only to silica but also to other materials, including metals, toxins, dyes, binding agents, resins, adhesives, and other substances that allegedly caused the bodily injuries.  For example, the Bodily Injury Lawsuits allege bodily injury caused by exposure to VOCs, which are neither silica nor silica-related dust, are different from silica or silica-related dust, and do not contain silica or silica-related dust.  Instead, VOCs are gases.  In addition, the Bodily Injury Lawsuits allege exposure to metals used as pigments and polymeric resins as binders – which are also not silica or silica-related dust – that causes hypersensitivity pneumonitis and pulmonary fibrosis.  Even more, the Bodily Injury Lawsuits allege bodily injury from exposure to "wet" fabrication methods that do not involve dust, a dry substance.  These standalone allegations, among others, are separate and apart from the Bodily Injury Lawsuits' allegations regarding exposure to silica and silica-related dust.

38.    Moreover, the Bodily Injury Lawsuits allege exposure to those LX Hausys' stone products not containing any silica that also allegedly caused the bodily injuries.

20
DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

39. The Bodily Injury Lawsuits allege both silicosis and bodily injuries other than silicosis, including interstitial fibrosis, pulmonary fibrosis, and other lung diseases. *See, e.g.*, *Am. Zurich Ins. Co. v. James N. Gray Co.*, 2014 WL 11430928, at \*5 (C.D. Cal. July 25, 2014) (noting that the underlying plaintiffs' alleged injuries were caused by silica and "dozens of other chemicals" and holding that "the fact that silica is involved in a lawsuit cannot negate any possibility of coverage sufficient to relieve [the insurer] of a duty to defend").

40. Accordingly, Sompo has an obligation to defend LX Hausys or pay for LX Hausys' full and complete defense in lawsuits alleging bodily injuries other than silicosis resulting from exposure to materials other than silica or silica-related dust. *See, e.g.*, *Horace Mann Ins. Co. v. Barbara B*, 4 Cal. 4th 1076, 1084 (1993) (noting that an insurer must defend the entire action if any allegation in the underlying complaint is potentially covered). The Bodily Injury Lawsuits contain such allegations.

41. The Policies additionally contain an exclusion removing coverage for "'bodily injury' … which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." "Pollutants" is defined to mean "any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

42. The Supreme Court of California has limited application of a commercial liability policy's pollution exclusion to "traditional environmental pollution rather than all injuries from toxic substances," meaning "irritants and contaminants commonly thought of as pollution." *MacKinnon v. Truck Insurance Exchange*, 31 Cal. 4th 635, 644 & 652–53 (2003). And, because the exclusion includes terms such as "discharge, dispersal, release or escape," California courts have further limited application of this exclusion to widespread dissemination of pollutants, rather than confined exposures such as those occurring at the workplace or in localized areas like those alleged in the Bodily

Injury Lawsuits.  *See e.g.*, *id.* at 651; *Great Am. Assurance Co. v. MS Indus. Sheet Metal, Inc.*, 2012 WL 13018550, at *4 (C.D. Cal. Jan. 31, 2012) (rejecting insurer's denial of coverage based on pollution exclusions where the underlying plaintiffs were exposed to toxic chemicals "in a localized area").

43.    As a result, federal courts in this district have deemed a commercial liability insurance policy's pollution exclusion inapplicable where plaintiffs alleged bodily injuries caused by exposure to "toxins, including dust and silica" through their demolition and installation work because "[a] reasonable layperson or policyholder wouldn't necessarily think of the release of 'toxins, including silica and dust' in the demolition business as traditional pollution."  *Am. Zurich Ins. Co.*, 2014 WL 11430928, at *4–5.

## III.    Standards Applicable to Sompo's Handling of Insurance Claims

44.    California insurance regulations and law, as well as insurance industry custom and practice, require insurers, including Sompo, to adhere to certain standards related to the handling of insurance claims.  These standards supply terms and conditions that are implied into, and supplement, the express terms and conditions of insurance policies.  On information and belief, LX Hausys alleges that those standards include, *inter alia*, the following:

45.    An insurer has an obligation to treat its insured fairly and in good faith. When investigating a claim, an insurer has an obligation to provide a full, free, fair, and objective investigation into all potential bases for coverage under any potentially applicable insurance policy.  An insurer must look at all of the facts that may support coverage under the relevant policy.  Once investigation of the claim is underway, the insurer also has an obligation to disclose to the insured all the possible aspects and bases of coverage.  The insurer must also actively provide assistance to the insured so that the claim can be processed.  An insurer may not ignore its insured.

46.    When an insurance policy provides for a duty to defend, the insurer's duty arises immediately upon tender and continues until the insurer can conclusively establish, on the basis of undisputed facts, that there is no potential for coverage.  An insurer's duty

to defend is considered to be a service that includes, *inter alia*, the mounting and funding of a full and complete defense on behalf of the insured with knowledgeable defense counsel appointed or approved by the insurer.  If an insurer is uncertain whether it has a duty to defend, it must begin defending the insured immediately, and is permitted to reserve the right to decline coverage pending further investigation of the facts.  An insurer may not, however, delay providing a defense merely because it believes that an investigation could reveal facts showing that the underlying claim is not covered.  Notably, "an insurer that wishes to rely on an exclusion has the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds." *Atlantic Mutual Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App. 4th 1017, 1039 (2002); *see also Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 295, 300 (1993) (an insurer's duty to defend is triggered if there is a "a bare 'potential' or 'possibility' of coverage," and to bypass that duty, the insurer must show the complete and absolute absence of any possibility of coverage).

47.     Moreover, California law is clear that an insurer's duty to defend requires the insurer to pay its insured's full defense costs and not simply a proportionate share of them.  Indeed, an insurer "has an independent legal obligation to provide its insured with a complete defense, regardless of the potential contributions of other insurers." *Team Enters., Inc. v. Royal Indem. Co.*, 2004 WL 2623986, at *2 (N.D. Cal. Apr. 20, 2004).  An insurer's failure to provide a complete defense or pay its insured's defense costs in full is "the equivalent of a defense [coverage] denial." *Haskel, Inc. v. Super. Ct.*, 33 Cal.App.4th 963, 976 n. 9 (1995) (internal citations omitted).

48.     Apart from the duty to defend, which gives rise to an immediate obligation on the part of the insurer as already alleged, an insurer has a duty to conduct an investigation in a proactive and timely fashion so that it may accept or deny coverage within a reasonable amount of time.  An insurer is required to immediately accept or deny a claim, in whole or in part, and in no event more than 40 calendar days after receiving notice.  If the insurer requires more time to determine whether a claim should be accepted

23

or denied, it must provide the insured with written notice of the need for additional time within the 40-calendar day time frame.  Such written notice must then be provided every 30 calendar days until a determination is made or notice of a legal action is served.

49.    When a liability insurer is defending or otherwise on the risk, it may have a duty to settle a lawsuit brought against its insured.  When an opportunity to settle arises, including when a demand is made that is within the collective limits of liability of all potentially implicated insurance policies, or when a demand is made that exceeds the applicable per-occurrence or aggregate limits of the immediately scheduled underlying insurance, if any, identified in a policy written on an umbrella or excess basis, each insurer on the risk is obligated to conduct itself as though it alone were liable for the entire amount of a potential judgment that may be entered.  Each implicated insurer must therefore quickly determine whether settlement under those circumstances is reasonable, *i.e.*, whether in light of the underlying plaintiff's injuries and the probable liability of the insured, the ultimate judgment is likely to exceed the amount of the settlement.  In making this determination an insurer cannot consider factors such as the limits imposed by the policy or a belief that the policy does not provide coverage.  Then, once it is determined that a settlement under the circumstances would be reasonable, each insurer on the risk must make reasonable efforts to settle, including by offering to pay the full extent of the insured's liability up to the limits of the triggered insurer's policies.  An insurer's failure to follow these standards is a violation of industry custom and practice.

50.    Once the insurer has made a coverage determination, it must immediately communicate its decision to the insured and pay the portion owed.  Any bases for the denial of coverage must also be immediately provided in writing, listing all the factual and legal bases for such rejection or denial.

51.    When an insurer improperly denies a claim, or focuses solely on facts that would restrict coverage, or refuses to provide a coverage determination, or withholds coverage owed under the policy, or otherwise forces an insured to file litigation to obtain the benefits of the insurance that it purchased, the insurer violates its obligation to

24

provide a free, fair, and objective investigation and coverage determination.

52.    As alleged further below, there are disputes related to Sompo's obligations under these and other standards related to the handling of insurance claims.

## IV.    <u>Sompo Breached Its Coverage Obligations</u>

53.    All conditions to coverage under the Policies have been performed, have occurred, or have been satisfied.  In the alternative, LX Hausys was excused from performance thereof or Sompo has forfeited or waived performance thereof, by virtue of its contractual breaches or otherwise.

54.    LX Hausys paid, and continues to pay, all premiums required under the Policies.

55.    LX Hausys timely noticed, and continues to notify, Sompo of the Bodily Injury Lawsuits and/or directed its insurance broker to do so.

56.    LX Hausys cooperated with Sompo, including for example, by providing information as requested and providing updates on the Bodily Injury Lawsuits.  In the alternative, LX Hausys was excused from cooperation or Sompo has forfeited or waived cooperation, by virtue of its contractual breaches or otherwise.

57.    On numerous occasions, LX Hausys has requested that Sompo honor its contractual obligations to provide LX Hausys with a defense in connection with the Bodily Injury Lawsuits that are covered or potentially covered by the Policies, as well as honoring its contractual obligations to indemnify LX Hausys for any sums that LX Hausys may become legally obligated to pay as damages in the Bodily Injury Lawsuits.

58.    On January 25, 2023, Sompo determined that its Policies "may afford coverage for LX's defense" against the Bodily Injury Lawsuits and therefore agreed to "provide a defense to LX subject to a reservation of rights."

59.    On April 18, 2025, Sompo acknowledged its prior agreement to "defend LX while reserving its right to deny coverage based on the terms of the Policies and additional information that may be obtained" and agreed to "continue to provide a defense to LX subject to these reservation of rights."

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

60. Despite that agreement, Sompo has refused or failed to pay the full amount of costs incurred in defending LX Hausys, its insured, against the Bodily Injury Lawsuits, despite the Bodily Injury Lawsuits alleging claims of bodily injury that fall within the broad coverage provided by the Policies.

61. The refusal and failure to fully defend LX Hausys, or to pay the full amount of LX Hausys' defense costs incurred in connection with the Bodily Injury Lawsuits, violates and breaches Sompo's coverage obligations to LX Hausys under the Policies.

62. In addition, as alleged above, under California law, Sompo's duty to defend obligates Sompo to provide LX Hausys with a complete defense, including, but not limited to, the obligation to accept and fund a reasonable settlement demand up to Sompo's policy limits. *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 401 (2000), *as modified* (July 26, 2000) ("a liability insurance policy's express promise to defend and indemnify the insured against injury claims implies a duty to settle third party claims…").

63. On January 28, 2025, LX Hausys formally demanded Sompo to "protect the interests of LX Hausys and honor [Sompo's] settlement obligations, which includes an obligation to effectuate settlement of the *Solano-Claustro* and *Garcia-Rosas* Actions." In that demand, LX Hausys detailed its potential for liability in the *Solano-Claustro* and *Garcia-Rosas* Actions, which were set to commence "trial in less than two weeks," the "possibility of a high jury award if" those actions went to trial, and underlying defense counsel's opinion "that settlement is the best course because of the likelihood of a high adverse verdict if the case does not settle and is instead decided by a jury." Based on that information, LX Hausys demanded that Sompo honor its duty to "effectuate a reasonable settlement" and "fund [the] reasonable settlement demands within [its] policy limits."

64. Sompo failed to respond. Having received no response from Sompo, on February 3, 2025, LX Hausys advised Sompo that time was of the essence, as "trial and other deadlines are fast approaching in the *Solano-Claustro* and *Garcia Rosas* Actions," and because "Sompo clearly has a duty to settle these two actions" as "Sompo has been

defending the *Garcia-Rosas* Action since March 8, 2023 and the *Solano-Claustro* Action since October 9, 2024," LX Hausys "will proceed with the understanding that Sompo will honor its settlement obligations and will fund a reasonable settlement."

65.     By email dated February 3, 2025, Sompo rejected LX Hausys' demands, arguing that "it has no duty to settle" because "its policies do not provide coverage to LX Hausys due to the policies' silica [and pollution] exclusions."

66.     In response, on February 14, 2025, LX Hausys explained that the Policies' silica exclusion was inapplicable because the *Solano-Claustro* and *Garcia-Rosas* Actions "allege not only exposure to crystalline silica but also to other substances, such as metals and other toxins" and "include claims that pulmonary fibrosis, in addition to being caused by crystalline silica, can also result from exposure to various metals."  Nor was the Policies' pollution exclusion applicable because that "exclusion applies only to traditional environmental contaminations" and the silica, metals, and toxins allegedly causing the plaintiffs' bodily injuries are not pollutants.  Accordingly, LX Hausys once again demanded that Sompo "honor its duty to settle and protect the interests of its insured by authorizing settlement of these actions and agreeing to fund the settlement[s]."

67.     Thereafter, LX Hausys reached a settlement resolving the *Solano-Claustro* and *Garcia-Rosas* Actions.  To date, Sompo has refused to honor its coverage obligations and contribute any amounts to the settlement of those actions, breaching its duty to defend and to effectuate a reasonable settlement and its implied covenant of good faith and fair dealing.

68.     The Policies obligate Sompo to indemnify LX Hausys for settlements or judgments that LX Hausys becomes legally obligated to pay as damages for bodily injury covered by the Policies.  Sompo's refusal to indemnify LX Hausys for the settlements reached in the *Solano-Claustro* and *Garcia-Rosas* Actions violates and breaches Sompo's coverage obligations to LX Hausys under the Policies.

69.     LX Hausys may also become legally obligated to pay additional damages because of Bodily Injury Lawsuits alleging bodily injury occurring during Sompo's

policy periods.

70.    LX Hausys has requested that Sompo honor its obligations to indemnify LX Hausys for such damages.

71.    Sompo has denied any obligation to indemnify LX Hausys for settlements or judgments that LX Hausys has become or may become legally obligated to pay as damages in the Bodily Injury Lawsuits, or have refused to confirm its obligations to do so.

## FIRST COUNTERCLAIM

### (Declaratory Relief – Duty to Defend)

72.    LX Hausys incorporates the preceding paragraphs as if fully stated herein.

73.    This is a cause of action for declaratory relief pursuant to 28 U.S.C. § 2201. LX Hausys seeks a judicial determination of the rights and duties of Sompo with respect to an actual controversy arising out of the Policies.

74.    Pursuant to the terms of the Policies, Sompo is obligated to defend LX Hausys and to pay all costs, including attorneys' fees, technical consultant fees and supplemental expenses, as they are incurred by LX Hausys in the investigation and defense of the Bodily Injury Lawsuits, and other related claims and lawsuits that may become ripe in the future.

75.    Sompo has failed or refuses to recognize its contractual duty to fully defend LX Hausys against some or all of the Bodily Injury Lawsuits, including by failing to pay the full amount of costs incurred in defending LX Hausys, its insured, against the Bodily Injury Lawsuits and to effectuate reasonable settlements of the Bodily Injury Lawsuits, including the *Solano-Claustro* and *Garcia-Rosas* Actions.

76.    An actual controversy of a justiciable nature currently exists between LX Hausys, on the one hand, and Sompo, on the other hand, concerning the proper construction of the Policies and the rights and obligations of the parties thereto with respect to the Bodily Injury Lawsuits.  The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

28
DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

77.     LX Hausys seeks a judicial declaration from the Court that the Policies cover the costs that LX Hausys has incurred, and will continue to incur, in defense of the Bodily Injury Lawsuits, and that Sompo owes a duty to defend or pay LX Hausys' full defense costs incurred in connection with the Bodily Injury Lawsuits pursuant to the terms of Sompo's Policies.

78.     The issue of declaratory relief by this Court addressing the obligation of Sompo to defend LX Hausys against the Bodily Injury Lawsuits will terminate some or all of the existing controversy between the parties.

## SECOND COUNTERCLAIM

### (Declaratory Relief – Duty to Indemnify)

79.     LX Hausys incorporates the preceding paragraphs as if fully stated herein.

80.     This is a cause of action for declaratory relief pursuant to 28 U.S.C. § 2201. LX Hausys seeks a judicial determination of the rights and duties of Sompo with respect to an actual controversy arising out of the Policies.

81.     Pursuant to the terms of the Policies, Sompo is obligated to pay on behalf of or indemnify LX Hausys for all sums that LX Hausys has become and will become obligated, through judgment, settlement or otherwise, to pay on account of the Bodily Injury Lawsuits and other related claims and lawsuits that may become ripe in the future.

82.     LX Hausys has incurred substantial costs and other damages as a result of the Bodily Injury Lawsuits, for which it is entitled to payment from Sompo. Nevertheless, Sompo has failed to acknowledge its coverage obligations and duty to indemnify LX Hausys and has contended that it owes no duty to indemnify LX Hausys for the Bodily Injury Lawsuits or any settlements or judgments arising from them.

83.     An actual controversy of a justiciable nature currently exists between LX Hausys, on the one hand, and Sompo, on the other hand, concerning the proper construction of the Policies and the rights and obligations of the parties thereto with respect to the Bodily Injury Lawsuits.  The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

84.     LX Hausys seeks a judicial declaration from the Court that Sompo owes a duty to indemnify LX Hausys under the Policies for all amounts LX Hausys may become obligated to pay as part of the Bodily Injury Lawsuits that arise from bodily injury covered by the Policies, caused by an "occurrence."

85.     The issue of declaratory relief by this Court addressing the obligation of Sompo to indemnify LX Hausys against the Bodily Injury Lawsuits will terminate some or all of the existing controversy between the parties.

### THIRD COUNTERCLAIM

### (Breach of Contract – Duty to Defend)

86.     LX Hausys incorporates the preceding paragraphs as if fully stated herein.

87.     Pursuant to the terms of the Policies, Sompo is obligated to defend LX Hausys or pay LX Hausys' defense costs with respect to any claim or lawsuit that is actually or potentially covered by Sompo's Policies.

88.     LX Hausys timely notified Sompo of the Bodily Injury Lawsuits and requested that Sompo acknowledges its respective defense obligations.

89.     LX Hausys has paid the premiums for the Policies, has satisfied all of the terms and conditions for coverage of the amounts LX Hausys seeks in this action, and has performed all its duties and obligations under the Policies with respect to that claim.  In the alternative, if LX Hausys is found not to have complied with all terms and conditions of the Policies, compliance with such terms and conditions has been excused or waived by Sompo, and/or Sompo is estopped or barred by its own breaches of the Policies, or is otherwise unable under the law to rely on such terms and conditions to deny coverage for LX Hausys' claim.

90.     Nevertheless, Sompo has breached the terms of the Policies by refusing to fully defend LX Hausys with respect to some or all of the Bodily Injury Lawsuits, including by failing to pay the full amount of costs incurred in defending LX Hausys against the Bodily Injury Lawsuits, and to effectuate reasonable settlements of the Bodily Injury Lawsuits, including the *Solano-Claustro* and *Garcia-Rosas* Actions.

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

91.    As a direct result of Sompo's breach of its duty to defend LX Hausys under the Policies, LX Hausys has been deprived of the benefit of the insurance coverage for which it paid substantial premiums, namely, the right to a defense against underlying lawsuits potentially covered by the Policies.  LX Hausys also has been forced to pay, and will continue to pay, substantial sums in the investigation and defense of the Bodily Injury Lawsuits, and as of the date of these counterclaims has incurred actual damages.

92.    Also, as a direct result of Sompo's breach of its duty to defend LX Hausys under the Policies, LX Hausys has been forced to incur, and will continue to incur, additional damages, including, without limitation, the costs of attorneys' fees and other expenses in order to defend this action initiated by Sompo, and the lost earnings on amounts wrongfully withheld by Sompo, which damages are not subject to the Policies' limits of liability.

93.    LX Hausys' losses as a result of the aforesaid breaches by Sompo, are continuing, and LX Hausys reserves the right to seek the full and exact amount of its damages at the time of trial.

## FOURTH COUNTERCLAIM

### (Breach of Contract – Duty to Indemnify)

94.    LX Hausys incorporates the preceding paragraphs as if fully stated herein.

95.    The Policies obligate Sompo to indemnify LX Hausys for settlements or judgments that LX Hausys becomes legally obligated to pay as damages for bodily injury covered by the Policies.  The plaintiffs in the Bodily Injury Lawsuits seek damages arising out of a covered "occurrence."  Therefore, settlements or judgments in the Bodily Injury Lawsuits will trigger coverage under Sompo's Policies following exhaustion or satisfaction of the Policies' underlying retentions or deductibles, if any.

96.    LX Hausys timely notified Sompo of the Bodily Injury Lawsuits and requested that Sompo acknowledge its respective indemnity obligations.

97.    LX Hausys has paid the premiums for the Policies, has satisfied all of the terms and conditions for coverage of the amounts LX Hausys seeks in this action, and has

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

performed all its duties and obligations under the Policies with respect to that claim.  In the alternative, if LX Hausys is found not to have complied with all terms and conditions of the Policies, compliance with such terms and conditions has been excused or waived by Sompo, and/or Sompo is estopped or barred by its own breaches of the Policies, or is otherwise unable under the law to rely on such terms and conditions to deny coverage for LX Hausys' claim.

98.    Sompo has breached the terms of the Policies by refusing to acknowledge its duty to indemnify LX Hausys for any settlements or judgments that LX Hausys has paid or may become legally obligated to pay as a result of the Bodily Injury Lawsuits.

99.    As a direct result of Sompo's breach of its duty to indemnify LX Hausys under the Policies, LX Hausys has been deprived of the benefit of the insurance coverage for which it paid substantial premiums with respect to the Bodily Injury Lawsuits.  LX Hausys also has been forced to pay, and will continue to pay, substantial sums in defense and resolution of the Bodily Injury Lawsuits, whether by administrative order, settlement, adverse judgment or other means and, as of the date of these counterclaims, has incurred actual damages.

100.   Also, as a direct result of Sompo's breach of its duty to indemnify LX Hausys under the Policies, LX Hausys has been forced to incur, and will continue to incur, additional damages, including, without limitation, the lost earnings on amounts wrongfully withheld by Sompo, which damages are not subject to the Policies' limits of liability.

101.   LX Hausys' losses as a result of the aforesaid breaches by Sompo, are continuing, and LX Hausys reserves the right to seek the full and exact amount of its damages at the time of trial.

### FIFTH COUNTERCLAIM

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – Bad Faith)**

102.   LX Hausys incorporates the preceding paragraphs as if fully stated herein.

103.   Sompo at all material times had a duty to act fairly and in good faith toward

LX Hausys in carrying out its responsibilities under the Policies.  Part of Sompo's obligation to act fairly and in good faith toward LX Hausys is to promptly, fairly and truthfully respond to LX Hausys' claims and requests, and to make reasonable, good faith evaluations and decisions concerning such claims and requests.  Another part of Sompo's obligation to act fairly and in good faith toward LX Hausys is not to place its own interests ahead of the interests of its insured, not to force its insured to litigate to obtain the benefits of the Policies, to generally treat LX Hausys fairly and in good faith, and not to injure, frustrate or interfere with LX Hausys' rights to receive benefits under the Policies.

104.   Sompo has breached the implied covenant of good faith and fair dealing by wrongfully refusing to provide insurance coverage due and owing to LX Hausys.  In contravention of its duties and obligations, Sompo has, among other things:

    a.   failed to conduct and diligently pursue a thorough, fair and objective investigation;

    b.   failed to seriously evaluate the LX Hausys' claim for coverage for the Bodily Injury Lawsuits;

    c.   refused and declined to fully compensate LX Hausys for defense fees and costs arising from the Bodily Injury Lawsuits as required by the Policies;

    d.   failed to make reasonable, good faith evaluations and decisions concerning benefits that are due;

    e.   deliberately refused or failed to attempt in good faith to respond to requests from LX Hausys and demands that Sompo honor its obligations under the Policies;

    f.   failed to make reasonable efforts to reasonably settle and effectuate settlements of the *Solano-Claustro* and *Garcia-Rosas* Actions;

    g.   unreasonably delayed its performance of its obligations to LX Hausys;

    h.   forced LX Hausys to litigate to obtain benefits due under the Policies;

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

i.    all in violation of accepted industry custom, practice and standards, and its duties to LX Hausys.

105.   Sompo committed the acts alleged above for the purpose of deliberately and consciously withholding from LX Hausys the rights and benefits to which LX Hausys is entitled under the Policies, and without considering the interests of LX Hausys at least to the same extent as it considered its own interests.

106.   Sompo's acts are inconsistent with and violate the reasonable expectations of LX Hausys, are contrary to established norms, practices, and legal requirements related to insurance claims, are contrary to the express terms of the Policies, and constitute bad faith and a breach of the implied covenant of good faith and fair dealing.

107.   Sompo's conduct is and has been undertaken with a conscious disregard of LX Hausys' rights as a beneficiary of the Policies.

108.   Sompo has forced LX Hausys to incur substantial financial costs and expenses in connection with the defense of the Bodily Injury Lawsuits, and to take action to pursue the insurance coverage to which LX Hausys rightfully is entitled.

109.   LX Hausys is informed and believes and thereon alleges that Sompo's acts were performed, authorized and/or ratified by its officers, directors, and/or managing agents, and/or with the advance knowledge or conscious disregard of its officers, directors, and/or managing agents.

110.   As a direct and proximate result of Sompo's conduct, LX Hausys has suffered and continue to suffer substantial damages, in an amount exceeding the jurisdictional minimum of this Court to be determined at trial.  LX Hausys also has incurred and will continue to incur significant, recoverable attorneys' fees and costs to obtain the benefits to which it is entitled and which Sompo wrongfully denied and failed to provide under the Policies.  Pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), LX Hausys is also entitled to recover all such attorneys' fees and costs, plus interest.

//

DEFENDANT LX HAUSYS AMERICA, INC.'S ANSWER AND COUNTERCLAIMS

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counter-Claimant LX Hausys respectfully prays for relief as follows:

1.    On its First Counterclaim, LX Hausys requests that the Court enter judgment against Sompo declaring that:

(a)    Pursuant to the terms of the Policies, Sompo is obligated to defend LX Hausys and to pay all costs, including attorneys' fees, technical consultant fees, and supplemental expenses, as they are incurred by LX Hausys in the defense of the Bodily Injury Lawsuits, and any other related litigations that may become ripe in the future; and

(b)    Sompo is obligated to reimburse LX Hausys for its reasonable attorneys' fees and costs incurred in this action.

2.    On its Second Counterclaim, LX Hausys requests that the Court enter judgment against Sompo declaring that:

(a)    Pursuant to the terms of the Policies, Sompo is obligated to pay on behalf of or indemnify LX Hausys for all sums that LX Hausys has become and will become obligated, through judgment, settlement or otherwise, to pay on account of the Bodily Injury Lawsuits, and any other related litigations that may become ripe in the future; and

(b)    Sompo is obligated to reimburse LX Hausys for its reasonable attorneys' fees and costs incurred in this action.

3.    On its Third Counterclaim, LX Hausys requests that the Court enter judgment against Sompo and award LX Hausys:

(a)    actual monetary damages according to proof at trial, plus interest according to law;

(b)    reasonable attorneys' fees and costs incurred in this action; and

(c)    such other and further relief as this Court may deem just and proper.

4.    On its Fourth Counterclaim, LX Hausys requests that the Court enter judgment against Sompo and award LX Hausys:

35

(a)     actual monetary damages according to proof at trial, plus interest according to law;

(b)     reasonable attorneys' fees and costs incurred in this action; and

(c)     such other and further relief as this Court may deem just and proper.

5.     On its Fifth Counterclaim, LX Hausys requests that the Court enter judgment against Sompo and award LX Hausys:

(a)     actual monetary damages according to proof at trial, plus interest according to law;

(b)     special and incidental damages according to proof at trial;

(c)     reasonable attorneys' fees and costs incurred in this action; and

(d)     such other and further relief as this Court may deem just and proper.

**<u>JURY DEMAND</u>**

Pursuant to Fed. R. Civ. P. 38, LX Hausys hereby demands a trial by jury on all matters and issues so triable.

Dated:  August 4, 2025                    Respectfully submitted,

                                          COVINGTON & BURLING LLP

                                          By:   /s/ *Reynold L. Siemens*
                                                REYNOLD L. SIEMENS
                                                *Attorneys for Defendant LX*
                                                *Hausys America, Inc.*

36
