REYNOLD L. SIEMENS (SBN 177956)
rsiemens@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

HAKEEM S. RIZK (SBN 326438)
hrizk@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Defendant LX Hausys America, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America, Inc.), a New Jersey corporation,<br><br>      Defendant. | Case No. 2:25-cv-2832-JFW-MAA<br><br>**DEFENDANT AND COUNTERCLAIMANT LX HAUSYS AMERICA, INC.'S OPPOSITION TO SOMPO'S MOTION TO DISMISS COUNTERCLAIMS**<br><br>Hearing Date:  December 15, 2025<br>Time:         1:30 p.m.<br>Courtroom:    7A |

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................1

II.   RELEVANT FACTUAL BACKGROUND.........................................3

III.  LEGAL STANDARD............................................................................5

IV.  ARGUMENT .......................................................................................6

    A.    LX Hausys Has Pled Plausible Counterclaims for Coverage..............6

    B.    Sompo Cannot Satisfy Its Burden of Showing That There Is No Potential for Coverage for the Bodily Injury Lawsuits. .......................8

        1.    Sompo Cannot Escape Its Duty to Defend By Characterizing the Underlying Plaintiffs' Exposure to Non-Excluded Substances As "Intertwined" with Silica. .........................................................9

        2.    The Court Should Reach a Different Result Here Than It Did in *Hanover v. Francini*. ................................................................13

    C.    The *Quiroz* Complaint Neither Refutes Nor Contradicts LX Hausys' Counterclaim Allegations of Bodily Injury From Non-Excluded Causes. ............................................................................155

    D.    LX Hausys' Counterclaims Are Viable.............................................19

    E.    If the Court Finds Dismissal Warranted, LX Hausys Should Be Given Leave to Amend Its Counterclaims. ...................................................20

V.   CONCLUSION .................................................................................21

i

DEFENDANT AND COUNTERCLAIMANT LX HAUSYS AMERICA, INC.'S OPPOSITION TO SOMPO'S MOTION TO DISMISS
Case No. 2:25-cv-2832-JFW-MAA

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aerojet-Gen. Corp. v. Transp. Indem. Co.*,
17 Cal. 4th 38 (1997), *as modified on denial of reh'g* (Mar. 11, 1998).............13

*Allied Prop. & Cas. Ins. Co. v. Dick Harris, Inc.*,
2013 WL 2145961 (E.D. Cal. May 15, 2013)......................................................2, 7

*American Zurich Insurance Co. v. James N. Gray Co.*,
2014 WL 11430928 (C.D. Cal. July 25, 2014) .............................................. 12, 14

*Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.*,
45 Cal.App.4th 1 (1996)................................................................................11

*In re Arnold*,
471 B.R. 578 (Bankr. C.D. Cal. 2012) ..............................................................16

*Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*,
100 Cal.App.4th 1017 (2002).................................................................9, 11, 13

*Bain v. Cal. Tchrs. Ass'n*,
891 F.3d 1206 (9th Cir. 2018)......................................................................6

*Bates v. Mortg. Elec. Registration Sys., Inc.*,
694 F.3d 1076 (9th Cir. 2012).....................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................7

*Bockrath v. Aldrich Chemical Company*
21 Cal.4th 71 (1999)................................................................................17

*Buss v. Super. Ct.*,
16 Cal.4th 35 (1997)..........................................................................*passim*

*Carlin v. DairyAmerica, Inc.*,
705 F.3d 856 (9th Cir. 2013).......................................................................5

*Coupons, Inc. v. Stottlemire*,
588 F.Supp.2d 1069 (N.D. Cal. 2008) .............................................................7

*Escamilla v. Lara*,
   2024 WL 1200330 (C.D. Cal. Mar. 7, 2024) ....................................................... 21

*Evolve Techs., LLC v. Coil Winding Specialist, Inc.*,
   2019 WL 1383272 (S.D. Cal. Mar. 27, 2019)........................................................ 5

*Foster Poultry Farms v. Contractors Bonding & Ins. Co.*,
   562 F. Supp. 3d 1152 (E.D. Cal. 2022)............................................................... 19

*Gompper v. VISX, Inc.*,
   298 F.3d 893 (9th Cir. 2002)............................................................................... 21

*Gray v. Zurich Ins. Co.*,
   65 Cal.2d 263 (1966).................................................................................... 9, 18

*Hanover American Insurance Co. v. Francini, Inc.*,
   2025 WL 1090925 (C.D. Cal. Mar. 27, 2025) ............................................. 13, 14

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*,
   59 Cal.4th 277 (2014)....................................................................................... 18

*Haskel, Inc. v. Super. Ct.*,
   33 Cal.App.4th 963 (1995)................................................................................ 20

*Health Net, Inc. v. RLI Ins. Co.*,
   206 Cal.App.4th 232 (2012)........................................................................ 3, 10

*Horace Mann Ins. Co. v. Barbara B*,
   4 Cal.4th 1076 (1993)............................................................................. 8, 12, 13

*Integrity Inspection Servs. LLC v. Hartford Cas. Ins. Co.*,
   2014 WL 12585784 (C.D. Cal. Oct. 3, 2014) ..................................................... 6

*Jordan v. Allstate Ins. Co.*,
   116 Cal.App.4th 1206 (2004)............................................................................ 10

*Julian v. Hartford Underwriters Ins. Co.*,
   35 Cal.4th 747 (2005)....................................................................................... 13

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018)......................................................... 7, 16, 17, 18

*MacKinnon v. Truck Ins. Exch.*,
   31 Cal.4th 635 (2003).............................................................................. 3, 9, 10

iii

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008)...................................................................... 20

*Maponics, LLC v. Wahl*,
    2008 WL 2788282 (N.D. Cal. July 18, 2008)..................................................... 19

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008)....................................................................... 6

*Mirpad, LLC v. California Ins. Guarantee Assn.*,
    132 Cal.App.4th 1058 (2005)........................................................................ 17

*Montrose Chem. Corp. v. Super. Ct.*,
    6 Cal.4th 287 (1993)............................................................................*passim*

*National Council of La Raza v. Cegavske*,
    800 F.3d 1032 (9th Cir. 2015)....................................................................... 20

*Palp, Inc. v. Williamsburg Nat'l Ins. Co.*,
    200 Cal.App.4th 282 (2011)......................................................................... 10

*Parklyn Bay Co., LLC v. Liberty Ins. Corp.*,
    119 F. Supp. 3d 1143 (N.D. Cal. 2015) ............................................................ 8

*Pizana v. SanMedica Int'l LLC*,
    345 F.R.D. 469 (E.D. Cal. 2022)..................................................................... 21

*Saarman Constr., Ltd v. Ironshore Specialty Ins. Co.*,
    201 F.Supp.3d 1136 (N.D. Cal. 2016), *order amended on reconsideration
    sub nom.* 230 F.Supp.3d 1068 (N.D. Cal. 2017)................................................. 13

*Scottsdale Ins. Co. v. MV Transportation*,
    36 Cal.4th 643 (2005)................................................................................ 15

*Sempra Energy v. Associated Elec. & Gas Ins. Servs. Ltd.*,
    473 F. Supp. 3d 1052 (C.D. Cal. 2020).............................................................. 18

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*,
    708 F.3d 1109 (9th Cir. 2013)........................................................................ 6

*State Farm Mut. Auto. Co. v. Partridge*,
    10 Cal.3d 94 (1973)................................................................................... 12

DEFENDANT AND COUNTERCLAIMANT LX HAUSYS AMERICA, INC.'S OPPOSITION TO SOMPO'S MOTION TO DISMISS
Case No. 2:25-cv-2832-JFW-MAA

*State of California v. Allstate Ins. Co.*,
45 Cal.4th 1008, 1032 (2009) ........................................................................... 12

*Travelers Indem. Co. of Illinois v. Ins. Co. of N. Am.*,
886 F.Supp. 1520 (S.D. Cal. 1995) ................................................................... 20

*Wesco Ins. Co. v. Brad Ingram Const.*,
2024 WL 243344 (9th Cir. Jan. 23, 2024) ......................................................... 6

**Statutes**

Cal. Civ. Code § 1644 ........................................................................................... 10

Cal. Ins. Code § 530 ............................................................................................... 12

**Other Authorities**

Dust, *Merriam-Webster*, available at https://www.merriam-
webster.com/dictionary/dust (last visited October 22, 2025) ........................ 5, 10

Fed. R. Civ. Proc. 15(a) ......................................................................................... 20

Particle, *Merriam-Webster*, available at https://www.merriam-
webster.com/dictionary/particle (last visited October 22, 2025) ....................... 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant and Counter-Plaintiff LX Hausys America, Inc. ("LX Hausys") filed its Counterclaims because Plaintiff and Counter-Defendant Sompo America Insurance Company ("Sompo") has repudiated its duty to defend and indemnify LX Hausys against more than 200 bodily injury lawsuits allegedly related to LX Hausys' products (the "Bodily Injury Lawsuits").  In exchange for substantial premiums, Sompo issued to LX Hausys a series of commercial general liability policies (the "Policies") that promise broad defense and indemnity coverage for the Bodily Injury Lawsuits.  Instead of honoring its coverage promises, Sompo filed this lawsuit seeking declaratory relief that it owes LX Hausys nothing.

By its motion, Sompo asks the Court to dismiss LX Hausys' Counterclaims on the ground that a Silica Exclusion contained in its Policies supposedly bars all possibility of coverage for every injury alleged in the Bodily Injury Lawsuits—including injuries the underlying plaintiffs allege were caused by exposure to LX Hausys' HIMACs product, which does not contain silica.  Sompo argues, *first*, that it has no duty to defend LX Hausys because the Silica Exclusion applies to any third-party lawsuit involving silica and therefore precludes all potential for coverage for the Bodily Injury Lawsuits, and *second*, that it also has no possible duty to indemnify LX Hausys for the same reason and therefore cannot have committed bad faith in repudiating its coverage obligations.  Sompo is wrong on both counts, and its motion should be denied.

The Counterclaims satisfy LX Hausys' pleading burden because they set forth allegations—which must be accepted as true for purposes of this motion—that plausibly show claims of bodily injury asserted in the Bodily Injury Lawsuits are potentially covered notwithstanding the Silica Exclusion.  *See, e.g.*, *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal.4th 287, 295 (1993) (a liability insurer has a duty to defend if there is any "potential" for coverage).  As pled in the Counterclaims, the underlying plaintiffs are or were stone

fabricators or installers who allege they have suffered injuries as a result of fabricating and installing products manufactured by LX Hausys.  They allege exposure to and injury from LX Hausys products that do not even contain silica.  For other LX Hausys products, they allege that while working with those products they were exposed not only to "silica" and "silica-related dust," but also to metals, volatile organic compounds ("VOCs"), and a host of other harmful substances such as resins, fumes, mists and sprays, each of which caused them to sustain chronic injuries, including not only silicosis but also pulmonary fibrosis, hypersensitivity pneumonitis, and other lung diseases and ailments such as pulmonary nodules, asthma, bronchiolitis obliterans, and decreased lung function.  The latter allegations, as well as those relating to injury from exposure to LX Hausys products that do not even contain silica, fall squarely within the broad coverage grant of the Policies— which promises to defend and indemnify LX Hausys against "bodily injury" lawsuits generally—and outside their Silica Exclusion, which narrowly applies only to injuries caused by "silica" or "silica-related dust."  The Counterclaims therefore plausibly allege the potential for coverage, and Sompo's motion must accordingly be denied.

Sompo wrongly asserts that the potential for coverage is precluded by the Policies' Silica Exclusion, even though it only applies to bodily injuries caused by "silica" or "silica-related dust," not to every lawsuit alleging bodily injuries caused by silica exposure.  For example the Silica Exclusion, which must be interpreted narrowly against Sompo and in favor of coverage, *see, e.g.*, *Allied Prop. & Cas. Ins. Co. v. Dick Harris, Inc.*, 2013 WL 2145961, at *5 (E.D. Cal. May 15, 2013) ("exclusions are interpreted narrowly in favor of coverage and the duty to defend.") (citation omitted), does not preclude the possibility of coverage for the underlying plaintiffs' alleged exposure to, and bodily injuries from, those of LX Hausys' products that do not contain silica such as its HIMACS products, *see* Counterclaim (ECF 23) ¶¶ 22, 38.  It also does not preclude all possibility of coverage for the plaintiffs' alleged exposures to VOCs, which are gases and not silica particles or dust, *id.* ¶ 21, or metals that are not mixed or combined with silica, *id.* ¶ 37, or fumes, mists, and sprays, which are also not silica particles or dust.  *See, e.g.*, *Quiroz* Complaint (ECF 28-1)

¶¶ 96, 981, 1188.

To establish that it has no duty to defend, Sompo must show that no claim alleged by the underlying plaintiffs is even potentially covered; if any potential that even a single claim in an underlying action might be covered exists, then Sompo must defend that action in its entirety, even if another claim might be excluded. *Buss v. Super. Ct.*, 16 Cal.4th 35, 49 (1997). The allegations in LX Hausys' Counterclaims make clear, however, that Sompo cannot establish that the Policies' Silica Exclusion bars the potential for coverage of each and every injury claimed in the Bodily Injury Lawsuits, let alone that the exclusion precludes such coverage "specifically," *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 648 (2003), and "completely," *Health Net, Inc. v. RLI Ins. Co.*, 206 Cal.App.4th 232, 263 (2012), as it must to prevail on its motion to dismiss.

In sum, because the underlying plaintiffs allege a myriad of bodily injuries resulting from exposure to substances other than "silica" and "silica-related dust" that fall outside the scope of the Silica Exclusion, Sompo cannot show that there is no potential for coverage of any of the injuries alleged in the Bodily Injury Lawsuits. Because that is the sole basis for Sompo's motion, it should be denied.

## II.    RELEVANT FACTUAL BACKGROUND

Contrary to Sompo's assertions, LX Hausys' alleged potential liability is not limited to "silicosis" or bodily injury caused *solely* by "silica" and "silica-related dust." Mot. (ECF 27) at 23–24. To the contrary, LX Hausys' alleged liability for the Bodily Injury Lawsuits extends to allegedly injurious products that contain no silica, and to alleged injuries caused by exposures not excluded by the plain language of the Silica Exclusion.

For example, the underlying plaintiffs allege bodily injuries caused by LX Hausys' HIMACS products, which do not even contain silica. *See* Counterclaim (ECF 23) ¶ 22; *see also Quiroz* Complaint (ECF 28-1) ¶ 105. As the underlying plaintiffs themselves allege, the HIMCAS products are instead "acrylic solid surface products," which are fundamentally different from the "artificial stone products" that the plaintiffs allege contains silica. *Quiroz* Complaint (ECF 28-1) ¶¶ 977–86.

3

The underlying plaintiffs also allege bodily injuries other than silicosis. For example, they allege that exposure to non-silica substances caused them to suffer "lung disease characterized by" not only silicosis but also "*pulmonary nodules, … pulmonary fibrosis, progressive massive fibrosis, and other forms of lung damage.*" Counterclaim (ECF 23) ¶ 19 (emphasis added); *see also Quiroz* Complaint (ECF 28-1) ¶ 1306 (alleging that exposure to LX Hausys' products caused "metals and other toxins" to "enter[] [Mr. Quiroz's] body and cause[] [him] to suffer from specific illnesses, to wit … pulmonary fibrosis, and related medical conditions."). The plaintiffs also allege that exposure to metals in LX Hausys' products "cause[ed]" them to suffer "an immunologic lung disease called hypersensitivity pneumonitis characterized by granulomas in lung tissue that also causes pulmonary fibrosis." *Quiroz* Complaint (ECF 28-1) ¶ 97; *see also* Counterclaim (ECF 23) ¶ 20.

Moreover, as noted already, the underlying plaintiffs allege bodily injury caused by exposure to substances and conditions other than "silica" or "silica-related dust" that fall outside the scope of the Silica Exclusion. For example, they allege injurious exposure to products that do not even contain silica, such as LX Hausys' HIMACS products. They also allege injurious exposure to "volatile organic compounds (VOCs), the predominant species being styrene, but also including phthalic anhydride, benzene, ethylbenzene, and toluene." *Quiroz* Complaint (ECF 28-1) ¶ 98. According to the plaintiffs, these VOCs "cause various pulmonary effects including asthma, bronchiolitis obliterans, decreased lung function as well as sclerosis and fibrosis." *Id.* These VOCs are gases or vapors that are allegedly present in "emissions" from the stone products. *Id.* at ¶ 783 (referring to "VOCs in the emissions"). They are not "silica," let alone "dust," and therefore, they do not fall within the scope of the Silica Exclusion.

The plaintiffs also allege exposure to, and bodily injury from, "metals" such as "aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium." Counterclaim (ECF 23) ¶ 19; *see also Quiroz* Complaint (ECF 28-1) ¶ 111. These metals are allegedly "extremely toxic to the human

lungs and are known to cause pulmonary fibrosis and other lung diseases, especially beryllium, which has long been known to cause a deadly fibrotic lung disease from trivial, transitory exposures of a mere few days or weeks." *Quiroz* Complaint (ECF 28-1) ¶ 851; *see also id.* at ¶ 97 (alleging metals cause hypersensitivity pneumonitis).  These metals are not "silica," and the plaintiffs do not allege that the metal particles contain silica. *Id.* ¶ 97.

In addition to VOCs, metals, and products that do not contain silica, the plaintiffs allege exposure to, and bodily injury from, resins and fumes, as well as mists and sprays from wet processing methods. *See, e.g.*, *Quiroz* Complaint (ECF 28-1) ¶¶ 96, 630, 981, 1188.  Like VOCs, these are also not "silica" or "dust," and as such, they do not fall within the scope of the Policies' Silica Exclusion.[1]

## III.   LEGAL STANDARD

When evaluating a motion to dismiss, "[a]ll of the facts alleged in the [counterclaim] are presumed true, and the pleadings are construed in the light most favorable to the non-moving party" here, LX Hausys. *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012).  The Court must "hold a dismissal inappropriate unless the [counterclaim] fails to 'state a claim to relief that is plausible on its face.'" *Carlin v. DairyAmerica, Inc.*, 705 F.3d 856, 866-67 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, 2019 WL 1383272 at *2 (S.D. Cal. Mar. 27, 2019) (noting the standard governing a motion to dismiss a claim or complaint "applies equally to a counterclaim" (citation omitted)).

Put differently, "[a] motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief, construing the complaint in the light most favorable to

---

[1] The underlying plaintiffs' allegations concerning "wet" fabrication methods cannot include "dust," which is a dry substance under its plain and ordinary meaning. *See, e.g.*, Dust, *Merriam-Webster*, available at https://www.merriam-webster.com/dictionary/dust (last visited October 22, 2025) (defining "dust" as "fine dry powdery particles")

the [non-moving party]." *Bain v. Cal. Tchrs. Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018) (citations omitted); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."). And, if it does grant such motion, the "court should liberally allow [the] party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

## IV.    **ARGUMENT**

### A.    **LX Hausys Has Pled Plausible Counterclaims for Coverage.**

The primary question before the Court is simple: Has LX Hausys alleged "sufficient factual matter" to make "plausible" its claims that there is the potential of coverage for at least some of the claims of bodily injury asserted in the Bodily Injury Lawsuits, such that Sompo has a duty to defend and potentially indemnify LX Hausys against the Bodily Injury Lawsuits? *E.g.*, *Integrity Inspection Servs. LLC v. Hartford Cas. Ins. Co.*, 2014 WL 12585784, at *3 (C.D. Cal. Oct. 3, 2014); *see also id.* at *3–*5 (denying motion to dismiss because the insurer "failed to establish as a matter of law that no potential for coverage exists under the terms of the Policy").  The answer is "yes."

As LX Hausys has alleged, it is defending itself against claims asserted in over 200 lawsuits claiming that it is liable not only for silicosis and bodily injury caused by exposure to "silica" and "silica-related dust," but also for pulmonary fibrosis and other bodily injuries, including, but not limited to, hypersensitivity pneumonitis, kidney disease, and autoimmune disorders, allegedly caused by exposure to, *inter alia*, gases, metals, fumes, mists, sprays, and dust from LX Hausys products that do not contain any silica.

These allegations fall squarely within Sompo's contractual promise to defend LX Hausys against lawsuits alleging "bodily injury," *see, e.g.*, Insuring Agreement (ECF 28.4) at 2; Insuring Agreement (ECF 28.5) at 2, which is a promise that must be "interpreted broadly so as to afford the greatest possible protection" to LX Hausys, *Wesco Ins. Co. v.*

*Brad Ingram Const.*, 2024 WL 243344, *1 (9th Cir. Jan. 23, 2024) (citations and quotations omitted).  They also fall outside the scope of the Policies' Silica Exclusion, which must be interpreted "narrowly in favor of coverage and the duty to defend." *Allied Prop.*, 2013 WL 2145961, at *5.

LX Hausys has therefore satisfied its burden of pleading facts that make "plausible," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018), its claim that there is a "potential for coverage" and that Sompo has a duty to defend, *Montrose*, 6 Cal.4th at 295.

Sompo argues that none of the Bodily Injury Lawsuits except the complaint in the *Quiroz* Action can support LX Hausys' Counterclaims because the Counterclaims do not cite or quote verbatim from each and every one of the complaints in those lawsuits.  *See* Mot. (ECF 27) at 24–25.  This argument is beside the point, as Sompo's motion to dismiss must be denied if there is a potential for the *Quiroz* Action.

Moreover, it is true that the Counterclaims quote allegations from the *Quiroz* complaint, but they do so merely to illustrate the allegations in the Bodily Injury Lawsuit. It was unnecessary and impractical, if not impossible, to quote from each and every one of the underlying complaints: such "'heightened fact pleading of specifics' is not required to survive a motion to dismiss." *Coupons, Inc. v. Stottlemire*, 588 F.Supp.2d 1069, 1073 (N.D. Cal. 2008).

What is required is the pleading of factual allegations sufficient to place Sompo fairly on notice of LX Hausys' claims of the potential for coverage.  *See Twombly*, 550 U.S. at 555.  That is what LX Hausys' Counterclaims do.  If there were any doubt about the sufficiency of LX Hausys' pleading, it is dispelled by the fact that Sompo's own Complaint only "incorporates by reference" the allegations of the underlying complaints, without quoting every relevant allegation in every underlying complaint verbatim.  *See* Complaint (ECF 1) ¶ 18.  Moreover, Sompo is well aware of the allegations of the underlying complaints: it is undisputed that the complaints were tendered to Sompo, which agreed to defend them, and is partially paying for the costs of defense.  *See id.* ¶ 3; *see also*

Counterclaim (ECF 23) ¶ 4; *Montrose*, 6 Cal.4th at 300 ("[t]he duty to defend is determined by reference to the policy, the complaint, and all facts known to the insurer from any source.").

Thus, Sompo can neither fault LX Hausys for quoting only the *Quiroz* complaint by way of illustration in its Counterclaims, nor seek to cabin its duty to defend each and every one of the Bodily Injury Lawsuits based solely on the allegations of the *Quiroz* complaint. Even if it could, Sompo's motion fails for the reasons set forth above and below.

**B.**      **Sompo Cannot Satisfy Its Burden of Showing That There Is No Potential for Coverage for the Bodily Injury Lawsuits.**

Since LX Hausys has met its pleading burden, Sompo's motion must be denied unless it satisfies its own burden of demonstrating that there is *no* "potential for coverage," *Montrose*, 6 Cal.4th at 295, in *any* of the 200+ lawsuits brought against LX Hausys, under the facts as alleged and accepted as true, with all inferences drawn in favor of LX Hausys. Sompo has not satisfied that burden, because it cannot.

Under well-settled California law, Sompo must defend any underlying lawsuit that is even ***potentially*** covered by the Policies. *Id.* All that is required to trigger Sompo's defense duty is "a bare 'potential' or 'possibility' of coverage," and "[a]ny doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id.* at 299–300 (citations omitted). Ultimately, if ***any*** allegation in an underlying complaint is even potentially covered, Sompo must defend the ***entire*** action. *See Horace Mann Ins. Co. v. Barbara B*, 4 Cal.4th 1076, 1084 (1993); *see also Buss*, 16 Cal.4th at 49 ("insurer has a duty to defend [any mixed] action in its entirety"). Sompo must do so until it is able to show on summary judgment that it has no defense obligation by establishing as a matter of law that there is no possibility of coverage for any claim in the Bodily Injury Lawsuits. *See Montrose*, 6 Cal.4th at 295; *accord Parklyn Bay Co., LLC v. Liberty Ins. Corp.*, 119 F. Supp. 3d 1143, 1147 (N.D. Cal. 2015).

Moreover, "an insurer that wishes to rely on an exclusion" to negate the potential for coverage "has the burden of proving, through conclusive evidence, that the exclusion

applies in all possible worlds." *Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal.App.4th 1017, 1039 (2002); *see also MacKinnon*, 31 Cal.4th at 648 (insurer must prove that the entire "claim is specifically excluded").  Thus, the only way Sompo can escape its duty to defend is if it can demonstrate the complete and absolute absence of any possibility of coverage, *Montrose*, 6 Cal.4th at 300, for any of the claims in the underlying actions, *Buss*, 16 Cal.4th at 49, by showing that the Bodily Injury Lawsuits "can by no conceivable theory raise a single issue which could bring [them] within the policy coverage," *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 n.15 (1966).  As explained below, Sompo cannot satisfy this burden.

### 1. Sompo Cannot Escape Its Duty to Defend By Characterizing the Underlying Plaintiffs' Exposure to Non-Excluded Substances As "Intertwined" with Silica.

In an attempt to satisfy its burden, Sompo argues that there is no potential for coverage for the Bodily Injury Lawsuits because the underlying plaintiffs' allegations of exposure to, and bodily injury from, substances that fall outside the Silica Exclusion are "intertwined" with allegations of exposure to "silica" and "silica-related dust."  Mot. (ECF 27) at 28–30.  Sompo's argument fails for at least five independent reasons.

*First*, Sompo disregards the plain language of the Silica Exclusion, which is not as broad as it suggests and does not apply to bodily injuries caused by exposure to VOCs, gases, metals, mists, fumes, or products that do not contain silica like the HIMACs product.  By its plain terms, the Policies' Silica Exclusion only bars coverage for those specific alleged bodily injuries arising out of the inhalation or ingestion of "silica" or "silica-related dust."  *Id.* at 21.  Thus, the Silica Exclusion cannot be read to preclude coverage for the underlying plaintiffs' alleged bodily injuries caused by substances other than "silica" or "silica-related dust."  *See* Counterclaim (ECF 23) ¶¶ 19–22; *see also Quiroz* Complaint (ECF 28-1) ¶¶ 95–98.

*Second*, the exclusion does not even purport to bar coverage for bodily injuries caused by "stone dust" generally, as Sompo suggests (*see* Mot. (ECF 27) at 30), let alone

bodily injuries caused by exposure to gases, metals, or products that do not contain silica. That is because the Silica Exclusion applies only to "silica" and "silica-related dust," which the Policies define as "a mixture or combination of 'silica' and other dust or particles." *Id.* at 22.[2] But gases are not "dust." Metals can be ingested independent from particles of solid matter that contain silica. And products that do not contain silica do not and cannot generate "silica-related dust." Sompo's assertion that its Silica Exclusion precludes the possibility of coverage for these exposures is not a reasonable interpretation of the plain language of the exclusion. Even if it were, it is not the *only* reasonable interpretation, as it would have to be for Sompo to prevail on its motion. *See, e.g., Palp, Inc. v. Williamsburg Nat'l Ins. Co.*, 200 Cal.App.4th 282, 290 (2011) ("the court must interpret the policy in the insured's favor if any other reasonable interpretation would permit coverage for the claim.") (citation omitted)); *MacKinnon*, 31 Cal.4th at 655 ("even if [an insurer's] interpretation is considered reasonable, it would still not prevail, for in order to do so it would have to establish that its interpretation is the *only* reasonable one").

**Third**, Sompo must establish that the Policies' Silica Exclusion "specifically" and "completely" bars all potential for coverage of every claim of injury asserted in the Bodily Injury Lawsuits. *See MacKinnon*, 31 Cal.4th at 648 ("The burden is … on the insurer to establish that the claim is specifically excluded."); *see also Health Net, Inc.*, 206 Cal.App.4th at 263 (insurers must establish "that there is no coverage for defense costs or

---

[2] "Dust" and "particles" are undefined in the Policies, and therefore, must be "understood in their ordinary and popular sense," Cal. Civ. Code § 1644, the meaning of which courts often derive from dictionaries, *see e.g., Jordan v. Allstate Ins. Co.*, 116 Cal.App.4th 1206, 1216 (2004). Dictionaries define "dust" and "particle" to mean a tiny fragments of solid matter. *See, e.g.*, Dust, *Merriam-Webster*, available at https://www.merriam-webster.com/dictionary/dust (last visited October 22, 2025) (defining "dust" as "a single particle" and "fine dry powdery particles"); Particle, *Merriam-Webster*, available at https://www.merriam-webster.com/dictionary/particle (last visited October 22, 2025) (defining "particle" as "a minute [] fragment" or "the smallest discrete portion or amount of something"). Thus, under their plain and ordinary meanings, "dust" and "particle" can reasonably be interpreted to mean a tiny grain or fragment of solid matter.

indemnity for the entirety of the [underlying] actions" such that coverage is "completely" barred"); *Buss*, 16 Cal.4th at 49 (if any claim is even potentially covered, the insurer must defend the entire action, even if other claims are excluded).

To do so, Sompo must "conclusively establish" that *each and every* injury, including those at the cellular level, alleged in the Bodily Injury Lawsuits is caused by exposure to "silica" or "silica-related dust" and therefore excluded. *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal.App.4th 1, 46–47 (1996) (insurer must show there is no *potential* that any of the plaintiffs' conditions was caused by a non-excluded substance). But, as discussed above, the underlying plaintiffs allege injury from exposure to: (1) LX Hausys products that do not contain silica; (2) VOCs, which are carbon-based *gases* (not dust) emitted from certain solids or liquids that the underlying plaintiffs allege caused them "pulmonary effects including asthma, bronchiolitis obliterans, decreased lung function as well as sclerosis and fibrosis," *Quiroz* Complaint (ECF 28-1) ¶ 98; (3) metals that caused "hypersensitivity pneumonitis characterized by granulomas in lung tissue that also causes pulmonary fibrosis" *id.* ¶ 97; and (4) and other substances, including resins, fumes, mists and sprays, each of which allegedly caused their injuries, *see, e.g., id.* ¶¶ 96, 981, 1188. Thus, Sompo cannot establish that the Silica Exclusion (1) applies to the myriad of exposures and bodily injuries, including those at the cellular level, the underlying plaintiffs allege they have suffered and (2) precludes coverage in all "possible worlds" because all of the plaintiffs' injuries were *solely* caused by "silica" or "silica-related dust." *See, e.g., Atlantic Mut. Ins. Co.*, 100 Cal.App.4th at 1039.

*Fourth*, the plaintiffs' alleged discrete bodily injuries, and specifically what caused each of them, are fact intensive inquiries that require extensive medical evidence. *Armstrong World Indus., Inc.*, 45 Cal.App.4th at 45–48 (discussing the necessity of considering medical evidence related to the "physiological processes associated with the inhalation of asbestos" to determine whether they are covered). By way of illustration, pulmonary fibrosis, which is a disease that occurs when lung tissue becomes damaged and scarred, is the result of cell injury or death and tissue inflammation that can occur when a

foreign particle—such as metal—comes into contact with alveoli in the lungs.  *Id.* at 38. The assessment of whether each underlying plaintiffs' alleged pulmonary fibrosis was caused by "silica," "silica-related dust," or some other substance is a factual question that *must be resolved in the underlying cases*, not here, and certainly not at the pleadings stage. *See*, *e.g.*, *Horace Mann Ins. Co.*, 4 Cal.4th at 1085 (where facts relevant to duty to defend are in dispute in the underlying action, the insurer must defend until those disputed facts are resolved in the underlying action).  That alone is a basis to deny Sompo's motion.

*Finally*, even if Sompo could prove that each and every injury must of logical necessity have been caused by silica or "silica-related dust" (it cannot), the Silica Exclusion would still not bar coverage for the Bodily Injury Lawsuits because where, as here, a potentially covered cause (such as VOCs, metals, or exposure to LX Hausys products that do not contain silica) is alleged to be a "substantial" cause of an injury, *Quiroz* Complaint (ECF 28-1) ¶¶ 1307, 1325, 1345, liability coverage *must be afforded even if* an allegedly excluded cause (*e.g.*, silica) *also* was a factor in causing the injury, *State of California v. Allstate Ins. Co.*, 45 Cal.4th 1008, 1032 (2009) ("liability coverage exists whenever an insured risk constitutes a proximate cause of an accident, even if an excluded risk is a concurrent proximate cause.") (quoting *State Farm Mut. Auto. Co. v. Partridge*, 10 Cal.3d 94, 105 (1973)); *see also* Cal. Ins. Code § 530.  The concurrent causation doctrine (which precludes narrowly restricting coverage only to "the 'prime,' 'moving,' or 'efficient,' cause" as Sompo seeks to do here) extends "coverage under a liability insurance policy… to an insured whenever an insured risk constitutes simply a concurrent proximate cause of the injuries."  *State Farm Mut. Auto. Co.*, 10 Cal.3d at 104–05.  Applied here, if any of the underlying plaintiffs' alleged bodily injuries was caused by both non-silica exposures and silica or silica-related dust (as alleged in the Bodily Injury Lawsuits), then coverage exists.  *See*, *e.g.*, *Am. Zurich Ins. Co. v. James N. Gray Co.*, 2014 WL 11430928, at *6 (C.D. Cal. July 25, 2014) (denying summary judgment based on a silica exclusion because the underlying plaintiffs' alleged injuries were caused by silica and "dozens of other chemicals."); *see also id.* ("the fact that silica is involved in a lawsuit

12

cannot negate any possibility of coverage sufficient to relieve [the insurer] of a duty to defend").[3]

For the same reason, Sompo's suggestion that the Silica Exclusion's use of "arising out of, in whole or in part" bars coverage for the Bodily Injury Lawsuits in their entirety also fails as a matter of law. *See* Mot. (ECF 27) at 29 (suggesting that coverage is precluded if "silica" or "silica-related dust" is even "in part" a cause for the underlying plaintiffs' alleged injuries). California courts have rejected Sompo's argument because an insurer "cannot contract around California law that requires insurers to defend the entire action if there is any potentially covered claim." *Saarman Constr., Ltd v. Ironshore Specialty Ins. Co.*, 201 F.Supp.3d 1136, 1149 (N.D. Cal. 2016), *order amended on reconsideration sub nom.* 230 F.Supp.3d 1068 (N.D. Cal. 2017); *see also Julian v. Hartford Underwriters Ins. Co.*, 35 Cal.4th 747, 754 (2005) ("Policy exclusions are unenforceable to the extent that they conflict with section 530 and the efficient proximate cause doctrine.").

In short, because Sompo cannot establish that the Silica Exclusion applies in "all possible worlds," it cannot escape its broad duty to defend. *See Atlantic Mut. Ins. Co.*, 100 Cal. App. 4th at 1039. Accordingly, Sompo's motion should be denied.

### 2.    The Court Should Reach a Different Result Here Than It Did in *Hanover v. Francini*.

Sompo relies on a prior order in *Hanover American Insurance Co. v. Francini, Inc.*, 2025 WL 1090925 (C.D. Cal. Mar. 27, 2025), for the proposition that the Policies' Silica Exclusion unambiguously applies to bar coverage for the Bodily Injury Lawsuits. *See* Mot.

---

[3] Sompo also argues that the Silica Exclusion applies because the majority of the underlying allegations relate to excluded silica. *See* Mot. (ECF 27) at 24. But the fact that "noncovered acts predominate" is irrelevant. *Horace Mann Ins. Co.*, 4 Cal.4th at 1084. If there is any potential for liability, "the insurer has a duty to defend the action in its entirety," even if it involves claims that are excluded or uncovered. *Buss*, 16 Cal.4th at 48; *see also Aerojet-Gen. Corp. v. Transp. Indem. Co.*, 17 Cal. 4th 38, 41, (1997), *as modified on denial of reh'g* (Mar. 11, 1998).

(ECF 27) at 22, 32.  But apart from the fact that *Hanover* is not binding precedent, the *Hanover* Court granted the insurers' motion for judgment on the pleadings because there the "recovery sought against [the insured was] based on bodily injuries, sickness, or disease caused by [] silica or silica-related dust," which fell within the scope of the silica exclusion.  2025 WL 1090925 at *5; *see id.* at *6 (granting the insured leave to amend its Answer to plead allegations of third-party bodily injury falling outside of the silica exclusion).

Here, as pled in LX Hausys' Counterclaims, the recovery sought by the underlying plaintiffs against LX Hausys is not only for bodily injury caused by exposure to "silica" and "silica-related dust," but also for bodily injury caused by exposure to LX Hausys products that contain no silica, as well as VOCs, metals, and other non-excluded substances.  *See* Counterclaim (ECF 23) ¶¶ 19–22.

In any event, the *Hanover* Court addressed only a small sample of the Bodily Injury Lawsuits and, perhaps more fundamentally, neither addressed (1) the potentially covered allegations concerning the underlying plaintiffs' alleged injuries, like those resulting from VOCs, nor (2) the potentially covered allegations concerning the myriad of discrete bodily injuries alleged and fairly inferable in the Bodily Injury Lawsuits.  LX Hausys respectfully submits that, contrary to the preliminary ruling in *Hanover*, the arguments, authority, and objective (and undisputable) facts presented by LX Hausys herein dictate a finding that—like in *American Zurich*—the Bodily Injury Lawsuits allege potentially covered injuries falling squarely outside the scope of the Policies' Silica Exclusion and that, as such, Sompo has a duty to defend.[4]

---

[4] If anything, this Court should defer any reliance on *Hanover* until resolution of the insurers' pending renewed motion for judgment as a matter of law, which was filed after the insured in that case amended its Answer to state more clearly claims that arise out of exposures other than those to silica-related dust.  *See Hanover*, 2025 WL 1090925 at *6.

**C.      The *Quiroz* Complaint Neither Refutes Nor Contradicts LX Hausys'
Counterclaim Allegations of Bodily Injury From Non-Excluded Causes.**

Sompo also argues that the allegations in LX Hausys' Counterclaims cannot be accepted as true because, according to Sompo, they make "implausible misstatements" that misrepresent and contradict the allegations of the *Quiroz* complaint.  Mot. (ECF 27) at 26.  Not so.

As an initial matter, Sompo complains about the Counterclaims' use of the words "separate" and "separately" to describe the underlying plaintiffs' alleged exposure to VOCs, metals, and other substances that fall outside the scope of the Silica Exclusion, contending not only that those two words are not used in the *Quiroz* complaint, but also that they wrongly negate the *Quiroz* complaint's supposed allegations of intertwined exposures.  *Id.* at 26–29.  Sompo protests too much.  The words "separate" or "separately" do not need to be used in the *Quiroz* complaint for the Counterclaims to describe accurately the underlying plaintiffs' alleged separate exposures to, and bodily injuries from, non-excluded causes.  So long as those allegations are "*fairly inferable* in the complaint"—which they are—and "suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage."  *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643, 655 (2005).  That is the case here: the words "separate" and "separately" accurately describe allegations of separate exposures that are "fairly inferable" from the complaints in the Bodily Injury Lawsuits.

To illustrate by example, Sompo quibbles that LX Hausys inappropriately replaced the phrase "In addition to crystalline silica" as used in Paragraph 97 of the *Quiroz* complaint with the word "separately" to "create the illusion of 'separate' exposure and causation."  Mot. (ECF 27) at 28.  But the *Quiroz* complaint's use of the phrase "in addition to" before "crystalline silica" means precisely that the underlying plaintiffs' claim that pulmonary fibrosis is caused by metals "is 'besides' or 'separate from'" their exposure

to crystalline silica. *See* *In re Arnold*, 471 B.R. 578, 601-03 (Bankr. C.D. Cal. 2012) (the phrase "in addition to[ ] indicates that it is 'besides,' or 'separate from,' the subject of the sentence"). The underlying plaintiffs' allegation of separate exposure and injury is further confirmed by the fact that the *Quiroz* complaint alleges in that same paragraph that the plaintiffs' "hypersensitivity pneumonitis" is "an immunologic lung disease" caused by "metals," not silica. *Quiroz* Complaint (ECF 28-1) ¶ 97.

As another example, Sompo complains that Paragraph 20 of the Counterclaim wrongly omits the phrase "are not only exposed to high concentrations of respirable crystalline silica, but are also" when quoting Paragraph 96 of the *Quiroz* complaint, which, in Sompo's view, is a phrase that confirms the *Quiroz* complaint's allegations of intertwined exposures. *See* Mot. (ECF 27) at 27. But the phrase "not only … but also" in Paragraph 96 of the *Quiroz* complaint implies precisely that the underlying plaintiffs are alleging injury from exposure to "other toxic substances in artificial stone, including metals used as pigments and polymeric resins as binders" separate and apart from their allegations of exposure to crystalline silica, as alleged and discussed in the preceding paragraph of *Quiroz* complaint. Thus, Paragraphs 95 through 98 of the *Quiroz* complaint allege separate injurious exposures to these substances—not simply "dust composed of a mixture"—as Sompo asserts. Here, at this stage, Sompo cannot present its own "version of the facts" simply to avoid its coverage obligations. *E.g.*, *Khoja*, 899 F.3d at 999 ("defendants are [not] permitted to present their own version of the facts at the pleading stage"; otherwise, "it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.") (citation omitted).

As a final example, Sompo argues that the Counterclaims' allegations of separate exposure to VOCs misrepresents the *Quiroz* complaint, which according to Sompo, alleges "that the silica, metals, and VOC exposure all occur together," resulting in a "silica-related" bodily injury. Mot. (ECF 27) at 30. This assertion is both false and irrelevant.

While the *Quiroz* complaint alleges that silica, metals, VOCs, pigments, resins, and other substances are released from the stone products when they are cut, ground, drilled,

16

chipped, edged, and/or polished, it also delineates the independent exposures and effects of those substances, each of which "entered [the plaintiff's] body [and] was a substantial factor in bringing about, prolonging, and aggravating [his] silicosis and his related and consequential injuries." *E.g. Quiroz* Complaint (ECF 28-1) ¶ 1325.  Those allegations of separate exposures to each substance, and separate injuries, which the underlying plaintiffs were required to allege,[5] must be accepted as true, and Sompo cannot avoid its coverage obligations by arguing, as it does, that what the underlying plaintiffs actually allege are all just "silica-related" bodily injuries because the plaintiffs also allege that they were exposed to silica.  *See, e.g.*, Khoja, 899 F.3d at 999 (noting that "district courts [cannot] accept … as uncontroverted and true" defendants' "version of the facts at the pleading stage").  Moreover, as noted already, many of the plaintiffs' alleged exposures were not to anything that can be characterized as "dust" at all, let alone "silica-related dust."

At best, the underlying complaints are silent as to whether each and every bodily injury alleged, *if any*, was caused by silica, silica-related dust, or some other substance the underlying plaintiffs were allegedly exposed to.  This is a factual question in dispute that must be resolved in the underlying cases, not here.  As a matter of law, the "very existence of that [unresolved factual] dispute would establish a possibility of coverage and thus a duty to defend." *Mirpad, LLC v. California Ins. Guarantee Assn.*, 132 Cal.App.4th 1058, 1068 (2005) (citing *Horace Mann*, 4 Cal.4th at 1085).  In any event and as noted already, where, as here, there are allegations of concurrent causes, some of which are potentially covered, the assertion that other potentially contributing causes are excluded is irrelevant

---

[5] The fact that the *Quiroz* complaint alleges separate exposures to metals, VOCs, and other non-excluded toxins is further confirmed by the pleading requirements set forth in *Bockrath v. Aldrich Chem. Co.*, 21 Cal.4th 71 (1999).  In *Bockrath*, the California Supreme Court confirmed that a "[p]laintiff must allege that he was exposed to each of the toxic materials claimed to have caused a specific illness," that each of "the toxins entered his body," and that "each toxin that entered his body was a substantial factor in bringing about, prolonging, or aggravating [a specific] illness." 21 Cal.4th 71, 80 (1999).  That is what the *Quiroz* complaint alleges. *See Quiroz* Complaint (ECF 28-1) ¶¶ 101–02 (noting that the complaint seeks to conform with the pleading requirements of *Bockrath*).

as a matter of law.  Sompo's "contractual duty to defend the potentially covered claims immediately and meaningfully implies the prophylactic duty to defend entirely, without pausing to parse among potentially covered and clearly uncovered claims." *Sempra Energy v. Associated Elec. & Gas Ins. Servs. Ltd.*, 473 F. Supp. 3d 1052, 1063 (C.D. Cal. 2020) (citation omitted).

Moreover, the fact that the *Quiroz* complaint does not specifically allege that some of LX Hausys' products, including the HIMACS product, do ***not*** contain silica neither renders Paragraph 22 of the Counterclaim somehow void, as Sompo suggests, nor precludes coverage for the bodily injuries allegedly caused by exposure to those products. *See* Mot. (ECF 27) at 31.  The Counterclaim itself alleges that some of LX Hausys' products, including the HIMACS product, do ***not*** contain silica, *see* Counterclaim (ECF 23) ¶ 22, and that allegation must be accepted as true for purposes of this motion, *Khoja, 899 F.3d at 999*.  The fact that the underlying complaints are silent on this question is irrelevant: the plaintiffs in those cases were not required to allege whether or not each product contained silica.  All they were required to do was allege exposure to LX Hausys products and resulting bodily injury.  The fact that the underlying complaints are silent on this question entails that the underlying plaintiffs' claims ***are*** potentially covered and that Sompo is required to defend them until the opposite is proven as a matter of uncontroverted fact.  *See Montrose, 6 Cal.4th at 295* (duty to defend may be created by extrinsic facts that are not presented in the underlying complaints; insurer must defend until it can obtain summary judgment that no possibility of coverage exists); *see also Gray, 65 Cal.2d at 277* (insurer has duty to defend when it has knowledge of facts not alleged in the underlying complaint); *see also Hartford Cas. Ins. Co. v. Swift Distrib., Inc., 59 Cal.4th 277, 287 (2014)* ("insurer's duty to defend arises and is not extinguished" when the underlying complaints are silent to certain facts known to the insurer but nonetheless disclose enough facts to indicate the potential for coverage).

Nevertheless, while the *Quiroz* complaint alleges that "stone products contain crystalline silica in varying concentrations," *Quiroz* Complaint (ECF 28-1) ¶ 93, and

alleges exposure to and injury from LX Hausys' "artificial stone product [] sold under the tradename Viatera," it also alleges exposure and injury resulting from LX Hausys' HIMACS products, which it describes as "acrylic solid surface products" rather than stone products that contain silica. *Id.* ¶ 977. Thus, Paragraph 22 of the Counterclaim is not contrary to the *Quiroz* complaint, as Sompo contends, but consistent with it.

In sum, the Counterclaims neither misstate nor contradict the *Quiroz* complaint. As such, they must be accepted as true. *See, e.g., Maponics, LLC v. Wahl*, 2008 WL 2788282, at *2 (N.D. Cal. July 18, 2008) ("counterclaim is construed in a light most favorable to the claimant and all properly pleaded factual allegations are taken as true.").

### D.    LX Hausys' Counterclaims Are Viable.

Because Sompo has not established (because it cannot) that the Policies' Silica Exclusion conclusively precludes the possibility of coverage for the Bodily Injury Lawsuits, its motion to dismiss each of LX Hausys' counterclaims must be denied. Indeed, because Sompo cannot show that there is no potential for coverage of any of the underlying plaintiffs' alleged injuries, it has a duty to defend, and as such, dismissal of LX Hausys' declaratory relief or breach of contract counterclaims regarding Sompo's duty to indemnify, which Sompo seeks on the sole basis of the Silica Exclusion barring coverage, *see* Mot. (ECF 27) at 32, is unwarranted for the reasons articulated in this opposition, *see, e.g., Foster Poultry Farms v. Contractors Bonding & Ins. Co.*, 562 F.Supp.3d 1152, 1158 (E.D. Cal. 2022) (denying motion to dismiss all of plaintiff's claims because "[w]here there is a duty to defend, there *may be* a duty to indemnify").

Sompo's duty to defend continues as a matter of law until it is able to prevail on summary judgment and establish that there is no possibility of coverage for any claim of bodily injury in the Bodily Injury Lawsuits. *See, e.g., Montrose*, 10 Cal.4th at 691. Until then, Sompo must provide LX Hausys a complete and full defense against the Bodily Injury Lawsuits. *See, e.g., Buss*, 16 Cal.4th at 49 ("To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not."

19

(citation omitted)).  Because Sompo has not done so (as alleged in the Counterclaims, *see* Counterclaim (ECF 23) ¶¶ 57–67), LX Hausys has pled a viable breach of contract claim regarding Sompo's duty to defend.  *See, e.g.*, *Haskel, Inc. v. Super. Ct.*, 33 Cal.App.4th 963, 976 n. 9 (1995)* (An insurer's failure to provide a complete defense or pay its insured's defense costs in full is "the equivalent of a defense [coverage] denial.").

For that same reason, Sompo's motion to dismiss LX Hausys' bad faith claim must be denied as well.  Sompo's only basis for seeking dismissal of LX Hausys' bad faith claim is its incorrect view that the Policies' Silica Exclusion bars coverage for the Bodily Injury Lawsuits.  However, because LX Hausys' contract-based counterclaims are viable, dismissal of its bad faith claim would be inappropriate on that ground.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (error to grant motion to dismiss bad faith claim when breach of contract claim is viable).  Moreover, as LX Hausys has pled in its Counterclaims, Sompo has only provided LX Hausys a partial defense against the Bodily Injury Lawsuits—an allegation, which must be taken as true, that Sompo does not dispute.  That alone requires denial of Sompo's motion as it relates to LX Hausys' bad faith counterclaim.  *See Haskel*, 33 Cal.App.4th at 976 n. 9 (paying for only part of the insured's defense constitutes a wrongful denial of the insurer's defense obligation); *see also Travelers Indem. Co. of Illinois v. Ins. Co. of N. Am.*, 886 F.Supp. 1520, 1526 (S.D. Cal. 1995) ("by refusing either to defend or to prove that no potential for coverage exists once a potential for coverage has been shown, the insurer exposes itself to liability for bad faith").

### E.    If the Court Finds Dismissal Warranted, LX Hausys Should Be Given Leave to Amend Its Counterclaims.

If the Court is persuaded by any of Sompo's arguments and finds dismissal is appropriate, LX Hausys should be provided leave to amend.  *See, e.g.*, *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) (court must afford "at least one chance to amend . . . absent a clear showing that amendment would be futile").  Leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. Proc. 15(a), and

20

"[t]he party opposing leave to amend bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend," *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 482 (E.D. Cal. 2022) (citations omitted). Sompo cannot satisfy that heavy burden.

In its attempt to do so, Sompo cursorily argues that leave to amend would be futile "because the allegations of the [Bodily Injury] Lawsuits are beyond Hausys' control." Mot. (ECF 27) at 32. But "[d]enial of leave to amend for futility is proper [only] where it is clear that the complaint cannot be saved by further amendment." *Escamilla v. Lara,* 2024 WL 1200330, at *2 (C.D. Cal. Mar. 7, 2024), *report and recommendation adopted*, 2024 WL 1198462 (C.D. Cal. Mar. 19, 2024); *see also Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (same). That is not the case here. Indeed, if the Court found dismissal of the Counterclaims appropriate, LX Hausys would amend its Counterclaims to (1) plead in clearer terms the Bodily Injury Lawsuits' allegations of exposure to, and bodily injury from, non-excluded substances demonstrating the potential for coverage and (2) incorporate the underlying plaintiffs' discovery reflecting that they seek damages for bodily injuries allegedly caused by non-excluded constituents, as well as scientific research corroborating the fact that some of their alleged bodily injuries were caused by substances separate and apart from "silica" and "silica-related dust." Because such amendment would save LX Hausys' Counterclaims from dismissal, it would not be futile. Accordingly, to the extent the Court grants Sompo's motion, leave to amend should also be granted.

## V. CONCLUSION

For the reasons set forth herein, the Court should deny Sompo's motion in its entirety.

Dated:  October 27, 2025

Respectfully submitted,

COVINGTON & BURLING LLP

By:   /s/ *Reynold L. Siemens*
      REYNOLD L. SIEMENS
      *Attorneys for Defendant LX*
      *Hausys America, Inc.*

DEFENDANT AND COUNTERCLAIMANT LX HAUSYS AMERICA, INC.'S OPPOSITION TO SOMPO'S MOTION TO DISMISS
Case No. 2:25-cv-2832-JFW-MAA