SUSAN KOEHLER SULLIVAN, State Bar No. 156418
*Susan.Sullivan@clydeco.us*
BRETT C. SAFFORD, State Bar No. 292048
*Brett.Safford@clydeco.us*
RUIMIAO DU, State Bar No. 345687
*Ruimiao.Du@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650

ALEC H. BOYD (SBN 161325)
*Alec.Boyd@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:   (415) 365-9800
Facsimile:   (415) 365-9801

ROBERT MANGINO (*pro hac vice*)
*Robert.Mangino@clydeco.us*
CLYDE & CO US LLP
340 Mt. Kemble Avenue, Suite 300
Morristown, NJ 07960
Telephone:   (973) 210-6700
Facsimile:   (973) 210-6701

Attorneys for Plaintiff
SOMPO AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America Inc.), a New Jersey corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:25-cv-02832-JFW-MAA<br><br>Hon. John F. Walter<br>Courtroom 7A<br><br>**REPLY BRIEF IN SUPPORT OF SOMPO'S MOTION TO DISMISS DEFENDANT LX HAUSYS' COUNTERCLAIM**<br><br>Complaint Filed:   March 18, 2024<br>Discovery Cutoff:   None Set<br>Motion Cutoff:   None Set<br>Pretrial Conf. Date: None Set<br>Trial Date:   None Set |

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

1

# **TABLE OF CONTENTS**

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

**Pages**

**INTRODUCTION** ........................................................................................**5**

**KEY ALLEGATIONS** ..................................................................................**6**

**ARGUMENT**................................................................................................**8**

I.    Hausys Agrees The Duty To Defend Is Determined By A Comparison Of The Allegations Of The Underlying Complaint With The Policy Terms........................................................................................8

II.    Hausys Agrees The Allegations Of The *Quiroz* Third Amended Complaint Are An Exemplar Of The Allegations Of The Silica Lawsuits .................................................................................9

III.   Hausys Does Not Dispute That Allegations Of Its Counterclaim Need Not Be Accepted If They Misstate The Allegations Of The Silica Lawsuits .................................................................................9

IV.   The Silica Lawsuits Indisputably Allege Intertwined Exposure And Causation Such That The Silica Or Silica-Related Dust Exclusion Applies ................................................................................10

V.    The Presence Of VOCs In Stone Products Is Immaterial.....................13

VI.   Hausys' Bad Faith Claim Also Fails.......................................................13

VII.  Leave To Amend Is Not Warranted.........................................................14

**CONCLUSION** ...........................................................................................**15**

42572576.1

**CLYDE & CO US LLP**
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937 (2009) ......................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955 (2007) ......................................................................5

*Certain Underwriters at Lloyd's of London v. Superior Court*,
24 Cal.4th 945 (2001) ...........................................................................................14

*Garvey v. State Farm Fire and Cas. Co.*,
48 Cal. 3d 395 (1989) ...........................................................................................11

*Gunderson v. Fire Ins. Exchange*,
37 Cal.App.4th 1106 (1995) ...................................................................................8

*Hanover American Insurance Co.*, 2025 WL 1090925
(March 27, 2025) ............................................................................................10, 15

*Horace Mann Ins. Co. v. Barbara B.*,
4 Cal.4th 1076 (1993) .........................................................................................8, 9

*Montrose Chem. Corp. v. Superior Ct.*,
6 Cal.4th 287 (1993) .............................................................................................10

*Richardson v. State Farm Fire and Cas. Co.*,
19 F.3d 29 (9th Cir. 1994) .....................................................................................10

*Rosen v. State Farm Gen. Ins. Co.*,
30 Cal.4th 1070 (2003) .........................................................................................13

*Safeco Ins. Co. v. Gilstrap*,
141 Cal.App.3d 524 (1983) ...................................................................................11

*Scottsdale Ins. Co. v. MV Transportation*,
36 Cal.4th 643 (2005) ...........................................................................................14

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .................................................................................10

42572576.1

*State Farm Fire and Casualty Company v. Diblin*,
   114 Cal.App.5th 1245, 337 Cal.Rptr. 688 (2025) ............................................... 10

*State Farm Mutual Automobile Insurance Company v. Partridge*,
   10 Cal.3d 94 (1973) ..................................................................................... 10, 11

*Tamrac, Inc. v. California Ins. Guarantee Assn.*,
   63 Cal.App.4th 751 (1998) ................................................................................. 14

**Other Authorities**

CACI 430 .......................................................................................................... 12

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

4

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

**INTRODUCTION**

LX Hausys America, Inc. ("Hausys"), bears the burden to allege "enough facts to state a claim to relief that is plausible on its face" as required by governing law. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953 (2009). As demonstrated in Sompo's Motion to Dismiss ("Motion", Docket No. XX), Hausys fails to state a claim against Sompo because the policy issued by Sompo plainly excludes coverage for the Silica Lawsuits[1] by operation of the Silica Or Silica-Related Dust Exclusion.

In its Opposition, Hausys admits it relies upon the allegations of the *Quiroz* TAC to "illustrate the allegations" of the Silica Lawsuits at issue. Thus, it is material and dispositive that the *Quiroz* TAC plainly grounds its claims for damages on Hausys' alleged liability for the manufacture, supplying, distributing, importing brokering, or contracting of "stone products." The *Quiroz* TAC further alleges that: "all" stone products contain crystalline silica, workers who fabricate those products are "always" exposed to crystalline silica dust, fabricating stone products produces "large amounts" of respirable crystalline silica dust, workers "inhale or ingest" that dust, and as a result workers suffer from silicosis, lung cancer, and other silica-related diseases such as pulmonary fibrosis.

While the *Quiroz* TAC alleges that the "stone products" also contain other toxins and substances which are released during fabrication of those products, no allegations are made of exposure to other substances separate, apart, or disassociated from exposure to silica. Likewise, no allegation is made that exposure separate or independent of exposure to silica has caused injury. To the contrary, the TAC alleges that the components of "stone products" are released by the same mechanism (fabrication), migrate into a workers' system by the same mechanisms (inhalation and

---

[1] Counterclaim Ex.1 [Doc. 23-1] lists Silica Lawsuits. Hausys pleads all such suits "at issue are pending in California state courts …." [Doc. 23, p. 14:24-25, ¶ 3.]

42572576.1

ingestion), and causes or aggravates the same injuries, primarily silicosis.

Hausys argues in its Opposition [Doc. 38] that Sompo's Motion to Dismiss [Doc. 12] must be denied if there is a potential for coverage for the *Quiroz* Action, and that potential can only be negated if Sompo proves "all of the plaintiffs' injuries were **solely** caused by 'silica' or 'silica-related dust." [Doc. 38, p. 11:19-20.]. Hausys further asserts that the "assessment of whether each underlying plaintiffs' alleged injuries were caused by 'silica,' 'silica-related dust,' or some other substance is "a factual question that must be resolved in the underlying cases, not here, and certainly not at the pleading stage." These arguments ignore California law regarding the determination of the "duty to defend", as well as the plain language of the insurance contract's Silica Or Silica-Related Dust Exclusion. The Exclusion states coverage does not apply to "'Bodily injury' arising, in whole or in part, out of the … alleged … inhalation of, or ingestion of, 'silica' or 'silica-related dust'[2]." [Doc. 1-3, p. 103.] And the term "silica-related dust" is expressly defined as "a mixture or combination of silica and other dust or particles," which is what the TAC alleges results when a "stone product" comprised of a silica and other substances, such as metals, is fabricated.

In short, Hausys' arguments for coverage entirely fail under California law where the existence of a duty to defend must be determined based on a comparison of the allegations of the Silica Lawsuits (as exemplified by the allegations of the *Quiroz* TAC) with the Silica Or Silica-Related Dust Exclusion.

### **KEY ALLEGATIONS**

Hausys' Opposition to Sompo's Motion to Dismiss fails to address the vast bulk of the allegations of the *Quiroz* TAC relied upon by Sompo. Because there is not

---

[2] "Silica" means "silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds" and "silica-related dust" means "a mixture or combination of silica and other dust or particles." [Doc. 1-1, p. 60.]

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

enough room in this 12-page Reply Brief to recite every relevant allegation of the *Quiroz* TAC, we offer this sampling of its key allegations which conclusively rebut Huasys' theory of the case.

- "The defendants named herein were and/or are the manufacturers, suppliers, distributors, importers, brokers, and/or contractors of industrial stone products, which are hereinafter called 'stone products,'…. [Doc. 28-1, ¶ 89, p. 32 (emphasis added).];

- "*All* stone products contain crystalline silica in varying concentrations from the lowest concentration of about 3-5% in marble to about 93-95% in traditional artificial stone." [Doc. 28-1, ¶ 93, p. 32 (emphasis added).];[3]

- "[W]orkers who fabricate artificial stone are *always exposed* to crystalline silica dust, so it is misleading to merely state that dust 'can expose' them to crystalline silica." [Doc. 28-1, ¶ 261, p. 96-97 (emphasis added).];

- "Cutting, grinding, drilling, chipping, edging, and/or polishing (collectively 'fabricating') stone products produces *large amounts* of respirable crystalline silica dust which stone workers inhale, typically causing chronic silicosis as well as lung cancer and various other silica-related diseases." [Doc. 28-1, ¶ 95, p. 33 (emphasis added).];

- Fabrication workers who cut, grind, drill, chip, edge, and/or polish artificial stone products are not only exposed to high concentrations of respirable crystalline silica, but are also exposed to other toxic substances in artificial stone, including metals used as pigments and polymeric resins as binders. [Doc. 28-1, ¶ 96, p. 33 (emphasis added)];

- "As a result of Plaintiff CESAR MANUEL GONZALEZ QUIROZ's

---

[3] The causes of action in the Silica Lawsuits seek to impose liability with regard to the workers exposure to "stone products." [*Quiroz TAC*, ¶¶ 1305, 1317-1332, 1335-1354, 1357-1387,1389-1397, pp. 449, 451-453, 454-457, 460-464, 465-466.] Thus, the Silica Lawsuits only seek to impose liability for silica containing products.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

exposure to Defendants' toxic stone products, <u>toxins, including silica, metals and other toxic substances, within said stone products entered Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's body.</u>" [Doc. 28-1, ¶ 1377, p. 464 (emphasis added).];

- "Each of the foregoing <u>toxic stone products caused</u> Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's <u>silicosis as well as his other related and consequential injuries.</u>" [Doc. 28-1, ¶ 1379, p. 464 (emphasis added).]; and

- "<u>Each toxin, including silica and every metal, that entered Plaintiff</u>, CESAR MANUEL GONZALEZQUIROZ's body <u>was a substantial factor in bringing about, prolonging, and aggravating</u> Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's <u>silicosis, and related injuries</u>." [Doc. 28-1, ¶ 1380, p. 464 (emphasis added).]

Hausys' Counterclaim also alleges that the *Quiroz* TAC states that as a result of his "alleged" exposure to "stone dust containing silica and other toxins and carcinogens," including various metals and VOCs, plaintiff allegedly "developed lung disease characterized by pulmonary nodules, <u>silicosis</u>, <u>pulmonary fibrosis</u>, progressive massive fibrosis, and other forms of lung damage." [Doc. 23, ¶ 19, p. 18:2-10.]

## **ARGUMENT**

### I.    **Hausys Agrees The Duty To Defend Is Determined By A Comparison Of The Allegations Of The Underlying Complaint With The Policy Terms**

Hausys does not dispute that under California law determination of the "duty to defend" under a policy is made, in the first instance, by comparing the allegations of the underlying complaint with the policy terms. *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081 (1993); see Doc. 38, p. 14:1-3. Further, the determination of whether a duty to defend exists is made at the outset of the litigation and, contrary to Hausys' position, the duty to defend analysis is <u>not</u> dependent on facts or discovery that might surface at a later date. *Gunderson v. Fire Ins. Exchange*, 37 Cal.App.4th

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

1106, 1114 (1995) ("An insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date.").

Thus, Hausys' focus on the ultimate "assessment of whether each underlying plaintiffs' alleged pulmonary fibrosis was caused by 'silica,' 'silica-related dust,' or some other substance" [Doc. 38, pp. 11:2-12:4] is irrelevant to the question of a duty to defend. For purposes of the duty to defend, it does not matter if the allegations in the Silica Lawsuits are ultimately proved to be true or not, the only question is whether those allegations fall within the coverage of the insurance contract. *Barbara B.*, 4 Cal.4th at 1081.

## II. Hausys Agrees The Allegations Of The *Quiroz* Third Amended Complaint Are An Exemplar Of The Allegations Of The Silica Lawsuits

Hausys admits that "the Counterclaims quote allegations from the Quiroz Complaint" to "illustrate the allegations of the [Silica Lawsuits]" because it is "unnecessary and impractical, if not impossible, to quote from each and every one of the underlying complaints." [Doc. 38, p. 7:14-17.] Indeed, no allegations from any other Silicosis Lawsuit are quoted in the Counterclaim except those from the Quiroz TAC. Consequently, Hausys asserts "Sompo's motion to dismiss must be denied if there is a potential for [coverage for] the Quiroz Action." [Doc. 38, p. 7:12-13.]

But the converse is also true: Sompo's motion to dismiss should be granted if the allegations of the Quiroz TAC establish application of the Silica and Silica-Related Dust Exclusion, - which they do. Barbara B., 4 Cal.4th 1081. Hausys' Opposition fails to identify allegations from any other Silica Lawsuit which would fall outside the scope of the Silica and Silica Dust Exclusion.

## III. Hausys Does Not Dispute That Allegations Of Its Counterclaim Need Not Be Accepted If They Misstate The Allegations Of The Silica Lawsuits

Hausys attempts to sidestep the simple 8-corner "duty to defend analysis" under

California law (comparing the 4-corners of the complaint with 4-corners of the policy) by pointing to its own ***characterization*** of the Silica Lawsuit allegations contained in its Counterclaim. This effort fails as Hausys does not refute that a District Court need not and should not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Thus, evidence of the actual allegations of the Silica Lawsuits overrides contrary characterizations by Hausys in its Counterclaim, as to what the Silica Lawsuits allege. See, e.g., *Hanover American Insurance Co.*, 2025 WL 1090925 at *5 (March 27, 2025) (hereinafter "*Hanover*"; enforcing Silica Or Silica-Related Dust Exclusion; citing *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal.4th 287, 299 (1993)) for the proposition that "the insurer is not required to defend an action against the insured when the complaint in that action shows on its face that the injury complained of is not only not covered by, but is excluded from the policy").

**IV.    The Silica Lawsuits Indisputably Allege Intertwined Exposure And Causation Such That The Silica Or Silica-Related Dust Exclusion Applies**

Hausys invokes what it calls the "concurrent cause doctrine" originating in *State Farm Mutual Automobile Insurance Company v. Partridge*, 10 Cal.3d 94 (1973) ("*Partridge*") in an effort to avoid the application of the Silica Or Silica-Related Dust Exclusion. However, that doctrine, is more accurately referred to by California courts as the "***independent*** concurrent causation doctrine," "doctrine of concurrent ***independent*** causation" or the "concurrent ***independent*** causes doctrine." See e.g., *Richardson v. State Farm Fire and Cas. Co.*, 19 F.3d 29 (9th Cir. 1994); *State Farm Fire and Casualty Company v. Diblin*, 114 Cal.App.5th 1245, 337 Cal.Rptr. 688, 697 and 701 (2025) ("*Diblin*").[4] Hausys' careful omission of the word "independent" from its label and analysis of the doctrine reveals the basic flaw in its analysis.

---

[4] Cal.Rptr. citations are used here as the Cal.App. cites are not yet available.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

10

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

The California Supreme Court has directed that the doctrine does not apply where the excluded cause and the purportedly non-excluded cause are ***not independent of each other***.  See [Garvey v. State Farm Fire and Cas. Co., 48 Cal. 3d 395, 399 (1989)](holding the doctrine "should be utilized only in liability cases in which true concurrent causes, <u>each originating from an independent act</u> . . . simultaneously join together to produce injury" (partial emphasis added)). Here, however, the Silica Lawsuits do not allege that silica/dust caused damages independent of the other toxins released during stone fabrication. To the contrary, the Silica Lawsuits allege that "stone products" necessarily contain a mixture of silica and other toxic materials, and those toxins are collectively and contemporaneously released when the "stone product" is fabricated – which is an event that always releases silica in the form of dust. [Doc. 281-1, ¶¶ 93, 95, & 261, pp. 32, 33, & 96-97.]

In [Safeco Ins. Co. v. Gilstrap, 141 Cal.App.3d 524, 530 (1983)](https://) ("Safeco"), the court distinguished *Partridge* on the ground that the asserted concurrent causes were not independent of one another. The two asserted concurrent acts at issue were the insured parents' negligent entrustment of a motorcycle to their 14-year-old son, and the son's negligence in operating the motorcycle when he collided with another motorcycle and injured a third party. *Id.* at pp. 526, 527. As the *Safeco* court explained, "[t]he separate and independent act in *Partridge* giving rise to liability was a 'non-auto-related act,' i.e., the filing of the gun trigger[, and t]hat act had nothing to do with the use or operation of a vehicle", the other act. *Id.* at p. 527. "In contrast to *Partridge*, the obligation of the insureds" in *Safeco* "did not arise from an act separate and independent from the use of the vehicle itself," as the parents' conduct in negligently entrusting the vehicle to their minor son could not "be disassociated from the use of the vehicle itself." *Id.* at pp. 527–528. Thus, the *Safeco* court determined the asserted covered risk was not a concurrent independent cause of the third party's injury, as "the injury here involved no instrumentality other than the vehicle itself and

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

... there would have been no accident without the use or operation of the motorcycle." *Id.* at pp. 530–531.

This analysis applies with full force here. "Silica," "silica-related dust," and other toxins are all alleged to be contained in Hausys' "stone products". The mechanism for release of these substances is the same mechanism – the workers' fabrication of stone products. The mechanism for exposure is also the same - the inhalation or ingestion of substances released during the fabrication process.[5]

The Silica Lawsuits do not allege causation from independent sources, they allege that "stone products" are comprised of a mix of toxins, with the release those toxins (predominantly but not exclusively silica) occurring during fabrication. This is not a situation where the exposure to the "silica," "silica-related dust" is independent of exposure to some other toxins from a different source. The release is alleged to be, entirely intertwined as they literally are components of a single "stone product."

The Quiroz TAC further alleges that "*Each toxin, including silica and every metal*, that entered Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's silicosis, and related injuries." [Doc. 28-1, ¶ 1380, p. 464 (emphasis added).] Again, this is not an allegation of independent causation, and the use of the term "substantial factor" does not make it so. See, e.g., CACI 430. Causation: Substantial Factor (stating "A substantial factor in causing harm is a factor that a reasonable person would consider to have *contributed* to the harm. It must be more than a remote or trivial factor. *It does not have to be the only cause of the harm*.").

---

[5] Sompo notes that Hausys has baldly asserted, with no supporting citation, that "Metals can be ingested independent from particles of solid matter that contain silica," but that is clearly contrary to the allegations of the *Quiroz* TAC regarding fabrication of stone products.

42572576.1

12

Hausys' argues that "if any of the underlying plaintiffs' alleged bodily injuries was caused by both non-silica exposures and silica or silica-related dust (as alleged in the Bodily Injury Lawsuits), then coverage exists." [Opp. Doc. 38, p. 12:23-25 (underline emphasis added; parenthetical in original)]. This assertion is entirely implausible because it ignores the plain language of the Silica Or Silica-Related Dust Exclusion, which expressly precludes coverage for bodily injury caused "***in whole or in part***" by "silica" or "silica-related dust" (which includes non-silica substances). Due to the inclusion of the term "in part," the exclusion plainly applies even if a potentially covered cause, such as VOCs, is an intertwined concurrent cause of the subject bodily injuries. Because the exclusion "is clear and explicit, it governs." *Rosen v. State Farm Gen. Ins. Co.*, 30 Cal.4th 1070, 1074 (2003).

## V.    The Presence Of VOCs In Stone Products Is Immaterial

The terms "volatile organic compound," "VOC," and "SVOC" collectively yield only 13 hits contained in just five of the Quiroz TAC's 1,402 paragraphs. [*Quiroz* TAC, Doc. 28-1, ¶¶ 98, 111, 464, 783, and 1209, pp. 33, 56-57, 169, 277, and 415,]

In any event, there are simply no allegations in the *Quiroz* TAC that inhalation or ingestion exposure to VOCs in "stone products" occurs independent of the fabrication process and the resulting overwhelming inhalation and ingestion exposure to "silica" and "silica-related dust." Thus, given the "in part" language of the Silica Or Silica-Related Dust Exclusion, the presence of VOCs in "stone products" is immaterial.

## VI.    Hausys' Bad Faith Claim Also Fails

Hausys asserts that because the Silica Or Silica-Related Dust Exclusion does not apply to preclude coverage, dismissal of the bad faith claim is also unwarranted. However, the Silica Or Silica-Related Dust Exclusion does preclude coverage and no duty to defend has arisen.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

13

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

In *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), the California Supreme Court explained that "we have made clear that where the third-party suit never presented any potential for policy coverage, the duty to defend does not arise in the first instance, and the insurer may properly deny a defense." *Id.* at 657. It then emphasized that "[t]hese principles are equally true where, as here, the insurer does not deny a defense at the outset, but instead elects to provide one under a reservation of its right to reimbursement." *Id.* at 658.

Hausys asserts that Sompo has acted in bad faith by not paying certain defense or indemnity amounts. The California Supreme Court held otherwise in *MV Transportation*, 36 Cal.4th at 661, fn. 6, citing *Tamrac, Inc. v. California Ins. Guarantee Assn.*, 63 Cal.App.4th 751 (1998), for the proposition that when a defense is provided subject to a reservation of rights to seek reimbursement "it would be idle to require CIGA to pay Tamrac if CIGA has a right to reimbursement from Tamrac." (Id., at p. 759, 74 Cal.Rptr.2d 338.)

Of course, "where there is a duty to defend, there *may* be a duty to indemnify, but where there is no duty to defend, there *cannot be* a duty to indemnify." *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal.4th 945, 958 (2001). Thus, because no duty to defend ever arose here, there was also no duty to indemnify, Sompo cannot be found in bad faith based on allegedly breaching such duties.

## VII.    Leave To Amend Is Not Warranted

Hausys argues it should be allowed to amend its Complaint as follows: "(1) plead in clearer terms the Bodily Injury Lawsuits' allegations of exposure to, and bodily injury from, non-excluded substances demonstrating the potential for coverage and (2) incorporate the underlying plaintiffs' discovery reflecting that they seek damages for bodily injuries allegedly caused by non-excluded constituents, as well as scientific research corroborating the fact that some of their alleged bodily injuries were caused by substances separate and apart from 'silica' and 'silica-related dust.'"

42572576.1                                          14

Point (1) admits there are pleading deficiencies in the Counterclaims; however, the Counterclaim's allegations are beside the point because the duty to defend is determined based on the allegations of the Silica Lawsuits, not Hausys' characterization of those allegations in the Counterclaims.

Point (2) would be a futile amendment as discovery in the Silica Lawsuits is irrelevant to the determination of whether the Silica Lawsuits *allege* claims which are barred by the Silica Or Silica-Related Dust Exclusion. The determination of the duty to defend is made at the time of tender, based on the information in the insurer's possession.  Here, all the information that is needed to make the determination is before the Court.

**CONCLUSION**

The allegations of the *Quiroz* TAC and by extension the Silica Lawsuits fall squarely within the ambit of the Silica Or Silica-Related Dust Exclusion. *Hanover American Insurance Co.*, 2025 WL 1090925 at *5. No plausible argument for a contrary result can be made given the Silica Lawsuit allegations before the Court.[6] Dismissal is appropriate. There also is no basis for leave to amend because the allegations of the Silica Lawsuits are beyond Hausys' control. Accordingly, Sompo respectfully requests that this motion be granted with prejudice.

/ / /

/ / /

/ / /

---

[6] Sompo notes it also cited to the Court the allegations of the *Solano-Claustro* and *Garcia-Rosas* Silica Lawsuits in its moving papers to support that *Quiroz*'s allegations are typical of Silica Lawsuits generally.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

Respectfully submitted,

Dated:  November 17, 2025    CLYDE & CO US LLP

By:  */s/ Susan Koehler Sullivan*

Susan Koehler Sullivan / Alec H. Boyd
Brett C. Safford / Ruimiao Du
Robert Mangino (*pro hac vice*)
Attorneys for Plaintiff
SOMPO AMERICA INSURANCE COMPANY

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

42572576.1

16