SUSAN KOEHLER SULLIVAN, State Bar No. 156418
*Susan.Sullivan@clydeco.us*
ALEC H. BOYD, State Bar No. 161325
*Alec.Boyd@clydeco.us*
BRETT C. SAFFORD, State Bar No. 292048
*Brett.Safford@clydeco.us*
RUIMIAO DU, State Bar No. 345687
*Ruimiao.Du@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

ROBERT MANGINO (*pro hac vice*)
*Robert.Mangino@clydeco.us*
CLYDE & CO US LLP
340 Mt. Kemble Avenue, Suite 300
Morristown, NJ 07960
Telephone:  (973) 210-6700

Attorneys for Plaintiff
SOMPO AMERICA INSURANCE COMPANY
(formerly known as Sompo Japan Insurance Company of America)

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America Inc.), a New Jersey corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:25-cv-02832-JFW-MAA<br><br>Hon. John F. Walter<br>Courtroom 7A<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING SOMPO AMERICA INSURANCE COMPANY'S MOTION TO DISMISS LX HAUSYS AMERICA, INC.'S COUNTERCLAIMS**<br><br>Hearing Date:  December 15, 2025<br>Time:              1:30 pm<br>Courtroom:    7A |

40258900.1

1

The Instant matter came before this Court on Plaintiff/Counter-Defendant Sompo America Insurance Company's Motion to Dismiss Defendant/Counterclaimant LX Hausys America, Inc.'s Counterclaims, on December 15, 2025, before the Honorable John F. Walter, Judge Presiding.

Sompo was represented by Susan Koehler Sullivan, Robert Mangino, Alec H. Boyd, Brett C. Safford, and Ruimiao Du of Clyde & Co US LLP. Hausys was represented by Reynold L. Siemens and Hakeem S. Rizk of Covington & Burling LLP.

On August 4, 2025, Defendant/Counterclaimant LX Hausys America, Inc. ("Hausys"), filed its Answer and Counterclaims. [Doc. 23.] On September 24, 2025, Plaintiff/Counter-Defendant Sompo America Insurance Company ("Sompo") filed its Motion to Dismiss Hausys' Counterclaims. [Doc. 27.] On October 27, 2025, Hausys filed its Opposition. [Doc. 38.] On November 17, 2025, Sompo filed its Reply. [Doc. 42.] After considering the moving, opposing, and reply papers, and the arguments therein and as offered at oral argument, the Court rules as follows:

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A counterclaimant bears the burden to allege "enough facts to state a claim to relief that is plausible on its face" as required by governing law. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953 (2009).

Under California law, "the determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081 (1993). "An insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." *Gunderson v. Fire Ins. Exchange*, 37 Cal.App.4th 1106, 1114 (1995).

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

40258900.1

2

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

"On a motion to dismiss, [this Court] may consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Here, although Hausys seeks a coverage determination for hundreds of underlying actions the Counterclaim only quotes "by way of example," the allegations of the Third Amended Complaint in *Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al.*, Los Angeles Superior Court Case No. 24STCV01477 ("*Quiroz* TAC"). [Doc. 23, ¶ 19, pp. 17-18.] Hausys' Counterclaim alleges that "[p]laintiffs in most if not all of the other [underlying actions] make allegations similar to those made in *Quiroz* with respect to, inter alia, alleged lung damage caused by alleged exposure to silica, metals and/or volatile organic compounds in stone products while working at fabrication workshops and localized areas such as individual kitchens and bathrooms." [Doc. 23, ¶ 20, p. 18.] Hausys' Counterclaim also refers to but does not quote the allegations of two other underlying lawsuits. Sompo provided the operative pleadings in all three underlying actions in its Request for Judicial Notice [Doc. 29], which is granted by this Court.

In its motion, Sompo agreed with Hausys that the allegations of the *Quiroz* TAC were typical of the underlying actions and also cited to allegations from the two other underlying actions referred to by Hausys' Counterclaim to support that point. [Doc. 27, p. 23:6-24:22.]  In its Opposition, Hausys did not offer any examples of allegations in the operative complaints of those two actions or any other underlying actions which were materially different from the allegations set forth in the *Quiroz* TAC. Accordingly, this Court rules it is appropriate to evaluate coverage by comparing allegations of the *Quiroz* TAC to the relevant provisions of the Sompo Policies.

To this effect, Hausys seeks coverage under twelve commercial general liability policies issued to Hausys for the 2011-2012 to 2016-2017 and 2019-2020 to 2024-2025 Policy Periods. [Doc. 27:4-5.] All of the Policies also contain the "Silica

40258900.1

Or Silica-Related Dust Exclusion" endorsement (CG 21 96 03 05 © ISO Properties, Inc., 2004), which states, in part:

> This insurance does not apply to:
>
> **Silica Or Silica-Related Dust:**
>
> a. "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust".

[Doc. 1-1, p. 60.] The term "Silica" is defined to mean "silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds." The term "Silica-related dust" is defined to mean "a mixture or combination of silica and other dust or particles." [Doc. 1-1, p. 60.]

An insurance policy is a contract between an insurer and an insured. *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992). Thus, "interpretation of an insurance policy is a question of law." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 18 (1995). "Insurance contracts are to be interpreted . . . in the same manner as any other contract, giving effect to the mutual intention of the parties." *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal.App.4th 766, 777 (2010). "Such intent is to be inferred, if possible, solely from the written provisions of the contract." *AIU Ins. v. Superior Court*, 51 Cal.3d 807, 822 (1990). If an exclusion "is clear and explicit, it governs" and must be enforced as written. *Rosen v. State Farm Gen. Ins. Co.*, 30 Cal.4th 1070, 1074 (2003).

Under California interpretative principles the Silica Or Silica-Related Dust Exclusion is plain, clear and enforceable. Relevant here, there must be either "actual" or "alleged" exposure to "silica" or "silica-related dust." The definitions of the terms "silica" and "silica-related dust" are clear and plain. The Exclusion's use of the term "alleged," especially as contrasted with "actual," means that the exclusion applies to a lawsuit that *alleges* a plaintiff has inhaled or ingested silica or silica-related dust, regardless of whether such allegations are true or not, and that the plaintiff alleges

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

40258900.1

4

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

"bodily injury" as a result. Thus, the exclusion sets forth a plain and clear test to satisfy its application to a claim. *AIU Ins. Co.*, 51 Cal.3d at 822 (standard); see also, *Hanover American Insurance Co. v. Francini, Inc.*, 2025 WL 1090925, \*5 (C.D. Cal. Mar. 27, 2025) (granting judgment on the pleadings under motion to dismiss standard based on application of an identical exclusion).

Here, the allegations of the *Quiroz* TAC, include:

- "The defendants named herein were and/or are the manufacturers, suppliers, distributors, importers, brokers, and/or contractors of industrial stone products, which are hereinafter called 'stone products,'…. [Doc. 28-1, ¶ 89, p. 32.];

- "All stone products contain crystalline silica in varying concentrations from the lowest concentration of about 3-5% in marble to about 93-95% in traditional artificial stone." [Doc. 28-1, ¶ 93, p. 32.];

- "[W]orkers who fabricate artificial stone are always exposed to crystalline silica dust, so it is misleading to merely state that dust 'can expose' them to crystalline silica." [Doc. 28-1, ¶ 261, p. 96-97.];

- "Cutting, grinding, drilling, chipping, edging, and/or polishing (collectively 'fabricating') stone products produces large amounts of respirable crystalline silica dust which stone workers inhale, typically causing chronic silicosis as well as lung cancer and various other silica-related diseases." [Doc. 28-1, ¶ 95, p. 33.];

- Fabrication workers who cut, grind, drill, chip, edge, and/or polish artificial stone products are not only exposed to high concentrations of respirable crystalline silica, but are also exposed to other toxic substances in artificial stone, including metals used as pigments and polymeric resins as binders.[Doc. 28-1, ¶ 96, p. 33.];

- "As a result of Plaintiff CESAR MANUEL GONZALEZ QUIROZ's exposure to Defendants' toxic stone products, toxins, including silica,

40258900.1

5

metals and other toxic substances, within said stone products entered Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's body." [Doc. 28-1, ¶ 1377, p. 464.];

- "Each of the foregoing toxic stone products caused Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's silicosis as well as his other related and consequential injuries." [Doc. 28-1, ¶ 1379, p. 464.]; and

- "Each toxin, including silica and every metal, that entered Plaintiff, CESAR MANUEL GONZALEZQUIROZ's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's silicosis, and related injuries." [Doc. 28-1, ¶ 1380, p. 464.]

Hausys' Counterclaim also alleges that the Quiroz TAC states that as a result of his "alleged" exposure to "stone dust containing silica and other toxins and carcinogens," including various metals and VOCs, plaintiff allegedly "developed lung disease characterized by pulmonary nodules, silicosis, pulmonary fibrosis, progressive massive fibrosis, and other forms of lung damage." [Doc. 23, ¶ 19, p. 18:2-10.]

These allegations, on their face, collectively establish application of the Silica Or Silica-Related Dust Exclusion because they allege bodily injury arising, in part, from exposure to "silica" or "silica-related dust".

Hausys argues that the above allegations establish only that "silica" or "silica-related" is alleged to be a "concurrent cause" of bodily injury and such "concurrent causation" does not preclude coverage when a covered cause is alleged (e.g., something other than "silica" or "silica-related dust"). To support this argument, Hausys cites *State Farm Mutual Automobile Insurance Company v. Partridge*, 10 Cal.3d 94 (1973) ("*Partridge*") and its progeny.

However, the California Supreme Court has directed that the doctrine does not apply where the excluded cause and the purportedly non-excluded cause are <u>not</u>

independent of each other. See *Garvey v. State Farm Fire and Cas. Co.*, 48 Cal. 3d 395, 399 (1989) (holding the doctrine "should be utilized only in liability cases in which true concurrent causes, each originating from an independent act . . . simultaneously join together to produce injury" (partial emphasis added)); see also *Safeco Ins. Co. v. Gilstrap*, 141 Cal.App.3d 524, 530 (1983) (distinguishing *Partridge* and holding concurrent causes were not independent when the liability creating acts were not "independent of" or "disassociated from" the liability creating vehicle).

Here, the *Quiroz* TAC does not allege exposure to silica or silica-related dust that is *independent* of the other toxins released during "stone product" fabrication or vice versa. To the contrary, the *Quiroz* TAC alleges that "stone products" necessarily contain a mixture of silica and other toxic materials  and those toxins are collectively and contemporaneously released when the "stone product" is fabricated – which is an event that always releases silica in the form of dust. Thus, Hausys' liability creating acts (the production of an alleged dangerous product, failure to warn, failure to recommend proper safety equipment, etc.) are all the same. Likewise, the alleged mechanism for the release of the toxic elements in the product (using the product for its intended purpose, including fabrication of the product) are the same. And, the alleged mechanism for exposure is also the same - the inhalation or ingestion of substances released during the fabrication process. This is not a situation where two causes, independently resulted in silicosis and related lung diseases. Therefore, the *independent* concurrent causation test is inapplicable.

The Quiroz TAC further alleges that "Each toxin, including silica and every metal, that entered Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, CESAR MANUEL GONZALEZ QUIROZ's silicosis, and related injuries." [Doc. 28-1, ¶ 1380, p. 464.] Hausys argues that the use of the term "substantial factor" establishes allegations of independent causation. However, California law does not support this contention.[See CACI 430 and 431.] *Independent* causes which could each

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

*independently* cause the injury complained of are requied – not a single process (stone fabrication and the release of silica and other toxins during that process) which causes injury. Further, the allegations of the *Quiroz* TAC govern, and those allegations plainly allege silicosis and other injuries following from inhalation of silica/dust and other particles during fabrication.

Because the Silica and Silica-Related Dust Exclusion precisely applies to bar coverage for claims such as those alleged in the *Quiroz* TAC, Sompo has no duty to defend the underlying actions. Nor does it have a duty to indemnify Hausys for the underlying actions. "Where there is a duty to defend, there may be a duty to indemnify, but where there is no duty to defend, there cannot be a duty to indemnify." *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal.4th 945, 958 (2001). Accordingly, Sompo also has not breached any duty which could give rise to a claim for bad faith.

The allegations of the *Quiroz* TAC and by extension the underlying actions fall squarely within the ambit of the Silica Or Silica-Related Dust Exclusion. See *Hanover American Insurance Co.*, 2025 WL 1090925 at \*5. No plausible argument for a contrary result can be made given the underlying allegations before the Court. Dismissal is appropriate. There also is no basis for leave to amend because the allegations of the underlying actions are beyond Hausys' control.

Accordingly, Sompo's motion to dismiss is granted with prejudice.

**IT IS SO ORDERED.**

Dated: November      . 2025

_____
Hon. John F. Walter
UNITED STATES DISTRICT JUDGE

40258900.1

8