# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America, Inc.), a New Jersey corporation,<br><br>Defendant. | Case No. 2:25-cv-2832-JFW-MAA<br><br>**[PROPOSED] STATEMENT OF DECISION DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS (ECF 27)**<br><br>Hearing Date:   December 15, 2025<br>Time:   1:30 p.m.<br>Courtroom:   7A |

## [PROPOSED] STATEMENT OF DECISION

On September 24, 2025, Plaintiff and Counter-Defendant Sompo America Insurance Company ("Sompo") filed its Motion to Dismiss Defendant and Counter-Plaintiff LX Hausys America, Inc.'s ("LX Hausys") Counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion"). ECF 27. On October 27, 2025, LX Hausys filed its Opposition. ECF 38. On November 17, 2025, Sompo filed its Reply in support of its Motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for December 15, 2025, is hereby vacated and the matter is taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court **DENIES** Sompo's Motion and rules as follows:

## I.    BACKGROUND

Sompo brought this action to resolve whether it has a duty to defend and indemnify LX Hausys, a manufacturer of certain stone products, for hundreds of lawsuits filed against LX Hausys and other companies seeking damages for bodily injury allegedly caused by exposure to its products ("Underlying Lawsuits"). ECF 1 ¶¶ 1, 18. The Underlying Lawsuits, which are all substantially similar, are brought by individuals who allege they suffered silicosis, lung disease, and other bodily injuries from working with LX Hausys' products. *See, e.g.*, ECF 28-1 ¶ 110; ECF 23 ¶ 19.

In each complaint, the allegations against LX Hausys not only concern liability for bodily injury caused by exposure to "silica" and "silica-related dust," but also for bodily injury caused by exposure to LX Hausys products that contain no silica, as well as exposure to volatile organic compounds ("VOCs"), metals, and other non-excluded substances. *See* ECF 23 ¶¶ 19–22. By way of illustration, the underlying plaintiffs allege bodily injury caused by exposure to LX Hausys' HIMACs product, which LX Hausys alleges does not contain silica. *Id.* ¶¶ 22, 38. For other LX Hausys products, the underlying plaintiffs allege that while working with those products they were exposed not

only to "silica" and "silica-related dust," but also to metals, VOCs, and a host of other harmful substances such as resins, fumes, mists and sprays, each of which caused them to sustain chronic injuries, including not only silicosis but also pulmonary fibrosis, hypersensitivity pneumonitis, and other lung diseases and ailments such as pulmonary nodules, asthma, bronchiolitis obliterans, and decreased lung function. *Id.* ¶¶ 21, 37.

Sompo sold LX Hausys a series of commercial general liability policies (the "Policies"). The Policies provide coverage for periods between August 1, 2011 and August 1, 2025, *id.* ¶ 2, and obligate Sompo to defend LX Hausys against and indemnify LX Hausys for lawsuits seeking damages for bodily injury or property damage, *id.* ¶ 32. As relevant to Sompo's Motion, the Policies contain a Silica Or Silica-Related Dust Exclusion ("Silica Exclusion") that provides in pertinent part that it excludes from coverage "'Bodily injury' arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust.'" ECF 1 ¶ 3.

LX Hausys timely tendered, and continues to tender, the Underlying Lawsuits to Sompo for coverage. ECF 23 ¶ 55. On January 25, 2023, Sompo agreed to "provide a defense to LX subject to a reservation of rights," concluding that its Policies "may afford coverage for LX's defense." *Id.* ¶ 58; *see also* ECF 1 ¶ 3. To date, Sompo continues to pay some of the costs LX Hausys has incurred and is incurring to defend itself against the Underlying Lawsuits, but LX Hausys alleges that Sompo's defense is not full and complete. ECF 23 ¶¶ 57–60.

On April 1, 2025, Sompo initiated this action seeking declaratory relief that it has no duty to defend or indemnify LX Hausys in the Underlying Lawsuits. *See generally* ECF 1. On August 4, 2025, LX Hausys filed its Answer and asserted Counterclaims seeking declaratory relief regarding Sompo's coverage obligations and damages for breach of contract and bad faith. *See generally* ECF 23. Sompo then moved to dismiss LX Hausys' Counterclaims in their entirety on the ground that the Silica Exclusion bars coverage for the Underlying Lawsuits, which LX Hausys opposes.

//

## II.    LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F.Supp.299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint or counterclaim and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998); *Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, 2019 WL 1383272 at *2 (S.D. Cal. Mar. 27, 2019) (noting the standard governing a motion to dismiss a claim or complaint "applies equally to a counterclaim" (citation omitted)).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

## III.    DISCUSSION

Sompo argues that LX Hausys' Counterclaims must be dismissed because it owes LX Hausys no duty to defend or indemnify given that the Underlying Lawsuits allege bodily injuries arising from "silica" or "silica-related dust," coverage for which is excluded

by the Silica Exclusion.  ECF 27 at 2.  In response, LX Hausys contends that Sompo's Motion must be denied because Sompo cannot prove that the Silica Exclusion completely bars all potential for coverage of every claim of injury asserted in the Underlying Lawsuits because those lawsuits allege injury caused by substances other than "silica" or "silica-related dust."  ECF 38 at 3.  Accepting the allegations in the Counterclaims as true and drawing all inferences in favor of LX Hausys, the Court agrees with LX Hausys.

### A. Governing Insurance Coverage Principles

As an initial matter, there are certain governing principles of insurance coverage law guiding the Court's analysis.  To begin with, under a liability insurance policy, "the insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for a covered claim."  *Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal.4th 38, 56 (1997).  "An insurance policy is interpreted according to the plain meaning a layperson would ordinarily give it unless the parties used a word or phrase in a technical sense or it has special meaning due to usage."  *Emps. Mut. Cas. Co. v. Philadelphia Indem. Ins. Co.*, 169 Cal.App.4th 340, 348 (2008).  "Ambiguities or uncertainties are resolved against the insurance company so that, if feasible, the policy will indemnify the loss to which the insurance relates.  These rules exist to protect the insured's reasonable expectation of coverage.  Coverage clauses are interpreted broadly and exclusionary clauses are interpreted narrowly."  *Id.*

While the insurer's duty to indemnify "runs to claims that are actually covered, in light of the facts proved" and "arises only after liability is established and as a result thereof," *Aerojet-General Corp.*, 17 Cal.4th at 56, its duty to defend, however, is broader. The insurer has a duty to defend its insured so long as the allegations of the underlying complaints show the mere "potential for coverage."  *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal.4th 287, 295 (1993).  All that is required to trigger an insurer's defense duty is "a bare 'potential' or 'possibility' of coverage," and "[a]ny doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor."  *Id.* at 299–300 (citing *United Pac. Ins. Co. v. McGuire Co.*, 229 Cal.App.3d 1560, 1567 (1991); *CNA Cas.*

*of Cal. v. Seaboard Sur. Co.*, 176 Cal.App.3d 598, 605 n.1 (1986).  If any allegation in an underlying complaint is even potentially covered, the insurer must defend the entire action. *See Buss v. Super. Ct.*, 16 Cal.4th 35, 49 (1997) ("insurer has a duty to defend [any mixed] action in its entirety"); *see also Horace Mann Ins. Co. v. Barbara B*, 4 Cal.4th 1076, 1084 (1993).

Moreover, policy exclusions must be "interpreted narrowly in favor of coverage and the duty to defend." *Allied Prop. & Cas. Ins. Co. v. Dick Harris, Inc.,* 2013 WL 2145961, at *5 (E.D. Cal. May 15, 2013).  To the extent "an insurer that wishes to rely on an exclusion" to negate the potential for coverage, it "has the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds." *Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal.App.4th 1017, 1039 (2002); *see also MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 648 (2003) (insurer must show that the entire "claim is specifically excluded.").  Thus, the insurer must prove the underlying complaints "can by no conceivable theory raise a single issue which could bring [them] within the policy coverage" to successfully disclaim a duty to defend.  *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 n.15 (1966).

**B.    LX Hausys' Counterclaims Plausibly Allege the Potential for Coverage That Is Not Specifically and Completely Barred By the Silica Exclusion**

To satisfy its pleading burden, LX Hausys must have alleged "sufficient factual matter" to make "plausible" its claims that there is the potential of coverage for at least some of the claims of bodily injury asserted in the Underlying Lawsuits such that Sompo has a duty to defend and potentially indemnify LX Hausys.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Integrity Inspection Servs. LLC v. Hartford Cas. Ins. Co.*, 2014 WL 12585784, at *3 (C.D. Cal. Oct. 3, 2014).  LX Hausys has done so here.[1]

---

[1] Sompo urges the Court to limit its analysis to the allegations in the *Quiroz* complaint or (continued…)

[PROPOSED] STATEMENT OF DECISION

As pled in its Counterclaims, LX Hausys alleges that it is defending itself against claims asserted in hundreds of lawsuits alleging that it is liable not only for silicosis and bodily injury caused by exposure to "silica" and "silica-related dust," but also for pulmonary fibrosis and other bodily injuries, including, but not limited to, hypersensitivity pneumonitis, kidney disease, and autoimmune disorders, allegedly caused by exposure to, *inter alia*, gases, metals, fumes, mists, sprays, as well as dust from LX Hausys products that do not contain any silica. *See* ECF 23 ¶¶ 19–22, 37. These allegations fall squarely within the Policies' insuring agreements, in which Sompo broadly promises to defend and indemnify LX Hausys against lawsuits alleging "bodily injury." *See, e.g.*, ECF 28.4 at 2; ECF 28.5 at 2. Accordingly, LX Hausys has pled plausible Counterclaims that allege the potential for coverage for the Underlying Lawsuits.

That potential for coverage is not negated by the Silica Exclusion because many of the underlying plaintiffs' allegations of bodily injury fall outside the scope of the Policies' Silica Exclusion. By its plain terms, the Silica Exclusion—interpreted "narrowly in favor of coverage and the duty to defend," *Allied Prop.*, 2013 WL 2145961, at *5—applies *only* to bodily injuries arising from "silica" or "silica-related dust." ECF 27 at 21. It does not bar coverage for the bodily injuries the underlying plaintiffs allege were caused by exposure to products that do not contain silica like LX Hausys' HIMACS product. *See*

---

those in the complaints for which Sompo request this Court to take judicial notice of. ECF 27 at 24–25. The Court declines to do so. LX Hausys' Counterclaims plead and incorporate the complaints of each Underlying Lawsuit. *See* ECF 23 ¶¶ 16–25; *see also id.*, Ex. 1. But even if it did not, "heightened fact pleading" is not required. *Coupons, Inc. v. Stottlemire*, 588 F.Supp.2d 1069, 1073 (N.D. Cal. 2008). Rather, all that is required is the pleading of factual allegations sufficient to place Sompo fairly on notice of LX Hausys' claims of the potential for coverage for the Underlying Lawsuits, *Twombly*, 550 U.S. at 555, which is precisely what LX Hausys' Counterclaims do. In any event, the allegations of each of the Underlying Lawsuits are known to Sompo, which has agreed to defend them and is partially paying for the costs of defense. *See* ECF 1 ¶ 3; *see also* ECF 23 ¶ 4; *Montrose*, 6 Cal.4th at 300 ("[t]he duty to defend is determined by reference to the policy, the complaint, and all facts known to the insurer from any source.").

ECF 23 ¶¶ 22; 57–60; ECF 28-1 ¶¶ 105, 977–86.[2]  It also does not bar coverage for bodily injuries, including "asthma, bronchiolitis obliterans, decreased lung function as well as sclerosis and fibrosis," ECF 28-1 ¶ 98, that the underlying plaintiffs allege were caused from exposure to VOCs, which are carbon-based gases (not "dust") emitted from certain solids or liquids, ECF 23 ¶¶ 19–22.  Nor does it bar coverage for the bodily injuries, including "hypersensitivity pneumonitis characterized by granulomas in lung tissue that also causes pulmonary fibrosis," that the underlying plaintiffs allege were caused by exposure to metals.  ECF 28-1 ¶ 97; *see also* ECF 23 ¶¶ 19–21.  Given these underlying allegations of injury caused by substances other than "silica" or "silica-related dust," Sompo cannot demonstrate the complete and absolute absence of any possibility of coverage, *Montrose*, 6 Cal.4th at 300, for any of the bodily injury claims alleged in the Underlying Lawsuits.

Sompo argues that the Silica Exclusion still applies because these allegations of exposure to, and bodily injury from, substances that fall outside the Silica Exclusion are "intertwined" with allegations of exposure to "silica" and "silica-related dust."  This argument is unpersuasive for several reasons.  ECF 27 at 28–30.

*First*, the underlying plaintiffs' alleged exposures to, and bodily injuries from, the non-excluded substances are separate and in addition to their allegations of exposure to, and bodily injury from, "silica" and "silica-related dust."  *See* ECF 28-1 ¶¶ 95–98.  By way of illustration, the *Quiroz* complaint alleges that the plaintiff's "hypersensitivity pneumonitis" is "an immunologic lung disease" caused by "metals," not silica.  *Id.* ¶ 97.  It also alleges that the plaintiff's "pulmonary fibrosis (scarring of the lung tissue) is caused by many metals" and that VOCs, which are emitted from fabricating stone products, "cause

---

[2] The fact that the Underlying Lawsuits do not specifically allege that some of LX Hausys' products, including the HIMACS product, do not contain silica is of no consequence.  *See* ECF 27 at 31.  The Counterclaim itself alleges that some of LX Hausys' products, including the HIMACS product, do not contain silica, *see* ECF 23 ¶ 22, and that allegation is not contradicted by the allegations of the Underlying Lawsuits, ECF 28-1 ¶¶ 93, 977.

[PROPOSED] STATEMENT OF DECISION

various pulmonary effects including asthma, bronchiolitis obliterans, decreased lung function as well as sclerosis and fibrosis." *Id.* ¶¶ 97–98.  Because the *Quiroz* complaint alleges these exposures to, and bodily injuries from, non-excluded substances that are "in addition to" those from exposure to "silica" and "silica-related dust," *id.*, they are "fairly inferable" allegations of separate exposure that "suggest a claim potentially covered by the policy." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643, 655 (2005).

   ***Second***, the parties put forth competing interpretations of "silica-related dust." *See* ECF 27 at 30; *see also* ECF 38 at 9–10.  However, Sompo's interpretation—that it bars coverage for all bodily injuries caused by stone dust generally, *see id.* at 30—is not reasonable, let alone the only reasonable interpretation.  The Silica Exclusion expressly applies *only* to injury caused by exposure to "silica" and "silica-related dust," which the Policies define as "a mixture or combination of 'silica' and other dust or particles."  ECF 27 at 22.  Gases however are not "silica" or "dust"; metals can be ingested independent from particles of solid matter that contain silica; the resins, fumes, mists and sprays to which the underlying plaintiffs allege injurious exposure also are not "dust"; and products that do not contain silica do not and cannot generate "silica-related dust."  The Silica Exclusion therefore cannot be reasonably interpreted to bar coverage for all bodily injuries caused by stone dust.

   But even if it could, it would not be the *only* reasonable interpretation of the exclusion as it must be for Sompo to prevail on its Motion.  *See, e.g.*, *MacKinnon*, 31 Cal.4th at 655 ("even if [an insurer's] interpretation is considered reasonable, it would still not prevail, for in order to do so it would have to establish that its interpretation is the only reasonable one").  That is because LX Hausys' interpretation of "silica-related dust" not encompassing gases, metals, and products that do not contain silica, *see* ECF 38 at 10, is reasonable.  Thus, the Court "must interpret [that term] and the policy in [LX Hausys'] favor" given that it is a "reasonable interpretation [that] would permit coverage for the claim." *Palp, Inc. v. Williamsburg Nat'l Ins. Co.*, 200 Cal.App.4th 282, 290 (2011).

   ***Third***, Sompo's argument would nullify and void "California law that requires

[PROPOSED] STATEMENT OF DECISION

insurers to defend the entire action if there is any potentially covered claim." *Saarman Constr., Ltd v. Ironshore Specialty Ins. Co.*, 201 F.Supp.3d 1136, 1149 (N.D. Cal. 2016), *order amended on reconsideration sub nom.* 230 F.Supp.3d 1068 (N.D. Cal. 2017). It is well settled that where, as here, a potentially covered cause is alleged to be a cause of an injury, liability coverage must be afforded even if an allegedly excluded cause also was a factor in causing the injury. *State of Cal. v. Allstate Ins. Co.*, 45 Cal.4th 1008, 1032 (2009) ("liability coverage exists whenever an insured risk constitutes a proximate cause of an accident, even if an excluded risk is a concurrent proximate cause.") (quoting *State Farm Mut. Auto. Co. v. Partridge*, 10 Cal.3d 94, 105 (1973)); *see also* Cal. Ins. Code § 530.[3] Accordingly, because the underlying plaintiffs allege bodily injuries that were caused by both non-silica exposures and by silica or silica-related dust, then at least the potential for coverage exists. *See, e.g., Am. Zurich Ins. Co. v. James N. Gray Co.*, 2014 WL 11430928, at *6 (C.D. Cal. July 25, 2014) (denying summary judgment based on a silica exclusion because the underlying plaintiffs' alleged injuries were caused by silica and "dozens of other chemicals."); *see also id.* ("the fact that silica is involved in a lawsuit cannot negate any possibility of coverage sufficient to relieve [the insurer] of a duty to defend").[4]

Nevertheless, Sompo argues that the concurrent proximate cause doctrine is

---

[3] Nor is it relevant that the underlying plaintiffs' allegations of exposure to, and bodily injury from, excluded substances "predominate." ECF 27 at 24. If there is any potential for liability, as it is here, Sompo "has a duty to defend the action in its entirety," even if the action involves claims that are excluded. *Buss*, 16 Cal.4th at 48; *see also Aerojet-Gen. Corp.*, 17 Cal.4th at 41.

[4] In any event, the Counterclaim alleges, and the underlying complaints support, that each harmful substance alleged was a substantial factor of the underlying plaintiffs' injuries. *See* ECF 28-1 ¶¶ 1307, 1325, 1345; ECF 23 ¶ 19. To what extent "silica," "silica-related dust," or non-silica substances caused a particular injury is a fact intensive inquiry that is properly resolved in the underlying litigations, not here and certainly not at the motion to dismiss stage. *See Armstrong World Indus. Inc.*, 45 Cal.App.4th at 45–48; *Horace Mann Ins. Co.*, 4 Cal.4th at 1085 (where facts relevant to a duty to defend are in dispute in the underlying action, the insurer must defend until those disputed facts are resolved in the underlying litigation).

[PROPOSED] STATEMENT OF DECISION

inapplicable to the present circumstances because the "mechanism for release of" the excluded and non-excluded substances and the "mechanism for exposure" to those substances are the same, ECF 42 at 12, and "not independent from each other," *id.* at 11 (emphasis removed). But Sompo's argument misses the mark. It does not matter that the mechanisms by which the substances were released or ingested are the same, respectively. What matters is that each of the substances—both excluded and non-excluded—themselves *independently* caused their injuries, as alleged by the underlying plaintiffs. Thus, contrary to Sompo's contention, the concurrent proximate cause doctrine applies, and for this reason, Sompo's reliance on *Safeco Insurance Co. v. Gilstrap*, 141 Cal.App.3d 524, 530 (1983) and *Garvey v. State Farm Fire and Casualty Co.*, 48 Cal.3d 395, 299 (1989), ECF 42 at 11, is misplaced.

In short, LX Hausys has satisfied its burden of pleading facts that make "plausible," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018), its claim that there is a "potential for coverage" for the Underlying Lawsuits and that Sompo has a duty to defend, *Montrose*, 6 Cal.4th at 295. Sompo, however, cannot meet its burden to establish that the Silica Exclusion applies in "all possible worlds," and therefore, it cannot escape its broad duty to defend. *See Atlantic Mut. Ins. Co.*, 100 Cal.App.4th at 1039.

C.     **Dismissal of LX Hausys' Other Counterclaims is Unwarranted**

Because there is a potential for coverage and Sompo has a duty to defend for the reasons set forth above, its Motion to dismiss each of LX Hausys' counterclaims must be denied. Sompo's duty to defend requires Sompo to provide LX Hausys a complete and full defense against the Underlying Lawsuits until it is able to prevail on summary judgment and establish that there is no possibility of coverage for any claim of bodily injury alleged in the Underlying Lawsuits. *See, e.g.*, *Montrose*, 10 Cal.4th at 691; *see also Buss*, 16 Cal.4th 49 ("To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely."). Because LX Hausys has alleged that Sompo has not done so, its breach of contract claim regarding Sompo's duty to defend is viable. *See, e.g.*, *Haskel, Inc. v. Super. Ct.*, 33 Cal.App.4th 963, 976 n.9 (1995) (An insurer's failure to

[PROPOSED] STATEMENT OF DECISION

provide a complete defense or pay its insured's defense costs in full is "the equivalent of a defense [coverage] denial.").

Moreover, "[w]here there is a duty to defend, there *may be* a duty to indemnify," and therefore, dismissal of LX Hausys' declaratory relief and breach of contract counterclaims regarding Sompo's duty to indemnify, which Sompo seeks on the sole basis of the Silica Exclusion precluding coverage, is unwarranted. *Foster Poultry Farms v. Contractors Bonding & Ins. Co.*, 562 F.Supp.3d 1152, 1158 (E.D. Cal. 2022). And because LX Hausys' contract-based counterclaims are viable (and the only basis for Sompo's Motion to dismiss LX Hausys' bad faith claim is that they are not), dismissal of its bad faith claim would be inappropriate. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (error to grant motion to dismiss bad faith claim when breach of contract claim is viable).

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Dismiss in its entirety.

**IT IS SO ORDERED.**

Dated: _____                _____
                                       HON. JOHN F. WALTER
                                       *UNITED STATES DISTRICT JUDGE*

[PROPOSED] STATEMENT OF DECISION