**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.    **CV 25-2832-JFW(MAAx)**                              Date:  December 22, 2025

Title:    Sompo America Insurance Company *-v-* LX Hausys America, Inc.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**                    **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                                      None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS**
                                                            **DEFENDANT'S COUNTERCLAIMS**
                                                            **[filed 9/24/2025; Docket No. 27]**

On September 24, 2025, Plaintiff and Counterdefendant Sompo America Insurance Company ("Sompo") filed a Motion to Dismiss Defendant's Counterclaims.  On October 27, 2025, Defendant and Counterclaimant LX Hausys America, Inc. ("LX Hausys") filed its Opposition.  On November 17, 2025, Sompo filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's December 15, 2025 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Sompo brought this action to determine whether it has a duty to defend and indemnify LX Hausys, a manufacturer of certain stone products, for hundreds of lawsuits filed against LX Hausys and other companies seeking damages for bodily injury allegedly caused by exposure to its products ("Underlying Lawsuits").  ECF 1 ¶¶ 1, 18.  The Underlying Lawsuits, which are all substantially similar, are brought by individuals who allege they suffered silicosis, lung disease, and other bodily injuries from working with LX Hausys' products.[1]  *See, e.g.*, ECF 28-1 ¶ 110; ECF 23 ¶ 19.

---

[1]The parties agree that the allegations of the Third Amended Complaint in *Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al.*, Los Angeles Superior Court Case No. 24STCV01477 ("*Quiroz* TAC") are typical of the allegations in the Underlying Lawsuits.

Initials of Deputy Clerk __sr_

In the Underlying Lawsuits, the allegations against LX Hausys not only concern liability for bodily injury caused by exposure to silica, but also for bodily injury caused by exposure to LX Hausys products that contain no silica, as well as exposure to volatile organic compounds ("VOCs"), metals, and other substances. *See* ECF 23 ¶¶ 19-22. For example, the underlying plaintiffs allege bodily injury caused by exposure to LX Hausys' HIMACS product, which LX Hausys alleges does not contain silica.[2] *Id*. ¶¶ 22, 38. For other LX Hausys products, the underlying plaintiffs allege that while working with those products they were exposed not only to silica, but also to metals, VOCs, and a host of other harmful substances such as resins, fumes, mists and sprays, which caused them to sustain chronic injuries, including not only silicosis but also pulmonary fibrosis, hypersensitivity pneumonitis, and other lung diseases and ailments such as pulmonary nodules, asthma, bronchiolitis obliterans, and decreased lung function. *Id*. ¶¶ 21, 37.

Sompo sold LX Hausys a series of commercial general liability policies (the "Policies"). The Policies provide coverage for periods between August 1, 2011 and August 1, 2025, *id*. ¶ 2, and obligate Sompo to defend LX Hausys against and indemnify LX Hausys for lawsuits seeking damages for bodily injury or property damage, *id*. ¶ 32. As relevant to Sompo's Motion, the Policies contain a Silica Or Silica-Related Dust Exclusion ("Silica Exclusion") that provides in pertinent part that it excludes from coverage "'Bodily injury' arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica'' or 'silica-related dust.'" ECF 1 ¶ 3. "Silica" is defined as silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds. "Silica-related dust" is defined as a "mixture or combination of silica and other dust or particles."

LX Hausys tendered the Underlying Lawsuits to Sompo. ECF 23 ¶ 55. On January 25, 2023, Sompo agreed to "provide a defense to LX subject to a reservation of rights," concluding that its Policies "may afford coverage for LX's defense." *Id*. ¶ 58; *see also* ECF 1 ¶ 3. Although Sompo continues to pay some of the costs LX Hausys has incurred and continues to incur in defending itself against the Underlying Lawsuits, LX Hausys alleges that Sompo's defense is not full and complete. ECF 23 ¶¶ 57-60.

On April 1, 2025, Sompo initiated this action seeking a determination that it has no duty to defend or indemnify LX Hausys in the Underlying Lawsuits. *See generally* ECF 1. On August 4, 2025, LX Hausys filed its Answer and asserted Counterclaims seeking declaratory relief regarding Sompo's coverage obligations and damages for breach of contract and bad faith. *See generally* ECF 23. Sompo moves to dismiss LX Hausys' Counterclaims in their entirety on the ground that the Silica Exclusion bars coverage for the Underlying Lawsuits, which LX Hausys opposes.

---

[2]Sompo claims that the Court must disregard LX Hausys's allegation in its Counterclaims that HIMACS does not contain silica, because the *Quiroz* TAC refers to HIMACS as a "stone product" and expressly alleges that all stone products contain crystalline silica. The Court disagrees. *See Quiroz* TAC (ECF 28-1) ¶¶ 93. 105. While the *Quiroz* TAC alleges that "all stone products contain crystalline silica in varying concentrations," *id.* ¶ 93, and includes HIMACS in a lengthy list of the "stone products" at issue (spanning over 20 pages), *id.* ¶ 105, it also specifically describes HIMACS as an "acrylic solid surface product[ ]" rather than a stone product that contains silica. *Id*. ¶ 977.

Initials of Deputy Clerk  sr

## II.      LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.      DISCUSSION

### A.      Governing Insurance Coverage Principles

Under a liability insurance policy, "the insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for a covered claim."  *Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal. 4th 38, 56 (1997). "[T]he duty to defend is broader than the duty to indemnify." *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 299 (1993). The insurer owes a duty to defend a suit which *potentially* seeks damages within the

Initials of Deputy Clerk __sr__

coverage of the policy. *Id.* at 299.  "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id.* at 299-300.  If any allegation in an underlying complaint is even potentially covered, the insurer must defend the entire action.  *See Buss v. Super. Ct.*, 16 Cal.4th 35, 49 (1997) ("insurer has a duty to defend [any mixed] action in its entirety"); *see also Horace Mann Ins. Co. v. Barbara B*, 4 Cal.4th 1076, 1084 (1993)
.

Moreover, policy exclusions must be "interpreted narrowly in favor of coverage and the duty to defend." *Allied Prop. & Cas. Ins. Co. v. Dick Harris, Inc.*, 2013 WL 2145961, at *5 (E.D. Cal. May 15, 2013).  The burden is on the insurer "to establish that the claim is specifically excluded." *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 648 (2003).

### B.      LX Hausys's Counterclaims Adequately Allege a Potential for Coverage.

Sompo moves to dismiss LX Hausys's Counterclaims on the grounds that it does not owe LX Hausys a duty to defend or indemnify because the Underlying Lawsuits allege bodily injuries arising from "silica" or "silica-related dust," which are excluded from coverage by the Silica Exclusion.  ECF 27 at 2.  In response, LX Hausys contends that Sompo's Motion must be denied because Sompo has failed to demonstrate that the Silica Exclusion completely bars all potential for coverage of every claim of injury asserted in the Underlying Lawsuits.  Specifically, LX Hausys argues that those lawsuits allege injury caused by substances other than "silica" or "silica-related dust."  ECF 38 at 3.

The Court concludes that LX Hausys has adequately alleged a potential for coverage under the Policies.  As pled in its Counterclaims, LX Hausys alleges that it is defending against claims asserted in hundreds of lawsuits, alleging that LX Hausys is liable not only for silicosis and bodily injury caused by exposure to "silica" and "silica-related dust," but also for pulmonary fibrosis and other bodily injuries, including, but not limited to, hypersensitivity pneumonitis, kidney disease, and autoimmune disorders, allegedly caused by exposure to, *inter alia*, gases, metals, fumes, mists, sprays, as well as dust from LX Hausys products that do not contain any silica.  See ECF 23 ¶¶ 19-22, 37.  These allegations fall squarely within the Policies' insuring agreements, in which Sompo broadly promises to defend and indemnify LX Hausys against lawsuits alleging "bodily injury."  *See, e.g.*, ECF 28-4 at 2; ECF 28-5 at 2.

The Court concludes that the Silica Exclusion does not preclude coverage. Indeed, several of the underlying plaintiffs' allegations of bodily injury appear to fall outside the scope of the Policies' Silica Exclusion.  By its plain terms, the Silica Exclusion applies only to bodily injuries arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust."  ECF 27 at 21.  It does not bar coverage for the bodily injuries that the underlying plaintiffs allege were caused by exposure to products that do not contain silica such as LX Hausys' HIMACS product.  See ECF 23 ¶¶ 22; 57-60; ECF 28-1 ¶¶  105, 977-86. It also does not bar coverage for bodily injuries, including "asthma, bronchiolitis obliterans, decreased lung function as well as sclerosis and fibrosis," ECF 28-1  98, that the underlying plaintiffs allege were caused from exposure to VOCs, which are carbon-based gases (not "dust") emitted from certain solids or liquids, ECF 23 ¶¶ 19-22.

The fact that silica and silica-related dust are alleged to be a concurrent cause of the underlying plaintiffs' injuries does not relieve Sompo from its duty to defend. In *State Farm Mutual Automobile Insurance Company v. Partridge*, 10 Cal.3d 94 (1973), the California Supreme Court

Initials of Deputy Clerk  _sr_

held that "liability coverage exists 'whenever an insured risk constitutes a proximate cause of an accident, even if an excluded risk is a concurrent proximate cause.'" *State of California v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1032 (2009) (quoting *Partridge*, 10 Cal.3d at 105-106); *see also* Cal. Ins. Code § 530.  "That multiple causes may have effectuated the loss does not negate any single cause; that multiple acts concurred in the infliction of injury does not nullify any single contributory act." *Partridge*, 10 Cal.3d at 105. In this case, both silica and silica-related dust, as well as other toxins, e.g., VOCs, are alleged in the Underlying Actions to be concurrent proximate causes of the underlying plaintiffs' injuries. Accordingly, under *Partridge*, Sompo owes a duty to defend the Underlying Actions because they *potentially* seek damages within the coverage of the policy.

Sompo recognizes that the *Quiroz* TAC and Underlying Actions allege that the stone (and other) products at issue contain toxins and substances other than silica that are released during fabrication of those products.  Nevertheless, relying on *Garvey v. State Farm Fire and Casualty Company,* 48 Cal.3d 395 (1989), Sompo contends that the Silica Exclusion bars coverage because: "no allegations are made of exposure to other substances separate, apart, or disassociated from exposure to silica;" and "no allegation is made that exposure separate or independent of exposure to silica has caused injury." ECF 42 at 5.  In *Garvey v. State Farm Fire and Casualty Company,* 48 Cal.3d 395 (1989), the California Supreme Court clarified that the *Partridge* rule "should be utilized only in *liability* cases in which true concurrent causes, each originating from an independent act of negligence, simultaneously join together to produce injury." *Id*. at 399 (emphasis in original.)  Accordingly, Sompo argues that the *Partridge* rule is inapplicable to the present case because the "mechanism for release" of the excluded and non-excluded substances and the "mechanism for exposure" to those substances are the same, ECF 42 at 12, and "not independent from each other," *id.* at 11 (emphasis removed).  The Court, however, at this stage of the litigation, cannot conclude that the exposures to silica and silica-related dust and other toxins are not true concurrent causes of the underlying plaintiffs' injuries, each originating from independent acts of negligence.  For example, as LX Hausys alleges in its Counterclaims, its HIMACS product does not contain *any* silica, yet is alleged to have caused injury.

The Court also rejects Sompo's argument that, because the Silica Exclusion precludes coverage for bodily injury caused, "in whole or *in part*," by silica or silica-related dust, that the exclusion applies even if a potentially covered risk, such as bodily injury caused by VOCs, is alleged to be a concurrent cause.  The Court concludes that Sompo cannot avoid its duty to defend where an insured risk and excluded risk are alleged to constitute concurrent proximate causes of the underlying plaintiffs' bodily injuries. *See Partridge*, 10 Cal.3d at 102 (holding that when an insured risk and an excluded risk constitute concurrent proximate causes of an accident, the insurer is liable so long as one of the causes is covered by the policy; *id.* at 103 n.9 (approvingly citing *Brooks v. Metropolitan Life Ins. Co.*, 27 Cal.2d 305 (1945), in which, despite the breadth of the language of the exclusionary clause, the court still held the policy applicable where the insured risk constituted the proximate cause of the injury).

## IV.    CONCLUSION

Because Sompo has failed to demonstrate that there is no potential for coverage under the terms of the Underlying Policies, Sompo's Motion to Dismiss Defendant's Counterclaims is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr_