SUSAN KOEHLER SULLIVAN, State Bar No. 156418
*Susan.Sullivan@clydeco.us*
ALEC H. BOYD, State Bar No. 161325
*Alec.Boyd@clydeco.us*
BRETT C. SAFFORD, State Bar No. 292048
*Brett.Safford@clydeco.us*
RUIMIAO DU, State Bar No. 345687
*Ruimiao.Du@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

ROBERT MANGINO (*pro hac vice*)
*Robert.Mangino@clydeco.us*
CLYDE & CO US LLP
340 Mt. Kemble Avenue, Suite 300
Morristown, NJ 07960
Telephone:   (973) 210-6700

Attorneys for Plaintiff and Counter-Defendant
SOMPO AMERICA INSURANCE COMPANY
(formerly known as Sompo Japan Insurance Company of America)

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America Inc.), a New Jersey corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:25-cv-02832-JFW-MAA<br><br>Hon. John F. Walter<br>Courtroom 7A<br><br>**PLAINTIFF AND COUNTER-DEFENDANT SOMPO AMERICA INSURANCE COMPANY'S ANSWER TO DEFENDANT AND COUNTERCLAIMAINT LX HAUSYS AMERICA, INC.'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:     04/01/2025<br>Discovery Cutoff:    11/23/2026<br>Motion Cutoff:       12/07/2026<br>Pretrial Conf. Date: 02/19/2027<br>Trial Date:          03/23/2027 |

43168846.1

1

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Plaintiff and Counter-Defendant Sompo America Insurance Company (formerly known as Sompo Japan Insurance Company of America) ("Sompo"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the Counterclaim, filed against it in this action by Defendant and Counterclaimant LX Hausys America, Inc. ("LX Hausys").

If an averment is not specifically admitted, it is hereby denied. To the extent the Counterclaim purports to quote from, cite, or summarize allegations from third-party documents, no response herein should be read as admitting any allegation by any third party unless expressly admitted. Sompo expressly reserves the right to amend/or supplement this Answer, including but not limited to the defenses and affirmative defenses set forth herein, as may be necessary.

## ANSWER

Sompo responds to the specific allegations of LX Hausys' Counterclaim in accordance with the order and number of the paragraphs in which they are set out, as follows:

## NATURE OF THE ACTION

1. Sompo admits that this is an insurance action arising from underlying lawsuits filed against LX Hausys alleging bodily injuries from the fabrication and installation of stone products manufactured and sold by LX Hausys (referred to as the "Silica Lawsuits" or "Bodily Injury Lawsuits"). Except as expressly admitted, Sompo denies the allegations contained in Paragraph 1.

2. Sompo is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 2, and therefore, the allegations contained in Paragraph 2 are denied.

3. Sompo admits that the Silica Lawsuits allege bodily injuries from the fabrication and installation of stone products. Sompo further admits that Silica Lawsuits are pending in California state courts, including in the Counties of Los Angeles, San Francisco, and Orange. To the extent Paragraph 3 attempts to quote,

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

summarize, and/or offer LX Hausys' interpretation of the allegations set forth in Silica Lawsuits, the documents speak for themselves and no response is required. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 3.

4.      Sompo admits that LX Hausys has noticed and tendered certain Silica Lawsuits to Sompo under the commercial liability policies issued by Sompo. To the extent Paragraph 4 characterizes insurance policy documents, the insurance policy documents speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 4.

5.      Sompo admits that Sompo agreed to defend LX Hausys against certain Silica Lawsuits subject to a reservation of rights. Sompo further admits that Sompo sent coverage correspondence dated April 18, 2025, to LX Hausys. To the extent Paragraph 5 attempts to quote, summarize, and/or offer LX Hausys' interpretation of correspondence between Sompo and LX Hausys, the documents speak for themselves and no response is required. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 5.

6.      The allegations of Paragraph 6 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 6 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 6.

7.      The allegations of Paragraph 7 purport to state legal assertions, contentions, and conclusions that do not require a response. Insofar a further response is required, Sompo admits that Sompo filed an insurance coverage action. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 7.

43168846.1

3

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

8.      The allegations of Paragraph 8 purport to state legal assertions, contentions, and conclusions that do not require a response. Insofar a further response is required, Sompo admits that Sompo filed an insurance coverage action. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 8.

9.      Sompo denies breaching the implied covenant of good faith and fair dealing. Further, the allegations of Paragraph 9 purport to state legal assertions, contentions, and conclusions that do not require a response. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 9.

10.     Sompo denies the allegations of Paragraph 10.

11.     Sompo admits LX Hausys filed a Counterclaim. The allegations of Paragraph 11 further purport to state legal assertions, contentions, and conclusions that do not require a response. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 11.

## JURISDICTION AND VENUE

12.     Admitted.

13.     Admitted.

## PARTIES

14.     Admitted.

15.     Admitted.

## GENERAL ALLEGATIONS

16.     Sompo admits that LX Hausys has been named in lawsuits brought by persons alleging bodily injuries in connection with LX Hausys' manufacturing of stone products, and LX Hausys and other parties have been named as defendants. Sompo further admits that a list of Silica Lawsuits is attached as Exhibit 1 to the Counterclaim. Sompo is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Exhibit 1 includes all Silica

43168846.1                                          4

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Lawsuits that LX Hausys contends are currently at issue. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 16.

17.    Sompo is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 17, and therefore, the allegations contained in Paragraph 17 are denied.

18.    Sompo admits that LX Hausys is a defendant in certain Silica Lawsuits, and those lawsuits all allege claimants were diagnosed with silicosis and related bodily injuries allegedly caused by stone products manufactured by LX Hausys. To the extent Paragraph 18 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations set forth in Silica Lawsuits, the documents speak for themselves and no response is required. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 18.

19.    Sompo admits that LX Hausys is named a defendant in the action matter captioned *Cesar Manual Gonzalez Quiroz v. American Marble & Onyx Company, Inc.*, *et al.* ("*Quiroz*"), Los Angeles Superior Court case number 24STCV01477. To the extent Paragraph 19 attempts to quote, summarize, and/or offer LX Hausys' interpretations of the allegations in the Third Amended Complaint filed in *Quiroz* ("*Quiroz* TAC"), the document speaks for itself and no response is required. Insofar further a response is required, Sompo denies that LX Hausys' characterization of the *Quiroz* TAC is complete or accurate. Sompo only admits that the selective language quoted within Paragraph 19 appears to be from the *Quiroz* TAC. Sompo is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that the Quiroz "plaintiff seeks damages in excess of $19 million." Except as expressly admitted, Sompo denies the allegations in Paragraph 19.

20.    To the extent Paragraph 20 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations in the *Quiroz* TAC and/or other complaints filed in Silica Lawsuits, the documents speak for themselves and no

43168846.1

response is required. Insofar a further response is required, Sompo denies that LX Hausys' characterization of the *Quiroz* TAC and the purported allegations of other Silica Lawsuits is complete or accurate. Sompo only admits that the selective language quoted within Paragraph 20 appears to be from the *Quiroz* TAC. Except as expressly admitted, Sompo denies the allegations in Paragraph 20.

21. To the extent Paragraph 21 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations in the *Quiroz* TAC and/or other complaints filed in Silica Lawsuits, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo denies that LX Hausys' characterization of the *Quiroz* TAC and the purported allegations of other Silica Lawsuits is complete or accurate. Sompo only admits that the selective language quoted within Paragraph 21 appears to be from the *Quiroz* TAC. Except as expressly admitted, Sompo denies the allegations in Paragraph 21.

22. To the extent Paragraph 22 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations in the *Quiroz* TAC and/or other complaints filed in Silica Lawsuits, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo denies that LX Hausys' characterization of the *Quiroz* TAC and the purported allegations of other Silica Lawsuits is complete or accurate. Except as expressly admitted, Sompo denies the allegations in Paragraph 22.

23. To the extent Paragraph 23 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations in the complaints filed in Silica Lawsuits, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo admits that the purported exact dates of the alleged bodily injuries vary amongst the plaintiffs in the Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations in Paragraph 23.

24. To the extent Paragraph 24 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations and causes of action in the complaints

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

6

filed in Silica Lawsuits, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo admits that the certain Silica Lawsuits include claims of negligence, strict liability (warning and design defect), fraudulent concealment, breach of warranty, and/or loss of consortium. Except as expressly admitted, Sompo denies the allegations in Paragraph 24.

25. Sompo admits that Silica Lawsuits are currently pending. Except as expressly admitted, Sompo denies the allegations in Paragraph 25.

26. Sompo admits that LX Hausys has or may incur certain defense and/or settlement costs in connection with the Silica Lawsuits. Except as expressly admitted, the allegations contained in Paragraph 26 are denied.

27. The allegations of Paragraph 27 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 27 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 27.

**II.      The Commercial General Liability Policies At Issue**

28. Sompo admits that Sompo issued the commercial general liability insurances identified in Paragraph 28 to LX Hausys (the "Policies"). Except as expressly admitted, Sompo denies the allegations in Paragraph 28.

29. The allegations of Paragraph 29 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 29 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 29.

30. Sompo admits that LX Hausys paid premiums for the Policies. Except as expressly admitted, Sompo denies the allegations in Paragraph 30.

31. Paragraph 31 characterizes insurance policy documents that speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. Except as expressly admitted, Sompo denies the allegations of Paragraph 31.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

32.     Paragraph 32 characterizes insurance policy documents that speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. Except as expressly admitted, Sompo denies the allegations of Paragraph 32.

33.     Paragraph 33 characterizes insurance policy documents that speak for themselves and for which no respond is required. Insofar a further response is required, Sompo admits that Paragraph 33 sets forth a quotation relating to the definition of  "Occurrence" in the Policies. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. Except as expressly admitted, Sompo denies the allegations of Paragraph 33.

34.     Paragraph 34 characterizes insurance policy documents that speak for themselves and for which no respond is required. Insofar a further response is required, Sompo admits that Paragraph 34 sets forth a quotation relating to the definition of "Bodily Injury" in certain Policies. Sompo respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Except as expressly admitted, Sompo denies the allegations of Paragraph 34.

35.     Paragraph 35 characterizes insurance policy documents that speak for themselves and for which no respond is required. Insofar a further response is required, Sompo admits that Paragraph 35 sets forth a quotation relating to the "Silica Or Silica-Related Dust" Exclusion in the Policies. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. Except as expressly admitted, Sompo denies the allegations of Paragraph 35.

36.     Sompo denies the allegations of Paragraph 36.

37.     To the extent Paragraph 37 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations and claims alleged in the complaints filed in Silica Lawsuits, the documents speak for themselves and no response is required. Except as expressly admitted, Sompo denies the allegations in Paragraph 37.

43168846.1

38.    To the extent Paragraph 38 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations and claims alleged in the complaints filed in Silica Lawsuits, the documents speak for themselves and no response is required. Except as expressly admitted, Sompo denies the allegations in Paragraph 38.

39.    To the extent Paragraph 39 attempts to quote, summarize, and/or offer LX Hausys' interpretation of the allegations and claims alleged in the complaints filed in Silica Lawsuits, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo admits that the Silica Lawsuits allege bodily injuries, including silicosis and related lung injuries. The allegations of Paragraph 39 also purport to state legal assertions, contentions, and conclusions that do not require a response. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 39.

40.    The allegations of Paragraph 40 purport to state legal assertions, contentions, and conclusions that do not require a response. Insofar as a further response is required, Sompo denies that it has an obligation to defend or indemnify LX Hausys in connection with the Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 40.

41.    Paragraph 41 characterizes insurance policy documents that speak for themselves and for which no respond is required. Insofar a further response is required, Sompo admits that Paragraph 41 sets forth quotations relating to the "Pollution" Exclusion in the Policies. Sompo respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Except as expressly admitted, Sompo denies the allegations of Paragraph 41.

42.    The allegations of Paragraph 42 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 42 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 42.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1                                              9

43. The allegations of Paragraph 43 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 43 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 43.

### III. Standards Applicable to Sompo's Handling of Insurance Claims

44. The allegations of Paragraph 44 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 44 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 44.

45. The allegations of Paragraph 45 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 45 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 45.

46. The allegations of Paragraph 46 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 46 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 46.

47. The allegations of Paragraph 47 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 47 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 47.

48. The allegations of Paragraph 48 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 48 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 48.

49. The allegations of Paragraph 49 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

10

49 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 49.

50. The allegations of Paragraph 50 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 50 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 50.

51. The allegations of Paragraph 51 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 51 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 51.

52. Sompo admits there is a dispute concerning whether coverage exists for the Silica Lawsuits, but except as expressly admitted, Sompo cannot determine what other "disputes" LX Hausys is referring to and therefore denies the allegations contained in Paragraph 52.

### IV.    **Sompo Breached Its Coverage Obligations**

53. The allegations of Paragraph 53 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 53 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 53.

54. Sompo admits that LX Hausys paid premiums for the Policies. Except as expressly admitted, Sompo denies the allegations in Paragraph 54.

55. Sompo admits that LX Hausys and/or its insurance broker notified Sompo of Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations in Paragraph 55.

56. Sompo admits that LX Hausys has provided Sompo with some information concerning the Silica Lawsuits. Otherwise, the allegations of Paragraph 56 purport to state legal assertions, contentions, and conclusions that do not require

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

11

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

a response. To the extent Paragraph 56 is determined to contain additional factual allegations, Sompo denies the allegations contained in Paragraph 56.

57.    Sompo admits that LX Hausys has requested that Sompo defend and indemnify LX Hausys in connection with certain Silica Lawsuits. The allegations of Paragraph 57 also purport to state legal assertions, contentions, and conclusions that do not require a response. Except as expressly admitted, Sompo denies the allegations in Paragraph 57.

58.    To the extent Paragraph 58 attempts to quote, summarize, and/or offer LX Hausys' interpretation of correspondence between Sompo and LX Hausys, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo admits that Sompo sent coverage correspondence dated January 25, 2023, to LX Hausys regarding *Segura-Meza, et al v. Agoura Hills Marble and Granite, Inc*.  Sompo denies that LX Hausys' characterization and quotations of Sompo's correspondence dated January 23, 2025, are complete or accurate. Except as expressly admitted, Sompo denies the allegations in Paragraph 58.

59.    To the extent Paragraph 59 attempts to quote, summarize, and/or offer LX Hausys' interpretation of correspondence between Sompo and LX Hausys, the documents speak for themselves and no response is required. Insofar a further response is  required, Sompo admits that Sompo sent coverage correspondence dated April 18, 2025, to LX Hausys, wherein Sompo agreed to continue to provide a defense subject to a reservation of rights. Sompo denies that LX Hausys' characterization and quotations of Sompo's correspondence dated April 18, 2025, are complete or accurate. Except as expressly admitted, Sompo denies the allegations in Paragraph 59.

60.    Sompo denies the allegations of Paragraph 60.

61.    Sompo denies the allegations of Paragraph 61.

43168846.1

12

62. The allegations of Paragraph 62 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 62 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 62.

63. To the extent Paragraph 63 attempts to quote, summarize, and/or offer LX Hausys' interpretation of correspondence between Sompo and LX Hausys, the documents speak for themselves and no response is required. Insofar as a further response is required, Sompo admits that LX Hausys' counsel sent correspondence dated January 28, 2025, regarding the Silica Lawsuits, *Wendy Virdiana Solano-Claustro et al. v. Adb Global Trade, LLC, et al.* and *Garcia-Rosas et al. v. Architectural Surfaces, Inc, et al*. Except as expressly admitted, Sompo denies the allegations in Paragraph 63.

64. To the extent Paragraph 64 attempts to quote, summarize, and/or offer LX Hausys' interpretation of correspondence between Sompo and LX Hausys, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo admits that LX Hausys' counsel sent coverage correspondence dated February 3, 2025, to Sompo's counsel regarding the Silica Lawsuits, *Wendy Virdiana Solano-Claustro et al. v. Adb Global Trade, LLC, et al.* and *Garcia-Rosas et al. v. Architectural Surfaces, Inc, et al*. Also, to the extent Sompo understands the allegation that "Sompo failed to respond," Sompo denies this allegation. Except as expressly admitted, Sompo denies the allegations in Paragraph 64.

65. To the extent Paragraph 65 attempts to quote, summarize, and/or offer LX Hausys' interpretation of correspondence between Sompo and LX Hausys, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo admits that Sompo's counsel sent an email dated February 3, 2025, to LX Hausys' counsel stating, in part, that Sompo owes "no coverage obligation to LX [Hausys] in light of the broad silica exclusions in all

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

13

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Sompo policies," but that "Sompo will, for now, continue to contribute to LX [Hausys'] defense expense." Sompo denies that LX Hausys' characterization and quotations of Sompo counsel's email dated February 3, 2025, are complete or accurate. Except as expressly admitted, Sompo denies the allegations in Paragraph 65.

66.    To the extent Paragraph 66 attempts to quote, summarize, and/or offer LX Hausys' interpretation of correspondence between Sompo and LX Hausys, the documents speak for themselves and no response is required. Insofar a further response is required, Sompo admits that LX Hausys' counsel sent coverage correspondence dated February 3, 2025, to Sompo's counsel regarding the Silica Lawsuits, *Wendy Virdiana Solano-Claustro et al. v. Adb Global Trade, LLC, et al.* and *Garcia-Rosas et al. v. Architectural Surfaces, Inc, et al*. Except as expressly admitted, Sompo denies the allegations in Paragraph 66.

67.    The allegations of Paragraph 67 also purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 67 is determined to contain factual allegations, Sompo is informed and believes that LX Hausys settled certain Silica Lawsuits. Except as admitted, Sompo denies the allegations contained in Paragraph 67.

68.    Sompo denies breaching its coverage obligations owed to LX Hausys. Paragraph 68 also characterizes insurance policy documents that speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the Polices for their true and complete content, forms, and meaning. The allegations of Paragraph 68 also purport to state legal assertions and conclusions that do not require a response. Except as expressly admitted, Sompo denies the allegations contained in Paragraph 68.

69.    Sompo is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 69, and therefore, the allegations contained in Paragraph 69 are denied.

70.    Sompo admits that LX Hausys has requested indemnification for certain of the Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations of Paragraph 70.

71.    Sompo admits that it has not agreed to indemnify LX Hausys for settlements or judgments in the Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations of Paragraph 71.

## FIRST COUNTERCLAIM

### (Declaratory Relief – Duty to Defend)

72.    Sompo repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

73.    Sompo admits that LX Hausys seeks the requested judicial determination. Except as expressly admitted, Sompo denies the allegations of Paragraph 73.

74.    Paragraph 74 characterizes insurance policy documents that speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. Insofar a further response is required, Sompo denies owing an obligation to defend or pay costs to LLX Hausys in connection with the Silica Lawsuits or other related claims and lawsuits. To the extent Paragraph 74 is determined to contain factual allegations, Sompo denies the allegations of Paragraph 74.

75.    Sompo admits that Sompo's position is that it does not owe a duty to defend LX Hausys against Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations of Paragraph 75.

76.    The allegations of Paragraph 76 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 76 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 76.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

15

77.    Sompo admits that LX Hausys seeks the requested judicial declaration set forth in Paragraph 77 but denies that LX Hausys is entitled to the  requested judicial declaration. Otherwise, the allegations of Paragraph 77 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 77 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 77.

78.    The allegations of Paragraph 78 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 78 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 78.

## SECOND COUNTERCLAIM

### (Declaratory Relief – Duty to Indemnify)

79.    Sompo repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

80.    Sompo only admits that only that Sompo seeks the requested judicial determination. Except as expressly admitted, Sompo denies the allegations of Paragraph 80.

81.    Paragraph 81 characterizes insurance policy documents that speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. Insofar a further response is required, Sompo denies owing an obligation to indemnify LX Hausys in connection with the Silica Lawsuits or other related claims or lawsuits. To the extent Paragraph 81 is determined to contain factual allegations, Sompo denies the allegations of Paragraph 81.

82.    Sompo admits that Sompo's position is that it does not owe a duty to indemnify LX Hausys against Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations of Paragraph 82.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

83. The allegations of Paragraph 83 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 83 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 83.

84. Sompo admits that LX Hausys seeks the requested judicial declaration but denies that LX Hausys is entitled to the requested judicial declaration. Otherwise, the allegations of Paragraph 84 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 84 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 84.

85. The allegations of Paragraph 85 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 85 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 85.

## THIRD COUNTERCLAIM

### (Breach of Contract – Duty to Defend)

86. Sompo repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

87. Paragraph 87 characterizes insurance policy documents that speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. To the extent Paragraph 87 is determined to contain factual allegations, Sompo denies the allegations of Paragraph 87.

88. Sompo admits that LX Hausys notified Sompo of certain Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations of Paragraph 88.

89. Sompo admits that LX Hausys paid policy premiums for certain Policies. The allegations of Paragraph 89 also purport to state legal assertions,

43168846.1

17

contentions, and conclusions that do not require a response.  Except as expressly admitted, Sompo denies the allegations of Paragraph 89.

90.     Sompo denies the allegations of Paragraph 90.

91.     Sompo denies that it has breached any duty owed to LX Hausys. The allegations of Paragraph 91 also purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 91 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 91.

92.     Sompo denies that it has breached any duty owed to LX Hausys. The allegations of Paragraph 92 also purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 92 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 92.

93.     Sompo denies that it has breached any duty owed to LX Hausys. The allegations of Paragraph 93 also purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 93 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 93.

## FOURTH COUNTERCLAIM

### (Breach of Contract – Duty to Indemnify)

94.     Sompo repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

95.     Paragraph 95 characterizes insurance policy documents that speak for themselves and for which no respond is required. Sompo respectfully refers the Court to the Policies for their true and complete content, forms, and meaning. The allegations of Paragraph 95 also purport to state legal assertions, contentions, and conclusions that do not require a response. Insofar a further response is required, Sompo denies that the Policies cover the Silica Lawsuits. To the extent Paragraph 95

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 95.

96.     Sompo admits that LX Hausys notified it of certain Silica Lawsuits. Except as expressly admitted, Sompo denies the allegations of Paragraph 96.

97.     Sompo admits that LX Hausys paid policy premiums for certain Policies. The allegations of Paragraph 97 also purport to state legal assertions, contentions, and conclusions that do not require a response. Except as expressly admitted, Sompo denies the allegations of Paragraph 97.

98.     Sompo denies the allegations of Paragraph 98.

99.     Sompo denies that it has breached any duty to LX Hausys. The allegations of Paragraph 99 also purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 99 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 99.

100.    Sompo denies that it has breached any duty to LX Hausys. The allegations of Paragraph 100 also purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 100 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 100.

101.    Sompo denies that it has breached any duty to LX Hausys. The allegations of Paragraph 100 also purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 100 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 100.

### **FIFTH COUNTERCLAIM**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – Bad Faith)**

102.    Sompo repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

43168846.1

19

103.    The allegations of Paragraph 103 purport to state legal assertions, contentions, and conclusions that do not require a response. To the extent Paragraph 103 is determined to contain factual allegations, Sompo denies the allegations contained in Paragraph 103.

104.    Sompo denies the allegations of Paragraph 104 and each subpart (a)-(i) therein.

105.    Sompo denies the allegations of Paragraph 105.

106.    Sompo denies the allegations of Paragraph 106.

107.    Sompo denies the allegations of Paragraph 107.

108.    Sompo denies the allegations of Paragraph 108.

109.    Sompo denies the allegations of Paragraph 109.

110.    Sompo denies the allegations of Paragraph 110.

## PRAYER FOR RELIEF

Sompo denies each and every allegation contained in the Prayer for Relief and specifically denies that LX Hausys is entitled to any relief or judgment against Sompo as alleged, including but not limited monetary damages, special and incidental damages, attorneys' fees, costs, declaratory relief, or any other relief sought by LX Hausys against Sompo.

## DEFENSES

Sompo alleges the following defenses. By alleging the following defenses, Sompo does not assume the burden of production, proof, or persuasion as to such defenses not otherwise imposed by law. Additionally, all defenses are pleaded in the alternative and do not constitute an admission that LX Hausys has been damaged in any way or is entitled to any relief.

Sompo also reserves the right to amend, correct, delete, or add defenses based upon its ongoing investigation and discovery regarding facts, allegations, and claims alleged in the Counterclaim.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

20

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

## FIRST DEFENSE

### (Failure to State a Claim)

1. The Counterclaim, and each claim stated therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Policy Terms, Exclusions, Conditions, and Limitations)

2. LX Hausys' claims are barred and not payable, in whole or in part, by reason of the terms, definitions, exclusions, endorsements, conditions, and limitations contained in the policies issued by Sompo identified in the Counterclaim (the "Sompo Policies").

## THIRD DEFENSE

### (No "Occurrence")

3. LX Hausys' Counterclaim and all claims stated against Sompo are barred to the extent the "Bodily Injury Lawsuits" referred to in LX Hausys' Counterclaim (hereinafter, the "Silica Lawsuits") do not allege any "Occurrence" as that term is defined by the Sompo Policies and/or an "Occurrence" did not occur during the effective policy periods of the Sompo Policies.

## FOURTH DEFENSE

### (Known Prior Loss – Insuring Agreement)

4. Sompo is informed and believes, and on that basis alleges, that LX Hausys' claims are barred, in whole or in part, to the extent LX Hausys knew, prior to each Sompo Policies' effective "policy period," that "bodily injury" had occurred in whole or in part, as set forth in the Sompo Policies' Insuring Agreements.

## FIFTH DEFENSE

### (No "Bodily Injury" Within Policy Period)

5. LX Hausys is not entitled to insurance coverage in the Silica Lawsuits, in whole or in part, to the extent that any alleged "bodily injury" did not occur during the effective policy periods of the Sompo Policies.

43168846.1

21

**SIXTH DEFENSE**

**(Silica Or Silica-Related Dust Exclusion)**

6. LX Hausys' claims are barred, in whole or in part, to the extent the Silica Lawsuits are excluded from coverage by the Silica Or Silica-Related Dust Exclusion contained in the Sompo Policies.

**SEVENTH DEFENSE**

**(Pollution Exclusion)**

7. LX Hausys' claims are barred, in whole or in part, to the extent the Silica Lawsuits are excluded from coverage by the Pollution Exclusion contained in the Sompo Policies.

**EIGHTH DEFENSE**

**(Lead Exclusion)**

8. LX Hausys' claims are barred, in whole or in part, to the extent the Silica Lawsuits are excluded from coverage by the Lead Exclusion contained in the Sompo Policies.

**NINTH DEFENSE**

**(Other Policy Defenses)**

9. Sompo alleges that other terms, definitions, exclusions, endorsements, conditions, and/or limitations of the Sompo Policies apply to limit or bar coverage under the Sompo Policies.

**TENTH DEFENSE**

**(No Coverage for Pre-Tender Fees and Costs)**

10. LX Hausys' claims are barred, in whole or in part, to the extent they involve fees or costs incurred prior to the tender of the Silica Lawsuits to Sompo.

**ELEVENTH DEFENSE**

**(Set-Off of Damages/Application of Third Part Recoveries)**

11. LX Hausys' claims are barred, in whole or in part, to the extent LX Hausys has received reimbursement for any loss, injury, or damage for which it

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

22

seeks or has sought coverage under the Sompo Policies.

## TWELFTH DEFENSE

### (No Coverage for Defense Fees that are Unreasonable, Unnecessary, or Unrelated to the Silica Lawsuits)

12.    LX Hausys' claims are barred, in whole or in part, to the extent that attorneys' fees and/or other costs or expenses claimed by LX Hausys are unreasonable, unnecessary, or unrelated to LX Hausys' defense of the Silica Lawsuits.

## THIRTEENTH DEFENSE

### (Unreasonable Settlement)

13.    Sompo is informed and believes, and on that basis alleges, that LX Hausys' claims are barred to the extent the amounts that LX Hausys paid to settle any of the Silica Lawsuits were unreasonable.

## FOURTEENTH DEFENSE

### (Non-Covered Entities)

14.    LX Hausys' claims are barred to the extent LX Hausys seeks recovery on behalf of any entity or entities that are not insureds under the Sompo Policies.

## FIFTHTEENTH DEFENSE

### (Failure to Exhaust)

15.    Plaintiff's claims may be barred or limited, in whole or in part, because Plaintiff has not demonstrated proper exhaustion of any self-insured retention or underlying limits of the other insurance policies.

## SIXTEENTH DEFENSE

### (Losses Outside Policy Limits)

16.    Any recovery by LX Hausys, the existence and scope of which Sompo expressly denies, cannot exceed the Sompo Policies' applicable Limits of Liability.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1

23

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

## SEVENTEENTH DEFENSE

### (Other Insurance)

17.    LX Hausys' claims may be offset or barred, in whole or part, to the extent that any other insurance is available to LX Hausys and/or offset or barred, in whole or in part, by Sompo Policies' "Other Insurance" provisions.

## EIGHTEENTH DEFENSE

### (No Voluntary Payments)

18.    LX Hausys is informed and believes, and on that basis alleges, that no coverage exists under the Sompo Policies to the extent LX Hausys voluntarily made any payment, assumed any obligation, or incurred any expense, without Sompo's consent.

## NINETEENTH DEFENSE

### (California Insurance Code section 533)

19.    Sompo is informed and believes, and on that basis alleges, that LX Hausys' claims are barred, in whole or in part, by the provisions of California Insurance Code section 533.

## TWENTIETH DEFENSE

### (Failure to Comply with Terms and Conditions)

20.    Sompo is informed and believes, and on that basis alleges, that LX Hausys' claims are barred to the extent LX Hausys failed to comply with the terms and conditions contained in or incorporated by the Sompo Policies, including but not limited to duties to cooperate in any investigation, and any and all other conditions precedent to coverage.

## TWENTY-FIRST DEFENSE

### (No Attorneys' Fees / *Brandt* Fees)

21.    The Counterclaim, and each and every purported claim alleged against Sompo therein, fails to state a claim for which attorneys' fees may be awarded against Sompo.

43168846.1

24

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

## TWENTY-SECOND DEFENSE

### (Failure to Disclose Material Facts)

22.    Sompo has no obligations to LX Hausys to the extent LX Hausys failed to disclose or otherwise misrepresented facts that were material to the risks undertaken by Sompo.

## TWENTY-THIRD DEFENSE

### (Causation of Damages)

23.    LX Hausys' claimed damages, if any, were proximately caused and contributed to by persons or entities other than Sompo, and such other causation was an intervening and superseding cause of the damages alleged by Sompo.

## TWENTY-FOURTH DEFENSE

### (Failure to Mitigate Damages)

24.    To the extent that LX Hausys has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Sompo must be reduced accordingly.

## TWENTY-FIFTH DEFENSE

### (Unclean Hands, Waiver, and Estoppel)

25.    The Counterclaim may be barred, in whole or in part, by the doctrines of unclean hands, waiver, and/or estoppel.

## TWENTY-SIXTH DEFENSE

### (Uninsurable Claims)

26.    No duty to indemnify is owed, in whole or in part, to the extent any of the Silica Lawsuits for which LX Hausys seeks coverage involve claims that are uninsurable, including but not limited to claims for punitive damages, fines, and/or penalties.

43168846.1

25

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

## TWENTY-SEVENTH DEFENSE

### (Punitive & Exemplary Damages Exclusion)

27. LX Hausys' claims are barred, in whole or in part, to the extent the Silica Lawsuits for which LX Hausys seeks coverage involve claims excluded from coverage by the Punitive & Exemplary Damages Exclusion in the Sompo Policies.

## TWENTY-EIGHTH DEFENSE

### (Loss-in-Progress and/or Known Loss)

28. Sompo is informed and believes, and on that basis alleges, that no coverage exists under the Sompo Policies to the extent LX Hausys knew or should have known of any injuries, damages, or claims alleged in the Lawsuits prior to the beginning of the policy period, or of circumstances which would reasonably be expected to result in a claim under the Sompo Policies.

## TWENTY-NINTH DEFENSE

### (Genuine Dispute to Coverage)

29. LX Hausys' claim for Breach of the Implied Covenant of Good Faith and Fair Dealing – Bad Faith is barred, in whole or in part, because there was a genuine dispute as to the coverage for LX Hausys' claims.

## THIRTIETH DEFENSE

### (Good Faith)

30. At all times relevant, Sompo acted reasonably and in good faith in handling LX Hausys' claims.

## THIRTY-FIRST DEFENSE

### (Performance)

31. Sompo has fully performed each, any , and all terms to be performed pursuant to the Sompo Policies.

43168846.1

26

**THIRTY-SECOND DEFENSE**

**(Right to Raise Additional Defenses)**

32.    LX Hausys has failed to set forth its claims with sufficient particularity to permit Sompo to raise all appropriate defenses, and thus, Sompo reserves the right to add additional defenses as a factual basis for those defenses becomes known.

**WHEREFORE**, Sompo prays for judgment against LX Hausys as follows:

   a.  That LX Hausys take nothing by way of its Counterclaim;

   b.  That the Counterclaim and each claim therein be dismissed with prejudice;

   c.  That Sompo be awarded its costs of suit; and

   d.  For such other or further relief this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Sompo hereby demands a trial by jury on all matters and issues so triable.

Dated:  January 20, 2026          CLYDE & CO US LLP

By:   */s/ Susan Koehler Sullivan*
    Susan Koehler Sullivan
    Alec H. Boyd
    Brett C. Safford
    Ruimiao Du
    Robert Mangino (*pro hac vice*)
    Attorneys for Plaintiff and Counter-Defendant SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America)

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43168846.1                    27