SUSAN KOEHLER SULLIVAN, State Bar No. 156418
Susan.Sullivan@clydeco.us
ALEC H. BOYD, State Bar No. 161325
Alec.Boyd@clydeco.us
BRETT C. SAFFORD, State Bar No. 292048
Brett.Safford@clydeco.us
RUIMIAO DU, State Bar No. 345687
Ruimiao.Du@clydeco.us
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

ROBERT MANGINO (*pro hac vice*)
Robert.Mangino@clydeco.us
CLYDE & CO US LLP
340 Mt. Kemble Avenue, Suite 300
Morristown, NJ 07960
Telephone:   (973) 210-6700

Attorneys for Plaintiff and Counter-Defendant
SOMPO AMERICA INSURANCE COMPANY
(formerly known as Sompo Japan Insurance Company of America)

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America Inc.), a New Jersey corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:25-cv-02832-JFW-MAA<br>Hon. John F. Walter<br>Courtroom 7A<br><br>**SOMPO AMERICA INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b), AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL**<br><br>Date:        April 27, 2026<br>Time:        1:30 p.m.<br>Courtroom:  7A<br><br>Complaint Filed:      04/01/2025<br>Discovery Cutoff:    11/23/2026<br>Motion Cutoff:        12/07/2026<br>Pretrial Conf. Date:  02/19/2027<br>Trial Date:            03/23/2027 |

43134341.1

1

# **TABLE CONTENTS**

|  |  | **PAGE** |
|---|---|---|
| I. | INTRODUCTION | 5 |
| II. | FACTUAL BACKGROUND | 6 |
| III. | LEGAL AUTHORITY | 7 |
| IV. | AUTHORITY AND ARGUMENT | 7 |
|  | A. Whether the Silica Exclusion Precludes Coverage for the Silica Lawsuits Presents a Controlling Question of Law | 7 |
|  | B. Whether the Silica Exclusion Precludes Coverage Involves an Issue About Which There is a Substantial Ground for Difference of Opinion, as Reasonable Jurists Already Have Disagreed on its Application. | 9 |
|  | C. An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation. | 13 |
| V. | STAY OF PROCEEDINGS | 14 |
| VI. | CONCLUSION | 15 |

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1

2

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

## TABLE AUTHORITIES

**PAGE**

**Cases**

*Beeman v. Anthem Prescription Mgmt., Inc.*
   No. EDCV 04-407-VAP SGLX, 2007 WL 8433884
   (C.D. Cal. Aug. 2, 2007) ...............................................................................14

*Certain Underwriters at Lloyd's of London v. Superior Ct.*
   24 Cal. 4th 945 (2001) ....................................................................................8

*Clinton v. Jones*
   520 U.S. 681 (1997) ......................................................................................14

*CMAX, Inc. v. Hall*
   300 F.2d 265 (9th Cir. 1962) .........................................................................14

*Grinnell Mut. Reinsurance Co. v. Dingmann Bros. Constr. of Richmond, Inc.*
   34 F.4th 649 (8th Cir. 2022) ..........................................................................12

*Hanover Am. Ins. Co. v. Francini, Inc.*
   No. 2:23-CV-10047-MRA-MAA, 2025 WL 1090925
   (C.D. Cal. Mar. 27, 2025) ..............................................................9, 10, 11, 12

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*
   59 Cal. 4th 277 (2014) ....................................................................................8

*Horace Mann Ins. Co. v. Barbara B.*
   4 Cal. 4th 1076 (1993) ....................................................................................8

*In re Cement Antitrust Litig.*
   673 F.2d 1020 (9th Cir. 1981) .........................................................................8

*John v. U.S.*
   247 F.3d 1032 (9th Cir. 2001) .......................................................................13

*Lakeland Village Homeowners Ass'n v. Great Am. Ins. Grp.*
   727 F. Supp. 2d 887 (E.D. Cal. 2010) .......................................................7, 14

*Leite v. Crane Co.*
   749 F.3d 1117 (9th Cir. 2014) .........................................................................9

*Little v. City of Seattle*
   863 F.2d 681 (9th Cir. 1988) .........................................................................14

*Lomes v. Hartford Fin. Servs. Grp., Inc.*
   88 Cal. App. 4th 127 (2001) ...........................................................................8

*Love v. Fire Ins. Exch.*
   221 Cal. App. 3d 1136 (1990) .........................................................................9

*Mauro v. Ohio Sec. Ins. Co.*
   No. 21-3095, 2022 WL 10319967 (3d Cir. Oct. 18, 2022) .............................12

43134341.1

*Mineworkers' Pension Scheme v. First Solar Inc.*
  *881 F.3d 750 (9th Cir. 2018)* ........................................................................... 7

*Reese v. BP Exploration (Alaska) Inc.*
  *643 F.3d 681 (9th Cir. 2011)* ........................................................................... 9

*Su v. Siemens Indus., Inc.*
  *No. 12-cv-03743-JST, 2014 WL 2600539 (N.D. Cal. June 10, 2014)* .................... 8

*U.S. v. Adam Bros. Farming, Inc.*
  *369 F. Supp. 2d 1180 (C.D. Cal. 2004)* ........................................................ 13, 14

**Other Authorities**
*28 U.S.C. § 1292(b)* ....................................................................................*passim*

**Regulations**
*Wright & Miller*
  *16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.)* ................................................... 8

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1

4

## I.    **INTRODUCTION**

Pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"), Plaintiff and Counter-Defendant Sompo America Insurance Company  (formerly known as Sompo Japan Insurance Company of America) (hereinafter, "Sompo" or "Plaintiff") respectfully moves the Court to certify for interlocutory appeal the Court's Order Denying Plaintiff's Motion to Dismiss Defendant's Counterclaims (the "Order") dated December 22, 2025. ECF 47. Additionally, Sompo requests that, if the Court grants this motion, then the Court also stay the action pending the conclusion of the appellate proceedings.

This case involves a dispute regarding insurance coverage for claims against Defendant and Counterclaimant LX Hausys America, Inc. (hereinafter, "LX Hausys" or "Defendant") in over 200 underlying lawsuits filed by individuals claiming they developed silicosis and related bodily injuries resulting from their work fabricating stone products containing silica manufactured or sold by LX Hausys (hereinafter, "Silica Lawsuits"). ECF 1 & 23. LX Hausys seeks coverage for defense and indemnity under insurance policies issued by Sompo. *Id.* Sompo, however, asserts that the "Silica or Silica-Related Dust Exclusion" bars coverage for the Silica Lawsuits. *Id.* Sompo moved to dismiss LX Hausys' Counterclaims, and this Court denied Sompo's motion. ECF 47 (the Order).

Sompo now seeks certification of the following issue for appeal, which constitutes the central issue of Sompo's Motion to Dismiss Defendant's Counterclaims, ECF 27, and a "controlling question of law" in this case:

> *In consideration of conflicting trial court decisions on the same or similar silica and silica-related dust exclusions, does the Silica or Silica-Related Dust Exclusion preclude Sompo's duty to defend LX Hausys in the Silica Lawsuits?*

The resolution of this issue is not only fundamental to this case, but the identical issue has been decided or is now pending in several similar insurance

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

coverage lawsuits seeking coverage determinations impacting more than **350** (and counting) Silica Lawsuits pending in California and other courts nationwide. In turn, each Silica Lawsuit name dozens of manufacturers, distributors and retailers of stone products spanning multiple decades. In turn, each of those defendants are seeking coverage under thousands of insurance policies issued by numerous insurers spanning back decades. A large number of these insurance disputes involve application of the same or very similar silica exclusions.

Further, some courts have already reached conflicting conclusions on the application of these exclusions to the Silica Lawsuits. In fact, another court in the Central District of California granted judgment on the pleadings to insurers holding the identical Silica or Silica-Related Dust Exclusion in this case bars coverage for 17 Silica Lawsuits in which LX Hausys is also named as a defendant. These conflicting decisions underscore that the interpretation of silica and silica-related dust exclusions presents a "substantial ground for difference of opinion" among reasonable jurists.

For these reasons, Sompo respectfully requests that the Court certify the Order for interlocutory appeal and stay these proceedings pending the appeal.

## II.    FACTUAL BACKGROUND

Sompo issued Commercial General Liability policies for the 2011-2012 to 2016-2017 and 2019-2020 to 2024-2025 policy periods under which LX Hausys seeks coverage for the Silica Lawsuits (the "Policies"). However, each of the Policies contain a "Silica or Silica-Related Dust Exclusion" which bars coverage for "Bodily Injury arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust'" [1] (hereinafter, "Silica Exclusion"). ECF 1 ¶ 3; ECF 1-1, at p. 60.

---

[1] The Policies define "Silica" as "silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds," and "Silica-related dust" as "a mixture or combination of silica and other dust or particles." ECF 1 ¶ 3; ECF 1-1, at p. 60.

43134341.1

On April 1, 2025, Sompo filed this action seeking declarations that it has no duty to defend or indemnify LX Hausys in the Silica Lawsuits. ECF 1. On August 4, 2025, LX Hausys filed its Answer and Counterclaim also seeking declaratory relief regarding Sompo's duty to defend and indemnify as well as damages for breach of contract and bad faith. ECF 23.

On September 24, 2025, Sompo moved to dismiss LX Hausys' Counterclaims on the ground that the Silica Exclusion precludes coverage for the Silica Lawsuits, and absent the existence of coverage, Sompo does not owe a duty to defend, and therefore, Sompo also does not owe a duty to indemnify and cannot be liable for bad faith. ECF 27. Accordingly, if the Silica Exclusion bars coverage, LX Hausys cannot state counterclaims for Declaratory Relief, Breach of Contract, or Bad Faith against Sompo—resolving both LX Hausys' Counterclaims as well as Sompo's Complaint. This Court denied Sompo's Motion to Dismiss—"conclud[ing] that the Silica Exclusion does not preclude coverage." ECF 47 at 4.

## III.  LEGAL AUTHORITY

Section 1292(b) permits a district court to certify an order for interlocutory review where the order involves: (1) a "controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 751, n.1 (9th Cir. 2018). As demonstrated below, the issue for which Sompo seeks certification satisfies all of these requirements.

## IV.  AUTHORITY AND ARGUMENT

### A.  Whether the Silica Exclusion Precludes Coverage for the Silica Lawsuits Presents a Controlling Question of Law.

All that must be shown in order for a question to be "controlling" is that "'resolution of the issue on appeal could materially affect the outcome of the litigation in district court.'" *Lakeland Village Homeowners Ass'n v. Great Am. Ins. Grp.*, 727

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

F. Supp. 2d 887, 896 (E.D. Cal. 2010) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)). Furthermore, a controlling question of law is one where "allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *see also Su v. Siemens Indus., Inc.*, No. 12-cv-03743-JST, 2014 WL 2600539, at *2 (N.D. Cal. June 10, 2014) ("'A steadily growing number of decisions' have found 'that a question is controlling ... if interlocutory reversal might save time for the district court, and time and expense for the litigants.'") (quoting Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.)).

Here, whether the Silica Exclusion precludes coverage for the Silica Lawsuits is a question of law essential to this action and ties directly to the fundamental and threshold question of whether Sompo owes a duty to defend. Further, the question of the duty to defend is to be determined at the **outset** of the underlying case and based on a comparison of the underlying allegations and the policy terms.[2] California law is clear that the duty to defend is not determined later, after discovery or resolution of the underlying actions. As a result, the question of whether a defense is owed is capable of being determined and should be determined on the present record.

A finding that the Silica Exclusion bars coverage would be dispositive of this action—resolving both LX Hausys' Counterclaim and Sompo's Complaint. *See Certain Underwriters at Lloyd's of London v. Superior Ct.*, 24 Cal. 4th 945, 958 (2001) ("Where there is a duty to defend, there *may be* a duty to indemnify; but where

---

[2] *Lomes v. Hartford Fin. Servs. Grp., Inc.*, 88 Cal. App. 4th 127, 132 (2001) ("Whether an insurance policy provides that potential for coverage and, thus, a duty to defend exists, is a question of law for the court to decide."); *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993) ("The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy."); *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 287 (2014) ("[T]he duty to defend must be assessed at the very outset of a case.").

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1

there is no duty to defend, there *cannot be* a duty to indemnify."); *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990) ("[A] bad faith claim cannot be maintained unless policy benefits are due.")

Accordingly, reversal by the Ninth Circuit on the issue presented here for certification indisputably would "materially affect the outcome of the litigation." Therefore, this issue presents a controlling question of law.

**B.    Whether the Silica Exclusion Precludes Coverage Involves an Issue About Which There is a Substantial Ground for Difference of Opinion, as Reasonable Jurists Already Have Disagreed on its Application.**

For purposes of Section 1292(b), "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); *see, e.g.*, *Leite v. Crane Co.*, 749 F.3d 1117, 1120 & n.1 (9th Cir. 2014) (granting Section 1292(b) review where "district courts confronted with similar facts have reached the opposition conclusion").

In its Order denying Sompo's Motion to Dismiss LX Hausys' Counterclaim, "[t]he Court conclude[d] that the Silica Exclusion does not preclude coverage." ECF 47 at 4. However, other courts have found that similar silica and silica-related dust exclusions bar coverage for the bodily injuries caused by exposure to silica, including with respect to some of the same Silica Lawsuits which LX Hausys is named as a defendant.

In *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-CV-10047-MRA-MAA, 2025 WL 1090925 (C.D. Cal. Mar. 27, 2025), the Court applied the same Silica Exclusion in an action involving a stone product importer and distributor's claims for coverage in connection with 17 Silica Lawsuits—in which LX Hausys is also named

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

as a defendant.[3] While plaintiff-specific allegations as to dates of exposure and silicosis diagnoses differ from one suit to the next, the balance of the allegations in the hundreds of Silica Lawsuits as to the involvement of each manufacturer, distributor, and importer are substantially similar, if not identical. That is, the Silica Plaintiffs all allege that defendants manufactured and/or sold stone products containing silica; the products were required to be fabricated (*e.g.*, counters); and plaintiffs were exposed to large amounts of silica in the fabrication process and later all plaintiffs diagnosed with silicosis and related injuries. Despite identical Silica Lawsuits and the identical Silica Exclusion being at issue in the *Francini* action, contrary to this Court's ruling, the *Francini* court ruled that the exclusion barred

---

[3] (1) *Victor Gonzalez et al. v. VDB Global Trade LLC, et al.*, Los Angeles County Superior Court ("LASC") case no. 21STCV06984; (2) *Leobardo Segura-Meza et al. v. Agoura Hills Marble and Granite, Inc., et al.*, LASC case no. 22STCV38729; (3) *Rodolfo Garcia-Rosas, et al. v. Architectural Surfaces, Inc.*, LASC case no. 22STCV39957; (4) *Demetrio Luna-Reyes et al. v. Architectural Surfaces, Inc., et al.*, LASC case no. 23STCV00238; (5) *J. Guadalupe Reyes-Cuevas et al. v. Alpha Tile & Stone, Inc., et al.*, LASC case no. 23STCV00260; (6) *Fernando Bustos-Mondragon et al. v Antolini Luigi & CSPA et al.*, LASC case no. 23STCV01424; (7) *Adan Gomez-Rivera v. ADB Global Trade LLC, et al.*, LASC case no. 23STCV01612; (8) *Angel Gallegos-Botello et al. v. Architectural Surfaces, Inc., et al.*, LASC case no. 23STCV06368; (9) *William Moz-Murcia v. Architectural Surfaces, Inc., et al.*, LASC case no. 23STCV06384; (10) *Oscar Alvarado Ortiz v. Architectural Surfaces, Inc., et al.*, LASC case no. 23STCV06568; (11) *Jorge Estrella-Moreno et al. v. All Natural Stone Burlingame, Inc., et al.*, San Francisco County Superior Court case no. CGC-23-605643; (12) *Jose Guadalupe Soto-Rodriguez et al. v. AKG Trading (USA), Inc., et al.*, LASC case no. 23STCV08440; (13) *Dennys Rene Rivas-Williams v. A & A Granite Marble, et al.*, LASC case no. 23STCV08523; (14) *Martin Melendez-Murillo et al. v. AKG Trading (USA), Inc., et al.*, LASC case no. 23STCV08596; (15) *Wendy Viridiana Solano-Claustro et al. v. ADB Global Trade, LLC, et al.*, LASC case no. 23STCV11602; (16) *Arturo Montoya-Bautista et al v. Architectural Surfaces, Inc., et al.*, LASC case no. 23STCV11727; and (17) *Jaime Blanco Maciel et al. v. Alpha Tile and Stone, Inc., et al.*, case no. 23STCV12007.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1

coverage for the Silica Lawsuits and granted judgment on the pleadings in favor of the insurers. *Francini*, 2025 WL 1090925, at \*4-5.[4]

The *Francini* Court explained that "[a]ll the allegations against [the insured] are specific to silica or silica-related dust [and] [t]he recovery sought against [the insured] is based on bodily injuries, sickness, or disease caused by that silica or silica-related dust." *Id* at \*5. Accordingly, applying the "clear and unambiguous" policy language, the Court concluded, "These bodily injuries, which arise from silica or silica-related dust, fall squarely within the bounds of coverage [the insurers] sought to exclude from their Policies." *Id*.

The *Francini* Court rejected the insured's argument "that the silica exclusion does not apply because the underlying state actions involve allegations that *other* harmful chemicals, not just silica, caused underlying plaintiffs' injuries." *Id*. at \*4 (original emphasis). Rather, the *Francini* Court explained, "[T]he primary injuries alleged in the underlying state actions are silicosis (which is caused by silica inhalation) and resulting complications from that lung disease—that is, silica is not alleged as merely one of many potential chemicals causing the underlying plaintiffs' injuries, but as the *main* chemical contributing to their injuries." *Id*. ("Indeed, the whole of each underlying complaint is focused on the dangers of exposure to crystalline silica that working with artificial stone presents; they include long histories on these silica-specific risks, and narratives about [the insured] and other underlying defendants' knowledge of these risks and prior cases against them based on silica exposure.").

---

[4] The *Francini* Court granted leave to amend but cautioned that it is "skeptical that [the insured] can amend the Answer to cure the deficiencies identified herein consistent with the existing Answer and this Order." *Id*. at \*6. After the insured filed an amended answer, the insurers filed another motion for judgment on the pleadings, and the Court took the motion under submission which remains pending. *Hanover American Insurance Company et al v. Francini Inc. et al*, C.D. Cal. case no. 2:23-CV-10047, ECF 91.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1

11

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Accordingly, in applying the exact same Silica Exclusion to 17 of the same Silica Lawsuits with respect to coverage for a stone product distributor, the *Francini* Court reached the opposite conclusion of this Court. Because reasonable jurists within the same judicial district already have disagreed on the application of the Silica Exclusion in near-identical contexts, "a substantial ground for difference of opinion [already] exists," and review by the Ninth Circuit is warranted. 28 U.S.C. § 1292(b).

Furthermore, several other cases involving application of the same Silica Exclusion and/or similar silica exclusions to some or all of the more than **350** Silica Lawsuits are pending in the Central District[5], California state courts[6], and other jurisdictions nationwide.[7] In fact, another insurance coverage case involving LX Hausys and different insurers is pending in the Central District, *Liberty Mutual Fire Insurance Company et al v. LX Hausys America, Inc.*, case no. 2:25-CV-07207. This coverage action likewise involves whether the insurers' silica exclusion bars LX Hausys' coverage claims for the underlying Silica Lawsuits. *Id.*, ECF 1 (Complaint). Thus, the courts of the Central District could issue conflicting decisions as to the

---

[5] *See, e.g.*, *Caesarstone USA, Inc., v. Allied Worl Assur. Co.*, case no. 2:25-cv-09582-MRA-MAAx; *Regent Insurance Company et al v. Cambria Enterprises et al.*, case no. 2:25-cv-04142-MRA-MAA; *Pacific Shore Stones, LLC v. Allied Property & Casualty Company*, C.D. Cal. case no. 2:25-cv-04370 MRA (MAAx); *Surface Warehouse LP v. The Charter Oak Fire Ins. Co.*, C.D. Cal. case no. 2:25-cv-03895 MRA (MAAx); *Liberty Mutual Fire Insurance Company et al v. LX Hausys America, Inc.*, C.D. Cal. case no. 2:25-CV-07207.

[6] *See, e.g.*, *Arizona Tile, LLC v. Travelers Property Casualty Company of America*, LASC case no. 25STCV02521; *C & C North America, Inc. v. ACE Property and Casualty Insurance Company*, LASC case no. 24STCV18642.

[7] *See, e.g.*, *Atain Specialty Insurance Company v. Bay Stone Depot, Inc. et al.*, N.D. Cal. case no. 5:24-cv-07541, ECF 48 (granting the insurer's first motion for judgment on the pleadings because the silica exclusion bars coverage); *see also Grinnell Mut. Reinsurance Co. v. Dingmann Bros. Constr. of Richmond, Inc.*, 34 F.4th 649, 651 (8th Cir. 2022) (affirming judgment for insurer under Minnesota law); *Mauro v. Ohio Sec. Ins. Co.*, No. 21-3095, 2022 WL 10319967 (3d Cir. Oct. 18, 2022) (affirming judgment for insurer under Ohio law).

application of similar silica/silica-related dust exclusions with respect to the same insured, LX Hausys, for the same Silica Lawsuits.

As this issue has already resulted in conflicting decisions, there is a significant concern that courts will continue to reach different conclusions in the future—sowing confusion, uncertainty, and leading to wildly different outcomes for similarly, if not identically-situated parties, depending on the court deciding the matter. As noted, these legal determinations are of immediate impact given the hundreds of Silica Lawsuits that are now crowding California courts, and the follow-on coverage actions which are pending and continuing to be filed in order to determine insurers' obligations related to their insureds who are sued as defendants in the Silica Lawsuits.

A decision by the Ninth Circuit addressing the application of the Silica Exclusion to the Silica Lawsuits will provide much-needed guidance to courts grappling with the application of the same or similar silica and silica-related dust exclusions. Accordingly, the issue of whether the Silica Exclusion precludes coverage for the Silica Lawsuits involves "substantial ground for difference of opinion" amongst reasonable jurists, as required by Section 1292(b).

**C.    An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation.**

The final requirement to certify interlocutory appeal is that resolution of a question on appeal will materially advance termination of litigation. *See U.S. v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) ("The purpose of an interlocutory appeal is to 'facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later' [in order to] 'save the courts and the litigants unnecessary trouble and expense.'") (quoting *John v. U.S.*, 247 F.3d 1032, 1051 (9th Cir. 2001)). "[T]here are no set criteria a court is required to consider when evaluating whether an interlocutory appeal will materially advance the litigation. Courts apply pragmatic considerations to determine whether certifying non-final orders will materially advance the ultimate termination of the litigation."

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1                                                                13

*Beeman v. Anthem Prescription Mgmt., Inc.*, No. EDCV 04-407-VAP SGLX, 2007 WL 8433884, at *2 (C.D. Cal. Aug. 2, 2007).

Interlocutory review will materially advance this litigation because if the Ninth Circuit finds the Silica Exclusion bars coverage, and thus Sompo does not owe a duty to defend, this action will be resolved. Specifically, if the Silica Exclusion precludes coverage, LX Hausys' Counterclaims fail. Resolution of this issue will likewise resolve Sompo's Complaint which—like LX Hausys' Counterclaims—seeks a determination of Sompo's coverage obligations with respect to the Silica Lawsuits. And interlocutory review will have impact far beyond this particular action, given the hundreds of pending Silica Lawsuits and the existence of multiple coverage lawsuits raising the exact same issue, as well as the likelihood that many additional coverage suits will be filed due to the uncertainty presented by dueling court opinions.

## V.   STAY OF PROCEEDINGS

If the Court certifies an interlocutory appeal, Sompo respectfully requests that the Court also stay all proceedings until the Ninth Circuit resolves the appeal. This Court has the authority to stay this action pending interlocutory appeal. 28 U.S.C. § 1292(b) (application for an appeal under Section 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order"); *see Clinton v. Jones*, 520 U.S. 681, 683 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lakeland Village*, 727 F. Supp. 2d at 897; *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts have the inherent power to control their docket).

The Court has broad discretion to control proceedings to ensure sensible, cost-efficient litigation. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court may exercise its discretion to avoid the "unnecessary trouble and expense" from further proceedings that Section 1292(b) was designed to avoid. *Adam Bros*, 369 F. Supp. 2d at 1182 (internal quotation marks omitted); *Lakeland Village*, 727 F.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Supp. 2d at 897 (2010) ("Since three of Plaintiff's four claims ... are based upon the duty to defend, it would be a waste of judicial and party resources to proceed with these claims while the appeal is pending.") (internal quotation marks omitted).

Judicial resources and the costs of proceeding before both this Court and the Ninth Circuit would be significant to both Sompo and LX Hausys and potentially unnecessary should the Ninth Circuit find that the Silica Exclusion bars coverage. Further, LX Hausys would suffer no prejudice as a result of a stay, as Sompo continues to defend LX Hausys in the Silica Lawsuits. Indeed, LX Hausys has advised Sompo that it intends to seek a stay of this litigation.

Sompo respectfully requests a stay of this action *if this Motion is granted*, which would stay these proceedings pending the Ninth Circuit's decision on whether to grant interlocutory review and, if such review is granted, until the conclusion of appellate proceedings.

## VI.    CONCLUSION

For the reasons set forth above, Sompo respectfully requests that the Court certify the Order for interlocutory appeal and stay these proceedings pending the resolution of the appellate proceedings.

Dated:  February 20, 2026         CLYDE & CO US LLP

By:  */s/ Susan Koehler Sullivan*
Susan Koehler Sullivan
Alec H. Boyd
Brett C. Safford
Ruimiao Du
Robert Mangino (*pro hac vice*)
Attorneys for Plaintiff and Counter-Defendant
SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America)

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

43134341.1

15