SUSAN KOEHLER SULLIVAN, State Bar No. 156418
*Susan.Sullivan@clydeco.us*
BRETT C. SAFFORD, State Bar No. 292048
*Brett.Safford@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

ROBERT MANGINO (*pro hac vice*)
*Robert.Mangino@clydeco.us*
CLYDE & CO US LLP
340 Mt. Kemble Avenue, Suite 300
Morristown, NJ 07960
Telephone: (973) 210-6700

Attorneys for Plaintiff and Counter-Defendant
SOMPO AMERICA INSURANCE COMPANY
(formerly known as Sompo Japan Insurance Company of America)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America), a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LX HAUSYS AMERICA, INC. (formerly known as LG Hausys America Inc.), a New Jersey corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:25-cv-02832-JFW-MAA<br><br>Hon. John F. Walter<br>Courtroom 7A<br><br>**SOMPO AMERICA INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b), AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL**<br><br>Date:          April 27, 2026<br>Time:          1:30 p.m.<br>Courtroom:   7A<br><br>Complaint Filed:      04/01/2025<br>Discovery Cutoff:    11/23/2026<br>Motion Cutoff:        12/07/2026<br>Pretrial Conf. Date:  02/19/2027<br>Trial Date:            03/23/2027 |

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

1

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ........................................................................................5

II.     ARGUMENT ..............................................................................................7

        A.      Sompo Has Presented a Controlling Question of Law. .........................7

        B.      The Application of the Silica Exclusion Involves an Issue About
                Which There is Substantial Ground for Difference of Opinion. ............9

        C.      There is No Dispute that an Appeal will Materially Advance the
                Termination of the Litigation. ...............................................................14

        D.      The Court Should Stay this Proceeding in its Entirety until the
                Conclusion of the Appellate Proceedings. ...........................................16

III.    CONCLUSION ........................................................................................16

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

2

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Ariz. Tile, LLC, v. Travelers Prop. Cas. Co. of Am. et al.*
  Case no. 25STCV02521 (Sup. Ct. LA Cnty. Mar. 11, 2026)...............................12

*Gov't Emps. Ins. Co. v. Superior Ct.*
  79 Cal. App. 4th 95 (2000) ..................................................................13

*Great W. Drywall, Inc. v. Interstate Fire & Cas. Co.*
  161 Cal. App. 4th 1033 (2008) ............................................................13

*Gunderson v. Fire Ins. Exch.*
  37 Cal. App. 4th 1106 (1995) ................................................................8

*Hanover Am. Ins. Co. et al. v. Francini*, Inc.
  Case No. 2:23-cv-10047-MRA-MAA, Dkt. No. 96
  (C.D. Cal. Mar. 31, 2026)....................................................................10

*Horace Mann Ins. Co. v. Barbara B.*
  4 Cal. 4th 1076 (1993) .....................................................................6, 8

*In re Cement Antitrust Litig. (MDL No. 296)*
  673 F.2d 1020 (9th Cir. 1981) ..............................................................7

*Liberty Mut. Fire Ins. Co. et al. v. LX Hausys Am., Inc. et al.*
  No. 2:25-CV-07207-CAS-KSX, 2026 WL 904224
  (C.D. Cal. Mar. 31, 2026)....................................................................12

*Montrose Chem. Corp. v. Superior Ct.*
  6 Cal. 4th 287 (1993) .........................................................................8

*NL Indus., Inc. v. Kaplan*
  792 F.2d 896 (9th Cir. 1986) ................................................................9

*Reese v. BP Expl. (Alaska) Inc.*
  643 F.3d 681 (9th Cir. 2011) ...........................................................11, 13

*Regent Ins. Co. et al. v. Cambria Enters. et al.*
  Case No. 2:25-cv-04142-MRA-MAA, Dkt. No. 119
  (C.D. Cal. Mar. 31, 2026)....................................................................12

*Regent Ins. Co. et al. v. Stone Source LLC, et al.*
  No. 2:25-CV-06702-MRA-MAA, 2026 WL 939210
  (C.D. Cal. Mar. 31, 2026)....................................................................12

*Rutman Wine Co. v. E. & J. Gallo Winery*
  829 F.2d 729 (9th Cir. 1987) ................................................................9

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

3

*S.E.C. v. Cross Fin. Servs., Inc.*
908 F. Supp. 718 (C.D. Cal. 1995) ......................................................................... 9

*Safeco Ins. Co. of Am. v. Parks*
122 Cal. App. 4th 779 (2004) ............................................................................ 6, 8

*Travelers Cas. & Sur. Co. v. Emps. Ins. of Wausau*
130 Cal. App. 4th 99 (2005) ................................................................................. 8

*Waller v. Truck Ins. Exch., Inc.*
11 Cal. 4th 1 (1995) ............................................................................................. 8

**Statutes**

28 U.S.C. § 1292(b) ..................................................................................... passim

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 6, 9

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

4

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Plaintiff and Counter-Defendant Sompo America Insurance Company (formerly known as Sompo Japan Insurance Company of America) ("Sompo" or "Plaintiff") submits this Reply in support of its Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b), and Request for a Stay of Proceedings Pending Appeal ("Motion") for an order certifying for immediate appeal the Court's December 22, 2025 Order denying Plaintiff's Motion to Dismiss Defendant's Counterclaims (the "Order"). ECF 47.

## I.   INTRODUCTION

Defendant and Counterclaimant LX Hausys America, Inc. (hereinafter, "LX Hausys" or "Defendant") has been sued in over 325 underlying lawsuits filed by individuals claiming they developed silicosis and related bodily injuries resulting from their work fabricating stone products containing silica manufactured or sold by LX Hausys (the "Silica Lawsuits"). ECF 1 (Sompo's Complaint) & 23 (LX Hausys' Answer & Counterclaims). While it agreed to defend LX Hausys in the Silica Lawsuits subject to a reservation of rights, Sompo contends that its Policies' "Silica or Silica-Related Dust Exclusion" ("Silica Exclusion") bars coverage for the Silica Lawsuits. As a result, Sompo moved to dismiss LX Hausys' Counterclaims based on the Silica Exclusion, ECF 27, which this Court denied, ECF 47. Accordingly, Sompo Motion seeks certification for the following issue for appeal, which constitutes the central issue of Sompo's Motion to Dismiss Defendant's Counterclaims, ECF 27, and a "controlling question of law" in this case:

*In consideration of conflicting trial court decisions on the same or similar silica and silica-related dust exclusions, does the Silica or Silica-Related Dust Exclusion preclude Sompo's duty to defend LX Hausys in the Silica Lawsuits?*

LX Hausys' Opposition argues that Sompo has not met the requirements for certification of an order for interlocutory review pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"). LX Hausys' arguments, however, are without merit.

44727550.1

As to Section 1292(b)'s first requirement requiring a "controlling question of law," LX Hausys contends that Sompo has presented a "mixed question of law and fact." However, it is well settled that the determination of the duty to defend is a question of law. And that question is answered by comparing the allegations in the underlying complaint(s) to the policy terms, and in light of facts known to the insurer at the inception of the lawsuit. *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993); *Safeco Ins. Co. of Am. v. Parks*, 122 Cal. App. 4th 779, 791 (2004). Indeed, Sompo's Motion is based entirely on this Court's Order denying Sompo's Motion to Dismiss LX Hausys' Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6), and both the Motion and the underlying motion to dismiss were *solely based* on a comparison of the allegations *on their face* versus the policy terms. There is no "mixture" of facts at issue in deciding the duty to defend, which is made at the outset of underlying litigation—not after a certain amount of discovery or settlement or trial of such litigation.

LX Hausys also contends that Sompo cannot establish Section 1292(b)'s second requirement that the "controlling question of law" is a question "as to which there is substantial ground for difference of opinion." However, courts have reached differing rationales and conclusions regarding the application of the silica exclusion. Moreover, this requirement does not require a current disagreement but only that the "controlling issue of law" raises the potential for disagreement amongst courts.

Here, Sompo has established that numerous similar insurance coverage actions arising from the Silica Lawsuits are pending in California state and federal courts as well as other courts across the United States, which have interpreted these exclusions differently. In the absence of any state appellate authority addressing the application of the Silica Exclusion or similar exclusions to the Silica Lawsuits, a decision by the Ninth Circuit addressing the Silica Exclusion would provide much needed guidance on this issue.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

6

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

With respect to Section 1292(b)'s third requirement that the appeal will "materially advance the ultimate termination of the litigation," appellate resolution in favor of Sompo will resolve this lawsuit. Also, LX Hausys' claim of prejudice due to "delay" caused by the appellate proceedings is belied by the facts. Sompo is defending LX Hausys in the Silica Lawsuits subject to a reservation of rights, and LX Hausys agreed to stay this case pending the conclusions of the Silica Lawsuits with the exception of the issue of Sompo's duty to defend. Thus, LX Hausys cannot reasonably claim that it will suffer prejudice when Sompo is defending, and it has agreed to stay the case. Furthermore, LX Hausys would benefit from a definitive ruling, which would adjudicate the parties' rights and obligations in view of a potentially dispositive policy exclusion.

Therefore, for the reasons set forth in its Motion and this Reply, Sompo respectfully requests that the Court certify the Order for interlocutory appeal and stay these proceedings pending the appeal.

## II.    ARGUMENT

### A.    Sompo Has Presented a Controlling Question of Law.

As set forth in Sompo's Motion, ECF 53 at 7-9, whether the Silica Exclusion precludes coverage for the Silica Lawsuits is a central question in this insurance coverage lawsuit because this question ties directly to whether Sompo has a duty to defend LX Hausys in Silica Lawsuits. Both Sompo's Complaint, ECF 1, and LX Hausys' Counterclaim, ECF 23, seek a determination of Sompo's duty to defend. In short, Sompo has satisfied the first requirement of certification pursuant to Section 1292(b) because there is no dispute that appellate resolution of the application of the silica exclusion "could materially affect the outcome" of this litigation. *In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981)* ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.").

44727550.1

7

Nevertheless, in its Opposition, LX Hausys contends that Sompo has not presented a "controlling question of law" because Sompo seeks to certify a "mixed question of law and fact." ECF 59 at 9. LX Hausys' attempt to characterize the issue presented by Sompo for appeal as a "mixed question of law and fact" is misguided because determination of the duty to defend is a question of law. As stated by the California Supreme Court, "When determining whether a particular policy provides a potential for coverage and a duty to defend, we are guided by the principle that interpretation of an insurance policy is a question of law." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995).

LX Hausys has no basis in fact or law to assert that the duty to defend analysis is "fact intensive." Indeed, LX Hausys incorrectly represents that Sompo "admits" that the duty to defend is a "fact-intensive analysis." ECF 59 at 10. To the contrary, Sompo's Motion explained that the duty to defend analysis "is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann*, 4 Cal. 4th at 1081. The allegations of the complaint are taken as true – they are not "disputed" for the purpose of the duty to defend analysis. Further, the duty to defend is "determined as of the time of 'the inception of the third party lawsuit'" and the insurer's analysis is done "'by reference to the policy, the complaint and all facts known to the insurer from any source.'" *Safeco Ins.*, 122 Cal. App. 4th at 791 (quoting *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 295, 300 (1993)).

The duty to defend is not determined at some later juncture, for example, after some amount of discovery in the underlying action. Rather, "[o]nce [an insurer] determine[s] on the basis of the lawsuit itself and the facts known to it at that time that there was no potential for coverage, it did not have a continuing duty to investigate or monitor the lawsuit to see if the third party later made some new claim, not found in the original lawsuit." *Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1117 (1995); *Travelers Cas. & Sur. Co. v. Emps. Ins. of Wausau*, 130 Cal. App.

44727550.1                                                    8

4th 99, 110 (2005) ("An insurer has no duty to continue to investigate the potential for coverage after it makes an informed decision on coverage at the time of tender.").

Accordingly, California law is clear that the determination of the duty to defend is a question of law (not fact) and LX Hausys' insistence otherwise is not grounded in applicable law.

Furthermore, Sompo's request for interlocutory appeal arises from this Court's Order denying Sompo's Motion to Dismiss LX Hausys' Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 47. "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The Court "*must accept all material allegations in the complaint [or counterclaim] as true* and construe them in the light most favorable to [the plaintiff or counterclaimant]." *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) (emphasis added). "In short, the test is whether the facts, as alleged, support *any* valid claim entitling the plaintiff [or counterclaimant] to relief …" *S.E.C. v. Cross Fin. Servs., Inc.*, 908 F. Supp. 718, 727 (C.D. Cal. 1995) (original emphasis) (internal quotation marks and citation omitted). Thus, for the purposes of Sompo's Motion to Dismiss, the relevant facts were never in dispute—the allegations of LX Hausys' Counterclaim were accepted as true. Hence, Sompo's claim of "mixed" questions of fact and law is also without merit because the Court did not decide factual questions when ruling on Sompo's Motion to Dismiss.

Therefore, Sompo has presented is a "controlling question of law" for interlocutory review.

**B.     The Application of the Silica Exclusion Involves an Issue About Which There is Substantial Ground for Difference of Opinion.**

The second requirement of certification pursuant to Section 1292(b) is the "controlling question of law" must be a question "as to which there is substantial ground for difference of opinion." As set forth in Sompo's Motion, ECF 53 at 9-13,

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

several insurance coverage actions arising from the Silica Lawsuits are pending in state[1] and federal[2] courts as well as nationwide[3] and most involve the question whether the same Silica Exclusion and/or similar silica exclusions preclude an insurer's duty to defend manufacturers, distributors, and/or sellers of stone products in connection with the Silica Lawsuits. In short, there is no doubt that the application of the Silica Exclusion or similar silica exclusions to the Silica Lawsuits is an issue of critical importance to numerous insurers and policyholders alike.

Since the filing of Sompo's Motion, other courts have issued rulings on the application of the same or similar silica exclusion in other insurance coverage actions arising from the Silica Lawsuits, including the Court's ruling on the insurers' second Motion for Judgment on the pleadings in *Hanover Am. Ins. Co. v. Francini, Inc.* based upon the application of the Silica Exclusion to the Silica Lawsuits. Unlike the *Francini* court's ruling on the first Motion for Judgment on the Pleadings, the Court denied the insurers' second motion. Order Den. Pls.' Mot. for J. on the Pleadings,

---

[1] *See, e.g.*, *Arizona Tile, LLC v. Travelers Prop. Cas. Co. of Am.*, Los Angeles County Superior Court ("LASC") case no. 25STCV02521; *C & C N. Am., Inc. v. ACE Prop. .and Cas. Ins. Co.*, LASC case no. 24STCV18642.

[2] *See, e.g.*, *Caesarstone USA, Inc., v. Allied World Assur. Co.*, United States District Court, Central District of California ("C.D. Cal.") case no. 2:25-cv-09582-MRA-MAAx; *Regent Ins. Co., et al v. Cambria Enters. et al.*, C.D. Cal. case no. 2:25-cv-04142-MRA-MAA; *Pacific Shore Stones, LLC v. Allied Prop. & Cas. Co.*, C.D. Cal. case no. 2:25-cv-04370 MRA-MAAx; *Surface Warehouse LP v. The Charter Oak Fire Ins. Co.*, C.D. Cal. case no. 2:25-cv-03895 MRA-MAAx; *Liberty Mut. Fire Ins. Co., et al v. LX Hausys Am., Inc.*, C.D. Cal. case no. 2:25-CV-07207; *Hanover Am. Ins. Co. v. Francini, Inc.*, C.D. Cal. case no. 2:23-cv-10047-MRA-MAA; *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, C.D. Cal. case no. 2:24-cv-01913-MEMF-MBK; *Travelers Prop. Cas. Co. of Am., et al. v. Hyundai L&C USA, LLC, et al.*, C.D. Cal. case no. 2:26-CV-01582.

[3] *See, e.g.*, *Selective Ins. Co. of S.C. v. EOS Surfaces, LLC*, United States District Court, Eastern District of Virginia case no. 2:25-CV-00603; *Ironshore Specialty Ins. Co. v. Caesarstone Ltd. f/k/a Caesarstone Sdot-Yam Ltd. et al.*, United States District Court, Southern District of New York case no. 1:25-CV-05707.

44727550.1

10

*Hanover Am. Ins. Co. et al. v. Francini, Inc.*, Case No. 2:23-cv-10047-MRA-MAA, Dkt. No. 96 (C.D. Cal. Mar. 31, 2026).[4] However, the Court's granting of the insurer's first motion and denial of the insurers' second motion only underscore the "fair-minded jurists might reach contradictory conclusions," as the Court itself reached differing conclusions when addressing the two motions. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (The second requirement of Section 1292(b) that "controlling question of law" must be a question "as to which there is substantial ground for difference of opinion" requires a showing of "novel legal issues … on which fair-minded jurists might reach contradictory conclusions.").

LX Hausys contends that the Court's order granting the insurers' first Motion for Judgment on the Pleadings in *Francini* does not support a showing of a "substantial ground for difference of opinion" because *Francini* involves a different insurer and different policyholder. ECF 59 at 12-13. It is true that *Francini* as well as other litigation related to insurance coverage questions arising from the Silica Lawsuits involve different combinations of insurers and policyholders. Yet, that does not alter that review by the Ninth Circuit of whether the Silica Exclusion precludes Sompo's duty to defend LX Hausys in the Silica Lawsuits has broader implications than just this lawsuit. Considering the limited appellate authority addressing the application of silica exclusions and no appellate authority addressing application of silica exclusions in connection with the now several hundred pending Silica Lawsuits, a decision by the Ninth Circuit will provide much needed guidance.

Furthermore, in another insurance coverage action, *Regent Ins. Co., et al. v. Cambria Enters., et al.*, before the same court as *Francini*, the Court granted in part and denied in part insurers' joint Motion for Judgment on the Pleadings, finding that the silica exclusion in five umbrella policies issued by Travelers Property Casualty

---

[4] As of the filing of this Reply, the Westlaw citation is unavailable for this order. However, this citation is hyperlinked to the PDF copy of the order available on Westlaw's docket for *Hanover Am. Ins. Co. v. Francini, Inc.*

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

11

Company of America barred coverage for the 174 Silica Lawsuits while also concluding that it could not be determined whether other insurers' silica exclusions barred coverage. Order Granting In Part and Den. In Part Def.'s Mot. for J. on the Pleadings, Regent Ins. Co. et al. v. Cambria Enters. et al., Case No. 2:25-cv-04142-MRA-MAA, Dkt. No. 119. (C.D. Cal. Mar. 31, 2026).[5]

Further, even when ruling on Motions to Dismiss, Motions for Judgment on the Pleadings, and Demurrers that certain silica exclusions do not bar the duty to defend, courts have articulated different reasoning. For example, in recent decisions by another court in this district, the Court denied insurers' Motions for Judgment on the Pleadings based, in part, on the application of concurrent causation doctrine—relying on this Court's ruling on Sompo's Motion to Dismiss, ECF 47. See, e.g., Regent Ins. Co. et al. v. Stone Source LLC, et al., No. 2:25-CV-06702-MRA-MAA, 2026 WL 939210 (C.D. Cal. Mar. 31, 2026). However, another court in this district—in a case also involving LX Hausys—expressed uncertainty whether determining the application of the concurrent causation doctrine "is necessary to resolving the instant dispute over potential coverage." Liberty Mut. Fire Ins. Co. et al. v. LX Hausys Am., Inc. et al., No. 2:25-CV-07207-CAS-KSX, 2026 WL 904224, at *11 (C.D. Cal. Mar. 31, 2026). The Court explained that because "the Quiroz TAC can be reasonably interpreted to allege distinct injuries—silica-related injuries and non-silica-related injuries—and that one of the injuries was caused entirely by non-silica substances or factors," and this interpretation "does not implicate the concurrent causation doctrine." Id. Other courts have not addressed the concurrent causation doctrine in their rulings finding that silica exclusion does not preclude the duty to defend. See, e.g., Order re Travelers' Dem., Ariz. Tile, LLC, v. Travelers Prop. Cas. Co. of Am. et

---

[5] As of the filing of this Reply, the Westlaw citation is unavailable for this order. However, this citation is hyperlinked to the PDF copy of the order available on Westlaw's docket for Regent Ins. Co., et al. v. Cambria Enters., et al.

44727550.1

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

*al.*, Case No. 25STCV02521 (Sup. Ct. LA Cnty. Mar. 11, 2026).[6] Accordingly, among the decisions to date involving similar silica exclusion, there is disagreement and uncertainty regarding whether or how to interpret those exclusions despite their similar nature. *See Gov't Emps. Ins. Co. v. Superior Ct.*, 79 Cal. App. 4th 95, 102 & 103 (2000) ("[I]t is repeatedly noted that the rules of construction go no farther than is necessary to protect 'the objectively reasonable expectations of the insured'" and "[p]erfection in drafting is not required, and probably not even possible."); *Great W. Drywall, Inc. v. Interstate Fire & Cas. Co.*, 161 Cal. App. 4th 1033, 1042 (2008) (In rejecting the insured's suggestion that an exclusion could be drafted differently, the Court explained, "Perhaps that would promote clarity, but the fact that language could be more explicit does not render it ambiguous.") (internal quotation marks omitted).

In any event, the "substantial ground for difference of opinion" requirement of Section 1292(b) does not need a current disagreement. As explained by the Ninth Circuit:

> A substantial ground for difference of opinion exists where reasonable jurists ***might disagree*** on an issue's resolution, ***not merely where they have already disagreed***. Stated another way, when novel legal issues are presented, on which fair-minded jurists ***might reach*** contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese*, 643 F.3d at 688 (emphases added). Therefore, the "controlling question of law" must only present *potential* for disagreement amongst "fair-minded jurists."[7]

---

[6] As of the filing of this Reply, the Westlaw citation is unavailable for this order. However, this citation is hyperlinked to the PDF copy of the order available on Westlaw's docket for *Ariz. Tile, LLC, v. Travelers Prop. Cas. Co. of Am. et al.*

[7] LX Hausys suggests that the Court's first Motion for Judgment on the Pleadings ruling *Francini* does not support a showing of a "substantial ground for difference of opinion" because the "ruling is not precedent," as "the court granted the insured leave

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

13

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Considering that there has already been disagreement and that there are several pending insurance coverage actions (and potentially more that will be filed) which involve the application of silica exclusions to the Silica Lawsuits, there is certainly potential for further disagreement amongst courts both in California and nationwide and, thus, a need for immediate appellate guidance.

LX Hausys suggests that Sompo's Motion is based primarily on Sompo's "disagreement" with this Court's Order Denying Plaintiff's Motion to Dismiss Defendant's Counterclaims. ECF 59 at 12. However, the "controlling question of law" in this case is of immediate interest to courts as well as numerous insurers, policyholders, and underlying plaintiffs because it impacts who will pay the defense and/or settlements or judgments for *hundreds* of Silica Lawsuits. Sompo's Motion is premised on the fact that "[a] decision by the Ninth Circuit addressing the application of the Silica Exclusion to the Silica Lawsuits will provide much-needed guidance to courts grappling with the application of the same or similar silica-related dust exclusions." ECF 53 at 13. Appellate review by the Ninth Circuit here will have implications that extend far beyond the confines of this case.

Therefore, Sompo has satisfied the second requirement of certification of interlocutory appeal pursuant to Section 1292(b).

### C.   There is No Dispute that an Appeal will Materially Advance the Termination of the Litigation.

The third and final requirement of certification pursuant to Section 1292(b) is an immediate appeal may "materially advance the ultimate termination of the litigation." LX Hausys contends that "an immediate appeal of the Court's Order at this stage will only delay resolution of that issue [the duty to defend], which is set for trial for March 2027," will "increase the cost of this litigation," and will "require the parties to spend their time and resources litigating an appeal." ECF 59 at 15.

---

to amend." ECF 59 at 14. However, as addressed, this requirement only requires the potential for disagreement.

44727550.1

14

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

However, LX Hausys ignores that Sompo's issue for certification addresses the duty to defend. Thus, LX Hausys realistically cannot dispute the overarching impact, which appellate resolution regarding the application of the Silica Exclusion would have in this litigation. The issue is central to this litigation and potentially dispositive should the Ninth Circuit find that the Silica Exclusion bars coverage (other than Sompo's Fifth Claim for Reimbursement of Defense Costs). Thus, immediately adjudicating this issue would materially advance the termination of the instant litigation.

LX Hausys' assertions regarding delay are without merit. Any purported "delay" due to the appellate proceedings will not cause prejudice to LX Hausys because Sompo continues to defend LX Hausys in the Silica Lawsuits.[8] Nor can LX Hausys complain about any delay in adjudicating the issue of Sompo's duty to indemnify because LX Hausys *itself* filed a Motion to Stay Proceedings Until Underlying Actions Conclude with the limited exception of the duty to defend. ECF 54. Further, the Parties thereafter filed a Stipulation for Partial Stay of Proceedings, ECF 56, and the Court issued an Order re: Partial Stay of Proceedings staying these proceedings with the exception of the duty to defend, ECF 57.

Therefore, Sompo's request for certification is not "delaying" the provision of a defense to LX Hausys, nor is it delaying determination of indemnification – which LX Hausys' itself requested to be stayed. LX Hausys cannot reasonably argue that it will suffer prejudice as a result of any purported "delay" while the Ninth Circuit considers Sompo's interlocutory appeal. On the other hand, resolution by the Ninth Circuit of Sompo's "controlling issue of law" regarding the application of the Silica

---

[8] *See* ECF 1 ¶ 3 (Sompo's Complaint alleges, "SOMPO has agreed to defend the Silica Lawsuits tendered to date … subject to reservation of Sompo's rights"); ECF 23 ¶ 3 (LX Hausys' Answer alleges, "LX Hausys admits that all of the underlying bodily injury lawsuits listed in Appendix 1 to Sompo's Complaint have been tendered to Sompo for coverage and that Sompo has agreed to defend each of those underlying lawsuits subject to a reservation of rights.").

44727550.1

15

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

Exclusion may prove dispositive and will "materially advance the ultimate termination of the litigation."

**D.      The Court Should Stay this Proceeding in its Entirety until the Conclusion of the Appellate Proceedings.**

If interlocutory review is granted, an entire stay of these proceedings should be extended until the Ninth Circuit issues its decision on whether to accept the interlocutory appeal.[9] Extending the stay to encompass this period will allow the Parties will avoid unnecessary expense of concurrently litigating Sompo's duty to defend before this Court and the Ninth Circuit and will eliminate the risk of conflicting rulings with respect to Sompo's duty to defend.

Therefore, Sompo respectfully requests that—should this Court certify the interlocutory appeal—the Court *also* stay these proceedings for the period between this Court certifying the interlocutory appeal and the Ninth Circuit issuing its decision on whether to accept the interlocutory appeal.

## III.      CONCLUSION

As set forth in its Motion and this Reply, Sompo respectfully requests that the Court certify the Order for interlocutory appeal and stay these proceedings in their entirety pending resolution of the appellate proceedings.

---

[9] As addressed in the Parties' Stipulation for Partial Stay of Proceedings, ECF 56, and stated in this Court's Order re: Partial Stay of Proceedings, "This order does not address the scope of the stay if this Court grants Sompo's Motion for Interlocutory Appeal and until the Ninth Circuit issues its decision on whether to accept the interlocutory appeal," ECF 57.

44727550.1

16

Dated:  April 13, 2026                    CLYDE & CO US LLP

                                          By:  _/s/ Susan Koehler Sullivan_
                                               Susan Koehler Sullivan
                                               Brett C. Safford
                                               Robert Mangino (*pro hac vice*)
                                               Attorneys for Plaintiff and Counter-Defendant
                                               SOMPO AMERICA INSURANCE COMPANY (formerly known as Sompo Japan Insurance Company of America)

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

44727550.1

17